**MEMO ENDORSED**

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 1-11-11

# DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
CHERRY HILL
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

JUSTIN JOSEPH DELIA
DIRECT DIAL: (212) 692-1069
PERSONAL FAX: 212.202.4848
E-MAIL: jjdelia@duanemorris.com

www.duanemorris.com

January 10, 2011

VIA FACSIMILE (WITHOUT EXHIBIT)
VIA FIRST CLASS MAIL

The Honorable P. Kevin Castel
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    Gary Cruz, et al. v. TD Bank, N.A.
             Civil Action No.: 10-CV-8026 (PKC)

Dear Judge Castel:

[Handwritten memo endorsement: "Plaintiff should respond to the letter of January 24. I will address the matter at the 2/27 conference. SO ORDERED. PKC USDJ 1/11/11"]

    We represent Defendant, TD Bank, N.A. ("TD Bank") in the above-referenced matter. We are writing this letter to request a pre-motion conference with the Court pursuant to Your Honor's individual practices. TD Bank plans to move to dismiss the Complaint filed against it (1) on the grounds that no private right of action exists under the Exempt Income Protection Act ("EIPA"); (2) under the *Burford* abstention doctrine, (3) under the federal preemption doctrine; and (3) under Fed. R. Civ. P. 12(b)(6)[1].

    Plaintiff, Gary Cruz, is a judgment debtor who asserts that TD Bank failed to give notices required under the EIPA and unlawfully restrained exempt funds pursuant to a request by judgment creditors. (Compl. ¶¶ 1-2, 12, 19-22, 30a. – f). From this alleged failure, Plaintiff creates claims against TD Bank for violations of the EIPA through New York's common law for conversion, unjust enrichment, breach of fiduciary duty, negligence and breach of contract.

    The Complaint fails for at least four key reasons.

---

[1] By Stipulation dated December 21, 2010, So Ordered on December 22, 2010 (Docket #8), the Court granted TD Bank, N.A. until January 10, 2011 to respond to the Complaint. We did not understand this Order to provide Defendant with an exemption from Your Honor's Pre-Motion Conference requirement. Therefore, in an abundance of caution, we are filing this letter on the response date. However, if the Court intended the aforesaid Stipulation and Order to provide such leave, our motion papers are fully briefed and prepared to file, and are annexed to the hard copy hereof, sent via First Class Mail, as Exhibit "A".

DUANE MORRIS LLP
1540 BROADWAY   NEW YORK, NY 10036-4086                 PHONE: +1 212 692 1000   FAX: +1 212 692 1020

# DuaneMorris

The Honorable P. Kevin Castel
January 10, 2011
Page 2

First, there is no express or implied private right of action under the EIPA to recover damages against a stakeholder bank, like TD Bank, and the Complaint improperly attempts to create one. To the contrary, the EIPA is a recent addition to a well-established and comprehensive legislative scheme in the State of New York that is designed to govern the collection of money judgments by expressly listing statutory rights, remedies and procedures.

Second, Plaintiff's effort to pursue a claim for an EIPA violation in this court is barred by the *Burford* abstention doctrine because New York, in Article 52, has an established and comprehensive statutory scheme for the enforcement and collection of money judgments.

Third, Plaintiff's effort to assert a violation of the New York EIPA is barred by the federal preemption doctrine because TD Bank is a national bank created, empowered to act, regulated and supervised by federal statute regulation and control.

Fourth, the Complaint is replete with legal conclusions and vague, unsupported factual assertions made "upon information and belief" that fail to satisfy any of the necessary pleading requirements under the Federal Rules of Civil Procedure. As the Supreme Court held in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the heightened pleading requirements set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) apply to all civil cases. Yet the Complaint fails the *Twombly* standard in several important respects, and so it should be dismissed.

I.   **There is no express or implied private right of action under the EIPA**

The core of Plaintiff's claims involve alleged violations of the EIPA. (Compl. ¶¶1-4, 19-21-30a – f.). Under Article 52, exemption claims between the judgment debtor and judgment creditor are to be adjudicated exclusively in a "special proceeding" in New York state court with competent jurisdiction and familiarity with the underlying facts of the judgment. N.Y. C.P.L.R. §§ 5225(b); *Portfolio Recovery Assoc., LLC v. Castillo*, 881 N.Y.S. 2d 870, 873 (Dist. Ct. 2009). Thus, the plain text of this statute clearly creates a statutory scheme designed to enforce state court judgments, and makes absolutely no mention of a private right of action against financial institutions for alleged violation of this scheme.

A private right of action cannot be implied from Section 5222. *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15-16, (1979), established that, when considering if an implied private right of action exists, what ultimately must be determined is whether the legislature "intended to create the private remedy asserted." The existence of a statutory violation and resulting harm to a person "does not automatically give rise to a private cause of action in favor of that person." *Cannon v. University of Chicago*, 441 U.S. 677, 688, (1979). Under New York law there is a similar standard for courts to determine whether such a private right of action should be implied by analyzing the overall structure of the legislation. If the statute does not expressly create a private right of action, then such a right exists only if it "may fairly be implied" from reading of the statute's text. *Kratzert v. White Lodging Services Inc.*, 2010 WL 883677 at *1 (N.D.N.Y. March 8, 2010), citing, *Sheehy v. Big Flats Cmty. Day, Inc.*,

DuaneMorris

The Honorable P. Kevin Castel
January 10, 2011
Page 3

73 N.Y.2d 629, 633 (1989). In *Sheehy*, the court noted that the legislature "has both the right and the authority to select the methods to be used in effectuating its goals, as well as to choose the goals themselves." 73 N.Y. 2d at 634. If the legislature has not been completely silent concerning some type of express civil remedy, then a court should not attempt to fashion a broader remedy. *Id.* at 636.

