UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GARY CRUZ and CLAUDE PAIN, Individually and
on behalf of all others similarly situated,

                                    Plaintiff,

              -against-

TD BANK, N.A.,

                                    Defendant.
-------------------------------------------------------------------X

**AMENDED COMPLAINT**

Case No. 10-cv-08026 (PKC)

Plaintiffs Gary Cruz and Claude Pain ("Plaintiffs"), individually and on behalf of

all others similarly situated, by and through his attorneys the Law Offices of G. Oliver

Koppell and Associates, complains of defendant TD Bank, N.A. ("Defendant"), and

alleges as follows:

## NATURE OF THE CASE

1.      This action is brought by Plaintiffs, individually and on behalf of a class of

similarly situated account holders of Defendant, a banking institution, who seek damages

and injunctive relief based on the unlawful conduct of Defendant in denying such account

holders the ability to obtain funds in their accounts, in some instances releasing Plaintiffs

and the Classes' statutorily protected personal property to third party creditors, failing to

provide mandatory disclosures, as well as charging unlawful fees to class members.

2.      This action is brought pursuant to the Exempt Income Protection Act

("EIPA") and New York Common Law.  Defendant has converted Plaintiffs' and the

Classes' personal property, breached its duties to Plaintiffs and the Class, and also

engaged in contumacious conduct by failing to adhere to EIPA's provisions.

3.      EIPA prohibits judgment creditors from restraining the first $2500 of funds deposited into Plaintiffs' accounts from federally protected sources. To effectuate these policies, the EIPA imposes various obligations on banks and creditors to provide notice of when creditors attempt to restrain accounts, and to remove the restraint when account holders claim that the funds are exempt.   Additionally the statute prevents creditors from restraining the first $1740 in any account, regardless of the source of the funds. Any notice served on a bank to restrain an account containing $1740 or less "shall be deemed void."

4.      Despite the requirements of the EIPA and federal law, Defendant has unlawfully regularly restrained Plaintiffs' and the Classes' accounts, and in numerous instances subsequently transferred the funds to creditors. Defendant has done so in clear violation of the law's terms, which has prevented Plaintiffs and the Class from accessing their statutorily protected assets to purchase items as basic as food and clothing. Defendant has converted such monies to its' own use and to the use of third parties. Defendant has also unlawfully imposed fees and penalties on Plaintiffs and the Class, and failed to provide mandatory disclosures.  Upon information and belief, Defendant also fails to insure that restraining notices it receives conform to the requirements of EIPA.

5.      Plaintiffs and the Class seek exemplary and punitive damages where appropriate and allowed and an injunction enjoining the continuation of Defendant's unlawful conduct, restitution and disgorgement.

6.      In connection with the activities giving rise to this action, Defendant acted with malice, intent, recklessness, knowledge and wanton disregard for the rights of Plaintiffs and the Class.

2

## JURISDICTION AND VENUE

7.     The jurisdiction of this Court is based upon 28 U.S.C. § 1332.  Upon information and belief, the damages of the Class exceed $5,000,000 in the aggregate.

8.     This Court possesses personal jurisdiction over Defendant based on Defendant's residence, presence, transaction of business and contacts within the United States, New York and this District.

9.     Venue is proper within this District under 28 U.S.C. § 1391(a) and (c) because Defendant resides and transacts business in this District and because a substantial part of the events or omissions giving rise to the claims and injuries alleged herein occurred in this District.

10.     Defendant states that it is a major national bank, which "is one of the 15 largest banks in the United States, and provides Customers with a full range of financial products and services at more than 1,100 retail stores throughout the Northeast, Mid-Atlantic, Metro D.C. and Florida.  TD Bank offers a broad array of retail, small business and commercial banking products and services to more than 6.5 million Customers in Connecticut, Delaware, the District of Columbia, Florida, Maine, Maryland, Massachusetts, New Hampshire, New Jersey, New York, Pennsylvania, Vermont and Virginia."  Upon information and belief, Defendant is a Delaware corporation with executive offices at 1701 Route 70 East, Cherry Hill, New Jersey 08034 and Two Portland Square, P.O. Box 9540, Portland, Maine 04112-9540.  Defendant maintains numerous branches and conducts significant business in New York State.