Applying these standards here, and given the Court's history of declining to imply a cause of action to various statutory schemes, it is clear that the legislature did not intend to imply a private right of action under the EIPA. Plaintiff has failed to exhaust the statutory remedies afforded him under the EIPA. Instead, Plaintiff filed a separate action circumventing the comprehensive legislative scheme that already exists to regulate the enforcement and collection of money judgments. Article 52 was enacted for that purpose, and the EIPA has provided provisions which expand upon that scheme, but do not wholly interrupt it. Through the filing of this action, Plaintiff deliberately seeks to circumvent Article 52 whose language expressly contemplates that its remedies should be considered by the court that issued the judgment.

Since there is no implied private right of action against banks like TD Bank under the EIPA, the Complaint should be dismissed.

## II. Abstention is required under the Burford doctrine.

This Court should abstain from hearing Plaintiff's Complaint under the *Burford* abstention doctrine. *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). Under the *Burford* abstention doctrine, "[w]here timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies... where the 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 361 (1989). New York has made a concerted effort to create a specific system with an exclusive remedy for dealing with the collection of state court monetary judgments. Here, a comprehensive statutory scheme already exists. Plaintiff should not be allowed to circumvent that statutory scheme by filing an impermissible private right of action, or to pursue his impermissible action by substituting common law claims in its place.

## III. Plaintiff's claims are preempted because TD Bank is a national bank.

The federal preemption doctrine precludes states from attempting to control or significantly interfere with the operation of instrumentalities that are federally created, controlled, and regulated. National banks like TD Bank are subject to the federal preemption doctrine because they are created, empowered to act, regulated, and supervised under comprehensive federal laws and regulations. *Marquette Nat'l. Bank of Minneapolis v. First of Omaha Serv. Corp.*, 439 U.S. 299, 308 (1978). In a direct conflict with the foregoing federal law and regulations, the EIPA seeks to control how national banks control their accounts. Here, the

## DuaneMorris

The Honorable P. Kevin Castel
January 10, 2011
Page 4

Complaint seeks to impose all of these EIPA requirements on TD Bank. (Compl. ¶¶ 16-22, 30). Since the Complaint alleges that TD Bank "is a major national bank," these EIPA requirements are preempted because federal banking law and regulations conflict with the EIPA's control of when and how TD Bank can charge fees, and how and when it must hold balances in its accounts when it receives a restraining notice. See e.g. *Monroe Retail Inc. v. RBS Citizens, N.A.*, 589 F.3d 274, 283-84 (6th Cir. 2010).

**IV.    The Complaint fails to state a claim.**

Under Rule 12(b)(6), a complaint may be dismissed "for failure to state a claim upon which relief can be granted." Plaintiff has alleged six causes of action, all of which fail to plead more than labels and conclusions. The claims as alleged fail to meet the *Twombly* standard, and are merely "formulaic recitations of the elements of causes of actions" *Twombly*, 550 U.S. at 554. Plaintiff's first cause of action for conversion fails as a matter of law because in New York funds in a checking account cannot be "converted" by the bank they are deposited. *Tevdorachvili v. Chase Manhattan* Bank, 103 F. Supp. 2d 632, 643 (E.D.N.Y. 2000). Plaintiff's second cause of action fails, because when plaintiff "does not possess a private right of action under" a particular statute, and "does not allege any actionable wrongs independent of the requirements of the statute," a "claim for . . . unjust enrichment [is] properly dismissed as an effort to circumvent the legislative preclusion of private lawsuits for violation of the statute." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 203 (2d Cir. N.Y. 2005). Plaintiff's third cause of action for breach of fiduciary duty fails because it is clear that New York law does not impose a fiduciary relationship on banks and customers. Rather, the legal relationship between a bank and a customer is an arm's length, debtor-creditor relationship. *Tevdorachvili*, 103 F. Supp. 2d. at 640. Plaintiff's fourth cause of action for negligence fails as a matter of law, because negligence *per se* claims are not cognizable when, as here, the statute on which the claim is based lacks a private right of action. *Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 668 (S.D.N.Y. 2000). Plaintiff's fifth cause of action for breach of contract fails because plaintiff has failed to plead facts surrounding the formation of the contract. A breach of contract claim "that fails to allege facts sufficient to show that an enforceable contract existed between the parties is subject to dismissal." *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008). Plaintiff's sixth cause of action, is not a cause of action. "An injunction is a remedy and not a separate cause of action." *Smith v. Newline Cinema*, 2004 WL 2049232 at #5 (S.D.N.Y. Sept. 13, 2009)

We look forward to addressing these issues with the Court at its earliest convenience. Thank you.

Very truly yours,

Justin Joseph D'Elia

cc:     G. Oliver Koppell, Esq. Counsel for Plaintiffs (via facsimile, via First Class Mail)
        Charles Juntikka, Esq. Counsel for Plaintiffs (via facsimile, via First Class Mail)