11.    Plaintiff Gary Cruz resides at 1850 Lafayette Ave., #5E, Bronx, NY 10473. During the relevant period, he maintained a savings and checking account at one of Defendant's New York City branches.

12.    On or about the second week of August, 2009 Plaintiff received notice from Defendant that his account was frozen due to the service of a restraint notice and/or levy by third-party creditors, FIA Card Services by their attorneys, Forster & Garbus.

13.    At the time of the restraint, Plaintiff had approximately $3020.00 in his accounts, received from his wages.  Defendant charged Plaintiff administrative fees associated with placing the restraint on his account ($125.00), and also imposed overdraft fees in the amount of $140.00 associated with Plaintiff's checks that bounced after his account was restrained.  Plaintiff's account was restrained until on or about April, 2010.

14.    Plaintiff also did not receive from Defendant, and upon information and belief Defendant did not receive from the creditor, any disclosures concerning any property that may be exempt from restraint.  Defendant did not provide Cruz with a copy of the restraining notice, exemption notice or exemption claim form.

15.    Plaintiff Claude Pain resides at 119-29 201st Place, St. Albans, New York 11412.   During the relevant period, he maintained a checking account at one of Defendant's New York State branches.

16.    On or about December 31, 2010 Plaintiff received notice from Defendant that his account was frozen due to the service of a restraint notice and/or levy by third-party creditors, Portfolio Recovery.  Plaintiff attempted to use his debit card to access funds from his account, but was refused.  At the time of the restraint, Plaintiff had approximately $340.00 in his accounts, received from his wages.  Defendant charged

4

Plaintiff administrative fees associated with placing the restraint on his account ($125.00), and also imposed overdraft fees in the amount of $35.00 associated with Plaintiff's checks that bounced after his account was restrained.

17.    Plaintiff's account remains restrained to the present day.

18.    Plaintiff did not receive from Defendant, and upon information and belief Defendant did not receive from the creditor, any disclosures concerning any property that may be exempt from restraint.  Defendant did not provide Pain with a copy of the restraining notice, exemption notice or exemption claim form.

## ALLEGATIONS COMMON TO ALL CLAIMS

19.    Before the passage of EIPA, New York law was silent as to the protection of federally exempted funds (existing statutory provisions that exempt certain personal property from garnishment).  At the same time, there was a dramatic increase in debt collection in New York.  In 2006, there were approximately 320,000 consumer debt cases filed in New York City alone; the cases involved a total of $1 billion in claims, of which approximately $800 million was collected by creditors.[1]  One study concluded that 80% of these cases resulted in default judgments.

20.    Under New York law, judgment creditors can electronically search bank records to locate the accounts of debtors.  Once the accounts have been identified, New York law permits creditors to put a restraint on the accounts.  Such a restraint has the effect of prohibiting account holders from withdrawing their funds.  Any additional deposits into the accounts, including federal benefits payments, are immediately restrained and therefore unavailable to account holders.  Financial institutions often place

---

[1]        http://www.urbanjustice.org/pdf/publications/CDP_Debt_Weight.pdf; http://www.nyc.gov/html/ofe/downloads/pdf/Letter_to_OCC.pdf

the restraints on accounts in order to allow courts time to determine to whom the funds should be released.[2]  As a result, creditors enjoy greater leverage to settle the debts with the account holders.

21.     Creditors often serve notices to restrain thousands of accounts at a time with the assistance of the electronic restraint tool.  According to the New York City Department of Consumer Affairs, "[t]he ease and efficiency of this process encourages the use of electronic service and causes undue hardship for many, not only here in New York, but nationwide."[3]

22.     In 2008, the New York State Legislature passed EIPA.  It prohibits judgment creditors from restraining the first $1716 of any debtors' electronic bank account, regardless of the source of the funds.[4]  C.P.L.R. §5222(i).  This amount has since been raised to $1740.  Banks are instructed by the statute that any notices attempting to restrain these accounts "shall be deemed void."  *Id.*  EIPA also mandates that no fees be charged to the account holder in connection with creditors' attempt to freeze the funds where the restraint is unlawfully effectuated or no funds can be lawfully restrained.  *Id.* at §5222(j).  Nothing in the statute allows banks to aggregate funds in multiple accounts – each account must be evaluated individually.

23.     In addition, EIPA places the first $2500 of "reasonably identifiable" federally exempt benefit payments under the protection of state law.  *Id.* at §5205(l).

24.     In the event that the bank is served with a restraint request for an account, for the restraint to be valid the bank must receive from the creditor, and send to the

---

[2]     72 Fed. Reg. 55,275 (Sept. 27, 2007).
[3]     http://www.nyc.gov/html/ofe/downloads/pdf/Letter_to_OCC.pdf
[4]     The statutory limit increases over time.  Currently, the first $1740 in any account is exempted from garnishment.  N.Y. C.P.L.R. § 5222(i).

debtor, an exemption claim form to the account holder within two days. Upon receipt of the executed exemption form, the bank must release all exempt funds in the account within eight days. *Id.* § 5222-a(b)-(c). The failure by the bank to receive the exemption forms from the creditor or from the creditor's representative renders the restraint void.

25. Defendant has openly violated the EIPA despite the clear wording of the statute.

26. Defendant is readily able to identify the source of protected funds. Many of these funds are, in fact, electronic payments made directly through the Defendant. Furthermore, Defendant is aware of the fact that pursuant to EIPA regardless of the source of the funds, the first $1740 in any account is protected. Nonetheless, upon information and belief, thousands of account holders have had their entire accounts frozen by non-compliant financial institutions, such as Defendant.

27. Moreover, upon information and belief, Defendant does not require receipt from creditors of the notices called for in EIPA to be sent to purported debtors informing them of their exemption rights. Defendant itself fails to itself provide such statutorily required notices to Plaintiffs and Class Members.

28. The effect of these illegal actions is that Plaintiffs and Class Members have been prevented from accessing certain monies held in their accounts for sustained periods of time. Class Members have been unable to use such monies for a period of time in any manner they deem appropriate. In some instances, the funds were ultimately unlawfully transferred to the judgment creditors. In addition, Defendant has unlawfully assessed fees both for the restraint, as well as overdraft and insufficient funds fees for

monies Class Members are entitled to by law.  During this same period, the Defendant

has been able to unjustly enrich itself with these converted funds.

## CLASS ACTION ALLEGATIONS

29.    Plaintiffs seek to bring this class action pursuant to Rule 23 of the Federal

Rules of Civil Procedure, sub-sections 23(a) and 23(b)(2) and/or (b)(3) on behalf of

themselves and the following Class:

> All individual account holders of Defendant who, during
> the period between January 1, 2009 and the present, had
> their accounts restrained and/or levied upon pursuant to the
> provisions of the New York Civil Practice Law and Rules
> in violation, in whole or in part, of EIPA.

The Class satisfies the numerosity, commonality, typicality, adequacy, predominance and

superiority requirements of the CPLR.

30.    The members of the Class are so numerous that joinder of all Class

members is impracticable.  While the exact number of Class members can be determined

only by appropriate discovery, Plaintiffs believe that members of the Class number in the

thousands.

31.    Defendant's misconduct has affected all members of the Class in a similar

manner.

32.    Plaintiffs' claims are typical of the claims of the members of the Class

because Plaintiffs and all of the Class Members were injured and continue to be injured

in the same manner by Defendant's unlawful and inequitable acts and practices, as well

as Defendant's wrongful conduct.

33.    Plaintiffs have no interests that are adverse or antagonistic to those of the

Class.  Plaintiffs' interest is to obtain relief for themselves and the Class for the harm

arising out of the violations of law set forth herein.

34.    Plaintiffs will fairly and adequately protect the interests of the members of the Class, and has retained counsel competent and experienced in complex class action litigation.

35.    The class action is superior to all other available methods for fair and efficient adjudication of this controversy.  Since the damages suffered by the members of the Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for Plaintiffs and members of the Class individually to seek redress for the wrongful conduct alleged.

36.    Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

    a.   Whether Defendant attempted to identify funds that were statutorily exempted from restraint;

    b.   Whether Defendant provided the Class with the statutorily required notice and disclosures under EIPA when creditors attempt to restrain accounts containing exempted funds;

    c.   Whether Defendant knowingly or negligently restrained accounts containing less than the protected statutory minimum under EIPA;

    d.   Whether Plaintiffs' protected assets were transferred to third-party creditors or their agents in violation of EIPA;

    e.   Whether Defendant charged or imposed fees in connection with or as a result of the restraints on the accounts of the Class,   in violation of EIPA;

f.   Whether Defendant honored restraints that failed to comply with the requirements of EIPA;

g.   Whether the members of the Class have sustained damages and, if so, the proper measure of such damages; and

h.   Whether Plaintiffs and the Class are entitled to injunctive relief to remedy Defendant's continuing violation law alleged herein.

37.   The Class is readily definable, and prosecution of this action as a class action will reduce the possibility of repetitious litigation.  Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

38.   Defendant has acted and refused to act, as alleged herein, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and/or corresponding declaratory relief with relief with respect to the Class as a whole.

39.   Class Members have no adequate remedy at law for Defendant's past and ongoing violations of EIPA.   Defendant's continued unlawful restraint of Class Members' accounts will preclude them from utilizing funds to which they are entitled in a manner which they see fit, which may subject Class Members to interest penalties, penalty payments, eviction, repossession or other such harms.

**AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE EXEMPT INCOME PROTECTION ACT**

40.   Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41.   Defendant is a banking institution as defined in CPLR §5205(n).

42.    Pursuant to CPLR §5205(l), if statutorily exempt payments were deposited in an individual's account electronically or through direct deposit within the 45 day period prior to receipt of a restraining notice or execution, Defendant is prohibited from restraining $2500 belonging to that individual.

43.    Pursuant to CPLR §5222(i), as of January 1, 2009 a restraining notice cannot be applied by a banking institution to the first $1716 of an individual's account regardless of the source, an amount that rose to $1740 on July 24, 2009.  Where an account contains 90% or less of the $1716 or $1740 discussed above, the restraint is deemed void.

44.    Pursuant to CPLR §5222-a(b), a person issuing a restraining notice on a banking institution must provide the banking institution with, in addition to the restraining notice, a copy of the restraining notice an "exemption notice" and two "exemption claim forms." The failure to serve the exemption notice and exemption claim forms together with the restraining notice renders the restraining notice void.

45.    Within two business days after receipt of the restraining notice, exemption notice and exemption claim form, the banking institution is required to mail the exemption notice, the exemption claim form and a copy of the restraining notice to the last known address of the debtor.

46.    Pursuant to CPLR §5222(j) if a banking institution cannot lawfully restrain an account, or the restraint placed on the account violates EIPA, the banking institution may not charge a fee to the debtor.

47.     Defendant has and continues to fail to abide by the terms of EIPA set forth above.  Defendant has unlawfully restrained funds from Plaintiffs and Class Members that are exempt from restraint and imposes a restraint where none can be imposed.

48.     Upon information and belief, Defendant further fails to ensure that it receives the exemption notice and exemption claim forms at the time it receives the restraining notice from creditors.  Notwithstanding this failure to receive the exemption notice and exemption claim forms, Defendant unlawfully imposes a restraint on Class Members.

49.     Upon information and belief, Defendant further fails to mail the exemption notice, the exemption claim forms and a copy of the restraining notice to the last known address of Class Members.

50.     Upon information and belief, Defendant also imposes fees on Class Members despite the fact that it cannot lawfully restrain Class Members' accounts, or the restraint placed on the Class Members' account violates EIPA.

51.     As a result of the foregoing, Plaintiffs and the other members of the Class were caused to incur damages.

**AS AND FOR A SECOND CAUSE OF ACTION FOR CONVERSION**

52.     Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53.     In identifying, designating and unlawfully restraining Class Members' funds, Defendant knowingly and intentionally unlawfully exercised control over the monies belonging to Class Members.

54.    Because of the unlawful restraint imposed by Defendant, Plaintiffs and Class Members' rights in their funds were and are interfered with and their funds cannot be used the manner in which Class Members desire.

55.    Defendant also unlawfully did and continues to directly impose and debit fees from Class Members' funds in connection with these restraints, depriving Class Members of the use and control over their property.

56.    As a result of the foregoing, Plaintiffs and the other members of the Class were caused to incur damages.

## .AS AND FOR A THIRD CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

57.    Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58.    Defendant, a well known banking institution, in assuming control and responsibility over Class Members' funds pursuant to restraining notices owed a fiduciary duty to Class Members to insure Class Members were not deprived of monies that lawfully belonged to them.

59.    As alleged herein, Defendant routinely breached those fiduciary duties in restraining funds that they had no right to restrain and in unlawfully charging fees to Plaintiffs and Class Members.

60.    As a result of the foregoing, Plaintiffs and the other members of the Class were caused to incur damages.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR FRAUD

61.    Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 60 of this Complaint as if fully set forth herein.

13

62.     Defendant made a material omission to Plaintiffs and Class Members in failing to provide them with the exemption notice and exemption claim forms.

63.     Defendant was aware it had a duty to provide Plaintiffs and Class Members with the exemption notice and exemption claim forms.

64.     As a result of the failure to receive the exemption notice and exemption claim forms, Plaintiffs and Class Members were deprived of the knowledge and opportunity to take advantage of the process set forth in CPLR §5222-a to have their improperly restrained funds deemed exempt.

65.     As a result of the foregoing, Plaintiffs and the other members of the Class were caused to incur damages.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR UNJUST ENRICHMENT

66.     Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 65 of this complaint as if fully set forth herein.

67.     Defendant has been unjustly enriched and benefited from the inequitable acts alleged in this Complaint.  Plaintiffs and Class Members have had their funds unlawfully restrained by Defendant, allowing Defendant to continue to use and benefit from those funds.

68.     Defendant has further been unjustly enriched and benefitted by having unlawful fees assessed to Plaintiffs and Class Members and retained by Defendant.

69.     Defendant has reaped profits and revenues resulting from their acts of unlawful conduct.

70.    The sources of Defendants' unlawful profits and revenues are derived from Plaintiffs and Class Members payment of unlawful fees to Defendant and Defendant's unlawful retention of Class Members funds.

71.    It would be inequitable for Defendants to be permitted to retain any of the proceeds derived as a result of this unlawful conduct.

72.    Defendant should be compelled to disgorge into a common fund or constructive trust for the benefit of Plaintiffs and Class Members all proceeds received by them from any unlawful act described in this Complaint which have inured and continue to inure to the unjust enrichment of Defendant.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR NEGLIGENCE

73.    Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 72 of this Complaint as if fully set forth herein.

74.    Upon receipt of a restraining notice Defendant owed Class Members a duty to not unlawfully restrain their accounts, to not impose unlawful fees on Class Members and to insure that Class Members were provided with the exemption notice, the exemption claim forms and a copy of the restraining notice.

75.    Defendant acted in a negligent manner and breached its' duty to Plaintiffs and Class Members in unlawfully restraining Class Members' accounts, in imposing unlawful fees on Class Members and in failing to transmit the exemption notice, the exemption claim forms and a copy of the restraining notice to Class Members.

76.    Upon information and belief, Defendant further acted in a negligent manner and breached its duty to Plaintiffs and Class Members in failing to require that

parties seeking to impose restraints on customers' accounts submit to Defendant the exemption notice and exemption claim forms.

77.     As a result of the foregoing, Plaintiffs and the other members of the Class were caused to incur damages.

WHEREFORE, Plaintiff demands judgment:

a)     Certifying the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b)     Awarding Plaintiffs and all Class Members compensatory damages on all causes of action;

c)     Awarding Plaintiffs and all Class Members statutory, exemplary and punitive damages where permitted;

d)     Permanently enjoining Defendant from continuing to engage in the unlawful and inequitable conduct alleged herein and requiring Defendant to comply with EIPA;

e)     Ordering Defendant to make restitution and/or disgorge into a common fund or a constructive trust all monies paid by Plaintiffs and Class Members to the full extent to which Defendant was unjustly enriched by their unlawful and inequitable conduct alleged herein;

f)  On each of the above causes of action costs, interest disbursements and legal fees; and

g)  Such other and further relief as this court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues to be determined by a jury.

Dated: New York, New York
       March 14, 2011

Law Offices of G. Oliver Koppell &
Associates

By: _____
       G. Oliver Koppell (GK-4851)
       Daniel F. Schreck (DS-7680)
99 Park Ave., 3rd Floor
New York, NY 10016
212-867-3838

Charles Juntikka (CJ-4689)
Charles Juntikka & Associates, LLP
350 Fifth Avenue, Suite 2212
New York, New York 10118
(212)315-3755