UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
GARY CRUZ, and CLAUDE PAIN,     :
Individually and on behalf of all others  :
similarly situated,               :    Case No.: 10-CV-8026 (PKC)
                                 :
           Plaintiffs,     :
                                 :
        - against -      :
                                 :
TD BANK, N.A.,              :
                                 :
          Defendant.    :
-------------------------------------------------X

# TD BANK, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Dated:  New York, New York
        April 11, 2011

DUANE MORRIS LLP
John Dellaportas
Justin Joseph D'Elia
1540 Broadway
New York, New York 10036
(212) 692 – 1000 (tel)
(212) 692 – 1020 (fax)

Alexander D. Bono
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979 – 1000 (tel)
(215) 979 – 1020 (fax)
*Counsel for TD Bank, N.A.*

# TABLE OF CONTENTS

**Page**

I.    Preliminary Statement ................................................................................................1

II.   Parties .........................................................................................................................2

III.  Background ................................................................................................................3

IV.  Argument ...................................................................................................................3

     A.     Plaintiff Cruz lacks standing and his claims are barred by judicial estoppel because of his bankruptcy and discharge. ................................................ 4

     B.     New York's Exempt Income Protection Act is not applicable to Plaintiff Pain's New Jersey bank account and New Jersey Levy Proceeding. ..................... 6

     C.     There is no express private right of action under the EIPA. .................................. 6

     D.     There is no implied private right of action under the EIPA. ................................. 9

     E.     Abstention is required under the *Burford* doctrine. ............................................. 12

     F.     Plaintiffs' Claims Are Preempted Because TD Bank Is A National Bank. .......... 14

     G.    The Amended Complaint Fails To State a Claim. ............................................... 17

          1.     Plaintiffs' First Cause Of Action For Violation Of The Exempt Income Protection Act Should Be Dismissed. .......................................... 19

          2.     Plaintiffs' Second Cause Of Action For Conversion Should Be Dismissed. ..................................................................................... 20

          3.     Plaintiffs' Third Cause of Action For Breach of Fiduciary Duty Should Be Dismissed. ................................................................. 20

          4.     Plaintiffs' Fourth Cause Of Action For Fraud Should Be Dismissed. ....... 21

          5.     Plaintiffs' Fifth Cause Of Action For Unjust Enrichment Should Be Dismissed. ...................................................................................... 22

          6.     Plaintiffs' Sixth Cause of Action For Negligence Should Be Dismissed. ..................................................................................... 23

V.    Conclusion ...............................................................................................................24

**Cases**

*430 Broome Street Realty Corp. v. Bonnouvrier*,
    851 N.Y.S.2d 69 (N.Y. Gen. Term 2007)..................................................13

*532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc.*,
    271 A.D.2d 49, 711 N.Y.S.2d 391 (App. Div. 1st Dep't 2000) ("*Finlandia I*"), rev'd
    on other grounds, 96 N.Y.2d 280, 750 N.E.2d 1097, 727 N.Y.S.2d 49 (2001)
    ("*Finlandia II*") .........................................................................18

*Anwar v. Fairfield Greenwich, Ltd.*,
    728 F. Supp. 2d 372 (S.D.N.Y. 2010)..................................................22

*Apex Mar. Co. v. OHM Enters.*,
    2011 U.S. Dist. LEXIS 35707 (S.D.N.Y. Mar. 30, 2011) ....................................22

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ..........................................................2, 17-18

*Barnett Bank of Marion County, N.A. v. Nelson*,
    517 U.S. 25 (1996)...................................................................14

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...........................................................2, 17-18

*Bellino Schwartz Padob Advertising, Inc. v. Solaris Mktg. Group*,
    635 N.Y.S. 2d 587 (1st Dep't. 1995) .......................................................23

*Bernice v. Lakeshore S&L Ass'n.*,
    254 A.D. 2d 731, 677 N.Y.S. 2d 842 (4th Dep't. 1998).......................................20

*Bristol-Myers Squibb, Indus. Div. v. Delta Star*,
    206 A.D.2d 177 (N.Y. 4th Dep't 1994)....................................................19

*Broder v. Cablevision Sys. Corp.*,
    418 F. 3d 187 (2d Cir. N.Y. 2005)...................................................22-23

*Burford v. Sun Oil Co.*,
    319 U.S. 315 (1943).......................................................2, 12-13, 25

*Burke v. Torres*,
    509 N.Y.S.2d 11 (N.Y. App. Div. 1986) ..................................................13

*Burns Jackson Miller Summit & Spitzer v. Lindner*,
    59 N.Y.2d 314 (1983) ................................................................13

*Cal. Distrib. v. Cadbury Schweppes Ams. Bevs., Inc.*,
    2007 U.S. Dist. Lexis 854 (S.D.N.Y. Jan. 5, 2007) ........................................21

*Calisch Assocs., Inc. v. Manufacturers Hanover Trust Co.*,
    151 A.D. 2d 446, 542 N.Y.S. 2d 644 (1ˢᵗ Dep't. 1989) ........................20, 24

*Cannon v. University of Chicago*,
    441 U.S. 677 (1979) ........................................................................................9

*Cargo Partners AG v. Albatrans Inc.*,
    207 F. Supp. 2d 86 (S.D.N.Y. 2002) ............................................................22

*CBS Broad., Inc. v. Jones*,
    460 F. Supp. 2d 500 (S.D.N.Y. 2006) ..........................................................23

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002) ...........................................................................4

*City of New York v. Smokes-Spirits.com*,
    12 N.Y.3d 616 (2009) ...................................................................................13

*Coffaro v. Crespo*,
    721 F. Supp. 2d 141 (E.D.N.Y. June 24, 2010) .............................................5

*Cohain v. Klimley*,
    2010 U.S. Dist. LEXIS 98870 (S.D.N.Y. Sept. 20, 2010) ..............................4

*Commercial Credit Corp. v. Colando*,
    125 N.J.L. 285 (E. & A. 1940) ....................................................................4, 6

*Cort v. Ash*,
    422 U.S. 66 (1975) ..........................................................................................9

*CPC Int'l. Inc. v. McKesson Corp.*,
    70 N.Y.2d 268 (1987) ...................................................................................10

*Dubai Islamic Bank v. Citibank, N.A.*,
    126 F. Supp. 2d 659 (S.D.N.Y. 2000) ..........................................................23

*Fumarelli v. Marsam Dev. In.*,
    92 N.Y. 2d 298 (1998) ..................................................................................13

*Galin v. IRS*,
    563 F. Supp. 2d 332 (D. Conn. 2008) .............................................................5

*Galin v. United States*,
    2008 U.S. Dist. LEXIS 103884 (E.D.N.Y. Dec. 23, 2008) ............................5

*Han v. Hertz Corp.*,
  12 A.D. 3d 195, 784 N.Y.S. 2d 106 (App. Div. 1st Dep't 2004) ..................................... 22-23

*Hydro Investors, Inc. v. Trafalgar Power Inc.*,
  227 F.3d 8 (2d Cir. 2000) ................................................................................................18

*Kratzert v. White Lodging Services Inc.*,
  2010 WL 883677 (N.D.N.Y. March 8, 2010) ................................................................ 9-10

*Leland Eaves v. Designs for Fin., Inc.*,
  2011 U.S. Dist. LEXIS 33654 (S.D.N.Y. Mar. 30, 2011) ........................................................4

*Lopez v. Washington Mutual Bank, F.A.*,
  302 F.3d 900 (9th Cir. 2002) ...........................................................................................16

*LoPresti v. Terwillinger*,
  126 F.3d 34 (2d Cir. 1997) ..............................................................................................20

*Luxonomy Cars, Inc. v. Citibank, N.A.*,
  65 A.D.2d 549, 408 N.Y.S.2d 951 (2d Dep't. 1978) ............................................................24

*Marquette Nat'l. Bank of Minneapolis v. First of Omaha Serv. Corp.*,
  439 U.S. 299 (1978).............................................................................................1, 14, 24

*Miller v. Wells Fargo Bank International Corp.*,
  540 F.2d 548 (2d Cir. 1976).............................................................................................20

*Monroe Retail Inc. v. RBS Citizens, N.A.*,
  589 F.3d 274 (6th Cir. 2010) ........................................................................................ 16-17

*Nations Bank of N.C., N.A. v. Variable Annuity Life Ins. Co.*,
  513 U.S. 251 (1995)..........................................................................................................15

*Negron v. Weiss*,
  2006 U.S. Dist. LEXIS 69906 (E.D.N.Y. Sept. 27, 2006).......................................................5

*New Orleans Pub. Serv., Inc. v. Council of New Orleans*,
  491 U.S. 350 (1989)..........................................................................................................12

*Osan Ltd. v. Accenture LLP*,
  454 F. Supp. 2d 46 (E.D.N.Y. 2006) .................................................................................21

*Pealo v. AAF McQuay, Inc.*,
  140 F. Supp. 2d 233 (N.D.N.Y. 2001) ..................................................................................5

*Pereira v. United Jersey Bank, N.A.*,
  201 B.R. 644 (S.D.N.Y. 1996)............................................................................................6

*Polzer v. TRW, Inc.*,
   256 A.D.2d 248, 682 N.Y.S. 2d 194 (1st Dep't. 1998) ...........................................24

*Portfolio Recovery Assoc., LLC v. Castillo*,
   881 N.Y.S. 2d 870 (Dist. Ct. 2009) ......................................................................7, 19

*Quail Ridge Assocs. v. Chem. Bank*,
   162 A.D.2d 917, 558 N.Y.S.2d 655 (3d Dep't. 1990) appeal dismissed, 76 N.Y.2d
   936, 563 N.Y.S.2d 64 (1990) ....................................................................................24

*Ranno v. Hartford Life & Accident Ins. Co.*,
   2010 U.S. Dist. LEXIS 65463 (S.D.N.Y. May 14, 2010) ......................................17

*Rosenshein v. Kleban*,
   918 F. Supp. 98 (S.D.N.Y. 1996)................................................................................5

*S & K Sales Co. v. Nike, Inc.*,
   816 F. 2d 843 (2d Cir. N.Y. 1987)...........................................................................21

*Sheehy v. Big Flats Cmty. Day, Inc.*,
   73 N.Y.2d 629 (1989) ..........................................................................................10, 19

*SPGC, LLC v. Blumenthal*,
   505 F.3d 183 (2d Cir. 2007).....................................................................................14

*Tevdorachvili v. Chase*,
   103 F. Supp. 2d 632 (E.D.N.Y. 2000) .................................................................20, 24

*Transamerica Mortgage Advisors, Inc. v. Lewis*,
   444 U.S. 11 (1979)......................................................................................................9

*Travelers Cas. & Sur. Co. v. Dormitory Auth.*,
   734 F. Supp. 2d 368 (S.D.N.Y. 2010)......................................................................18

*Wachovia Bank, N.A. v. Burke*,
   414 F.3d 305 (2d Cir. 2005).....................................................................................15

*Waite v. Schoenbach*,
   2010 U.S. Dist. LEXIS 115470 (S.D.N.Y. Oct. 29, 2010) ....................................22

*Watters v. Wachovia Bank, N.A.*,
   550 U.S. 1 (2007)......................................................................................................15

*Wetzel v. Town Boward of Orangetown*,
   2010 U.S. Dist. LEXIS 36495 (S.D.N.Y. Apr. 12, 2010)......................................17

*Wexselblatt v. Bank of Boston Int'l.*,
   666 F. Supp. 513 (S.D.N.Y. 1987)...........................................................................24

*Whitney v. Citibank, N.A.*,
    782 F. 2d 1106 (2d Cir. N.Y. 1986)....................................................21

**Statutes and Rules**

U.S. Const. Art. VI, cl. 2....................................................................14

12 C.F.R. § 7.4002(a).......................................................................15

12 C.F.R. § 7.4002(b).......................................................................15

12 C.F.R. § 7.4009(b).......................................................................15

Fed. R. of Civ. Pr. 9(b).....................................................................22

Fed. R. of Civ. Pr. 12(b)(6)........................................................... 17-18

3 N.Y. C.R.R. § 6.8(c)......................................................................17

11 U.S.C. §521(a)(1)...........................................................................5

12 U.S.C. § 24 (2010)......................................................................15

C.P.L.R. § 5205..........................................................................7, 15

C.P.L.R. § 5222.....................................................................*Passim*

C.P.L.R. § 5225............................................................7, 8, 11, 19

C.P.L.R. § 5227..........................................................................8, 11

C.P.L.R. § 5230..............................................................................15

C.P.L.R. § 5231..............................................................................15

C.P.L.R. § 5232..............................................................................15

C.P.L.R. § 5239................................................................................8

C.P.L.R. § 5251..............................................................................11

Conn. Gen. Stat. Ann. §52-367b (n) ..............................................11

N.Y. Public Health Law § 1399-*ll* ................................................13

Real Property Law § 232-a ...............................................................13

Uniform Commercial Code § 4-102(b)................................................6

Workers' Compensation Law § 29 ..................................................13

**Other Authorities**

*OCC Interp. Letter 1094,*
   2008 WL 3582730 (Feb. 27, 2008)........................................................................17

*OCC Interp. Letter No. 1082,*
   2007 WL 3341502 (May 17, 2007) ......................................................................17

*OCC Interp. Letter No. 933,*
   2002 WL 31955273 (Aug. 17, 2001) ...................................................................17

# I.     Preliminary Statement

This motion to dismiss of Defendant, TD Bank, N.A. (***"TD Bank"***), should be granted because, as a matter of law, the Amended Complaint fails to state a claim under a New York State law called the Exempt Income Protection Act (***"EIPA"***) that Plaintiffs tried to combine into common law claims.  This putative class action invokes this Court's diversity jurisdiction in a transparent effort to circumvent the comprehensive statutory scheme that the State of New York has established in Article 52 of New York's Civil Practice Law and Rules for resolution of the precise issues raised by Plaintiffs.

Plaintiffs, Gary Cruz (***"Cruz"***) and Claude Pain (***"Pain"***) (collectively ***"Plaintiffs"***), are judgment debtors who assert that TD Bank failed to give notices required under the EIPA and unlawfully restrained exempt funds pursuant to a request by judgment creditors.  (Am. Compl. ¶¶ 1-2, 12, 14, 16-22, 27, 36a. – f).  From this alleged failure, Plaintiffs attempt to assert a private cause of action for violation of the EIPA and to manufacture five other, hybrid claims against TD Bank for violations of the EIPA through New York's common law for conversion, breach of fiduciary duty, fraud, unjust enrichment, and negligence.

The Amended Complaint fails for at least six key reasons.

***First***, plaintiff Cruz filed Chapter 7 bankruptcy and received a discharge ***after*** the events alleged in this action without listing this action as an asset.  Accordingly, Cruz lacks standing to bring this action and this action is barred by judicial estoppel.

***Second***, plaintiff Pain opened his TD Bank checking account in the Piscataway, New Jersey and was subject to a Middlesex County, NJ Turnover Order (Levy Proceeding); thus, that New Jersey account and New Jersey Levy Proceeding are not subject to New York State's EIPA.  Accordingly, Pain lacks standing to bring this action.

1

**Third**, there is no express or implied private right of action under the EIPA to recover damages against a stakeholder bank, like TD Bank, and the Amended Complaint improperly attempts to create one. To the contrary, the EIPA is a recent addition to a well-established and comprehensive legislative scheme in the State of New York that is designed to govern the collection of money judgments by expressly listing statutory rights, remedies and procedures.

**Fourth**, Plaintiffs' effort to pursue a claim for an EIPA violation is barred by the *Burford* abstention doctrine because New York, in Article 52, has an established and comprehensive statutory scheme for the enforcement and collection of money judgments.

**Fifth**, Plaintiffs' effort to assert a violation of the New York EIPA is barred by the federal preemption doctrine because TD Bank is a national bank created, empowered to act, regulated and supervised by federal statute regulation and control.

**Sixth**, the Amended Complaint is replete with legal conclusions and vague, unsupported factual assertions made "upon information and belief" that fail to satisfy any of the necessary pleading requirements under the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The Amended Complaint fails this standard, and so it should be dismissed. Also, the tort claims are barred by the economic loss doctrine.

## II.    Parties

Cruz allegedly resides in New York 10473, and maintained a savings and checking account at one of TD Bank's New York City branches. (Am. Compl. ¶11.) Pain allegedly resides in New York 11412 and claims he maintained a checking account at one of TD Bank's New York State branches. (Am. Compl. ¶15.) The Amended Complaint alleges that TD Bank "is a major national bank" and a Delaware corporation with executive offices at 1701 Route 70 East, Cherry Hill, New Jersey 08034. (Am. Compl. ¶10.)

2

### III.  Background

The original Complaint was filed on October 21, 2010.  In accord with the Court's

February 14, 2011 Order, Plaintiffs filed their Amended Complaint on March 14, 2011.  A copy

is attached as Exhibit "A", (See D'Elia Dec. Ex. A.) in accord with this Court's Individual

Practices, Rule 2B.

TD Bank submits this Motion and Memorandum of law pursuant to the Court's February

14, 2011 Order.

### IV.  Argument

All of Plaintiff's claims are predicated solely on alleged violations of New York's EIPA.

(Am. Compl. ¶¶2, 4, 36, 39, 47-50, 54, 55, 58, 59, 62-64, 67-72, and 74-76.)  Indeed, Plaintiffs

allege at great length the legislative history and intent, social policy considerations and the

statutory provisions of the EIPA.  (*Id.* ¶¶ 2-4, 19-26).  Plaintiffs then summarily conclude that

TD Bank "has openly violated the EIPA despite the clear wording of the statute." (*Id.* ¶25).  But,

***no cause of action exists under the EIPA.***  So, Plaintiffs attempt to circumvent New York's

comprehensive statutory scheme by manufacturing a tortured hybrid of EIPA violation common-

law claims without bothering to plead their elements or include plausible supporting facts.  This

is wrong, and all of the claims should be dismissed.

Additionally, both Plaintiffs lack standing to bring this action and, thus, their claims

should be dismissed.  For instance, Cruz's bankruptcy creates a judicial estoppel.  On January

28, 2010, Cruz filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy

Court, Southern District of New York, Manhattan Division (the ***"Bankruptcy"***).  This action was

never listed as an asset under Schedule B, Personal Property, or elsewhere in Cruz's petition

schedules.  See Declaration of Justin Joseph D'Elia (***"D'Elia Dec."***) Ex. B.  On May 20, 2010,

Cruz received a full discharge (the ***"Discharge"***).  See D'Elia Dec. Ex. C.

Likewise, Pain lacks standing because the EIPA does not apply to the checking account that he opened in Piscataway, NJ – not New York – and was subject to a levy proceeding in New Jersey[1] -- not New York. See D'Elia Dec. Ex. D. signature and; change of address; levy turnover order. Article 52, §5222(i) begins "Effect of restraint on judgment debtor's banking institution account." The black letter of the EIPA statute directs its provisions to the "banking institution account" not the person who owns or operates that account. The EIPA did not intend to regulate the bank accounts of foreign states, and this Court should not apply the EIPA's regulation on Pain's New Jersey bank account concerning a New Jersey levy proceeding. New Jersey has its own statutory scheme for the enforcement of money judgments, and its court's have found that New York statutes do not follow property into New Jersey, where New Jersey law would apply. *Commercial Credit Corp. v. Colando*, 125 N.J.L. 285, 287 (E. & A. 1940).

**A. Plaintiff Cruz lacks standing and his claims are barred by judicial estoppel because of his bankruptcy and discharge.**

It is well settled that a court "may take judicial notice of [a] bankruptcy proceeding and consider the existence of those proceedings on a motion to dismiss." *Cohain v. Klimley*, 2010 U.S. Dist. LEXIS 98870 at *38, n. 8 (S.D.N.Y. Sept. 20, 2010). Accordingly, this Court should take judicial notice that Cruz filed his bankruptcy petition on January 28, 2010, never scheduled this cause of action (which, according to the Amended Complaint, accrued in August 2009) as an asset, and obtained his discharge on May 20, 2010. See D'Elia Dec. Exs. B-C. These facts establish that Cruz lacks standing to bring this action and that this action is barred by judicial estoppel.

---

[1] The attached Exhibits are documents concerning the Portfolio Recovery levy proceeding referenced in paragraph 16 of the Amended Complaint. *Leland Eaves v. Designs for Fin., Inc*., 2011 U.S. Dist. LEXIS 33654 (S.D.N.Y. Mar. 30, 2011) (Court may consider documents integral to the complaint and relied upon in it, even if not attached or incorporated by reference.) See also, *Chambers v. Time Warner, Inc*., 282 F.3d 147, 152-53 (2d Cir. 2002).

DM1\2583854.1

Because Cruz failed to list this claim in his bankruptcy schedules, it remains the property of the bankruptcy estate even after discharge, and Cruz now lacks standing to pursue it. *Galin v. United States*, 2008 U.S. Dist. LEXIS 103884 at *15 (E.D.N.Y. Dec 23, 2008) (holding that because debtor failed to list a claim as an asset on her bankruptcy petition, she did not have standing to later pursue the claim); *Pealo v. AAF McQuay, Inc.*, 140 F. Supp. 2d 233, 237, (N.D.N.Y. 2001) ("many courts have held that a debtor… lacks the legal capacity to pursue claims that were not disclosed to the bankruptcy estate."); *Rosenshein v. Kleban*, 918 F. Supp. 98, 103 (S.D.N.Y. 1996) ("Courts have held that because an unscheduled claim remains the property of the bankruptcy estate, the debtor lacks standing to pursue the claim after emerging from bankruptcy, and the claim must be dismissed.") *See also, Coffaro v. Crespo*, 721 F. Supp. 2d 141 (E.D.N.Y. June 24, 2010) (holding that debtor that did not schedule asset in bankruptcy had no standing to maintain an action based on claim).

Additionally, judicial estoppel is routinely invoked "to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy." *Negron v. Weiss*, 2006 U.S. Dist. LEXIS 69906 at *8 (E.D.N.Y. Sept. 27, 2006). *See also, Galin v. IRS*, 563 F. Supp. 2d 332, 338-39 (D. Conn. 2008) (noting that "judicial estoppel is particularly appropriate when a party does not disclose as asset to the bankruptcy court and then brings a claim in another court based upon the ownership of that asset"). Cruz has taken inconsistent positions between this action and the position he took earlier in his bankruptcy proceeding. Bankruptcy petitioners have an affirmative obligation to disclose all assets to the bankruptcy court, including all causes of action that can be brought by the debtor. See 11 U.S.C. §541(a)(1); 11 U.S.C. §521(a)(1). Cruz alleges an unlawful restraint on his checking and savings accounts in August 2009. Am. Compl. ¶¶ 12-14. He clearly knew of this claim when he filed

the Bankruptcy on January 28, 2010, and the Bankruptcy court acted upon his position in granting discharge. Accordingly, this action is also barred by judicial estoppel.

**B.** **New York's Exempt Income Protection Act is not applicable to Plaintiff Pain's New Jersey bank account and New Jersey Levy Proceeding.**

New Jersey law, rather than the NY EIPA, governs Pain's account, which he opened in Piscataway, NJ and which was subject to a levy proceeding in New Jersey – not New York. New Jersey law applies, even when the customers reside in New York, if the bank account is located in New Jersey because "both New York and New Jersey have adopted Uniform Commercial Code § 4-102(b), which provides that for the purpose of determining liability of a branch or separate office of a bank for action or non-action with respect to an item handled by it for purposes of presentment, payment, or collection, the 'liability is governed by the law of the place where the branch or separate office is located.' N.J.U.C.C. § 4-102(b); N.Y.U.C.C. § 4-102(b). *Pereira v. United Jersey Bank, N.A.*, 201 B.R. 644, 668-669 (S.D.N.Y. 1996). New Jersey likewise has a statutory scheme for the enforcement of judgments, and the New York EIPA should not apply to Pain's New Jersey checking account. New Jersey applies its own law. *Commercial Credit Corp. v. Colando*, 125 N.J.L. 285, 287 (E. & A. 1940). As noted earlier, the EIPA specifically address its' application to the "judgment debtor's banking institution account". §5222(i). The EIPA does not base its jurisdiction on the account holder's residence. Accordingly, Pain lacks standing to bring this action based upon various violations of New York's EIPA because his checking account was opened and maintained in New Jersey.

**C.** **There is no express private right of action under the EIPA.**

The EIPA became effective on January 1, 2009 when it amended Article 52 of New York's Civil Practice Law and Rules, which governs garnishment proceedings in the State of New York and is entitled "Enforcement of Money Judgments." N.Y. C.P.L.R. §§5205, 5222,

6

5222a, 5230-32.  The EIPA does not expressly create a private right of action for judgment

debtors like Plaintiffs to sue banks like TD Bank for violations of the statute or its attendant

regulations.

The core of Plaintiffs' claims involve alleged violations of the EIPA.  (Am. Compl. ¶¶1-

4, 19-21-36a – f.).  The EIPA amended Article 52 to require that notice be given to judgment

debtors about their rights to claim certain property as lawfully exempt from execution,

attachment or garnishment.  Such exemptions are not novel concepts in New York.[2]  Under

Article 52, exemption claims between the judgment debtor and judgment creditor are to be

adjudicated exclusively in a "special proceeding" in New York state court with competent

jurisdiction and familiarity with the underlying facts of the judgment.  N.Y. C.P.L.R. §§ 5225(b);

*Portfolio Recovery Assoc., LLC v. Castillo*, 881 N.Y.S. 2d 870, 873 (Dist. Ct. 2009).  Thus, the

plain text of this statute clearly creates a statutory scheme designed to enforce state court

judgments, and makes absolutely no mention of a private right of action against financial

institutions for alleged violation of this scheme.

Plaintiffs do not, and cannot, specify any express language in Section 5222, or any other

section in Article 52, that confers on them a private right of action against TD Bank in this Court.

None exist.  Rather, Plaintiffs ignore the statutory scheme specified in Section 5222-a(b), and

(e), which states that:

---

[2] For decades before the EIPA, New York has exempted certain types of property from collection
by judgment creditors.  This generally includes personal property, like stoves in dwellings, the
family bible, domestic animals and their food, wearing apparel, household furniture, wedding
rings and working tools; and funds or income for basic necessities, like social security, disability,
supplemental security income, public assistance, spousal support, alimony, child support,
veterans' benefits, unemployment benefits, disability benefits, workers' compensation benefits,
and public or private pensions.  N.Y. C.P.L.R. §§ 5205(a) and (d), 5222(e).

- a judgment creditor, when serving a bank with a restraining notice, is required to provide the bank with an exemption claim form, which the bank is to send on to the debtor by first class mail, N.Y. C.P.L.R. § 5222(a)(b) 1-3;

- the bank is merely a stakeholder in this proceeding, with no liabilities imposed under the statute; to the contrary, banks are given an express "safe harbor" "that insulates banks from liability for precisely the type of "violations" that the Amended Complaint improperly seeks to create: "The inadvertent failure by a depository institution to provide the notice required by this subdivision shall not give rise to liability on the part of the depository institution." N.Y. C.P.L.R. § 5222-a(b)3.

Any objections, complaints, or disputes between the judgment debtor and judgment creditor regarding the exclusion of statutorily exempt funds or exempt wages are to be resolved through a "special proceeding" before the state court issuing the judgment, and a separate trial is allowed if there are disputed questions of fact. N.Y. C.P.L.R. §§ 5239, 5225(b), 5227, 5222-a (d).  Indeed, Section 5222-a(d) specifies with explicit detail the type of hearing, motion papers, supporting affidavit or affirmation and other required evidence, together with the timing of the hearing, the burden of proof, and the timing and terms of the Court order.  Finally, in addition to the Section 5222-a(b)3 "safe harbor," Sections 5225(b) and 5227 further demonstrate the New York legislature's intent to insulate banks from liability or financial risk in the statutory scheme by precluding the award of costs against parties in special proceedings who do not dispute the judgment or indebtedness.

Thus, the clear text of the statute under which Plaintiffs assert their claims, does not expressly create a private right of action against stakeholder financial institutions.  On the

8

contrary, it expressly directs proceedings regarding enforcement and dispute of money judgments between the debtor and creditor to the state court where those judgments were issued from. Through Article 52 and Section 5222, the State of New York has established a specific state court system for dealing with the collection of state court monetary judgments. There simply is no duplicative, independent cause of action created for private rights of action against banks under this statute. Rather, there is an express "safe harbor" in Section 5222-a(b)3 that insulates banks from liability for precisely the type of "violation" that the Amended Complaint improperly seeks to create. Accordingly, the Amended Complaint should be dismissed.

### D. There is no implied private right of action under the EIPA.

A private right of action cannot be implied from Section 5222. *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15-16, (1979), established that, when considering if an implied private right of action exists, what ultimately must be determined is whether the legislature "intended to create the private remedy asserted." The existence of a statutory violation and resulting harm to a person "does not automatically give rise to a private cause of action in favor of that person." *Cannon v. University of Chicago*, 441 U.S. 677, 688, (1979).

*Cort v. Ash*, 422 U.S. 66, 78 (1975), established the relevant factors for implying a private right of action from a federal statute. Under New York law, there is a similar test for determining whether such a private right of action should be implied by analyzing the overall structure of the legislation. If the statute does not expressly create a private right of action, then such a right exists only if it "may fairly be implied" from reading of the statute's text. *Kratzert v. White Lodging Services Inc.,* 2010 WL 883677 at *1 (N.D.N.Y. March 8, 2010), citing, *Sheehy v. Big Flats Cmty. Day, Inc.*, 73 N.Y.2d 629, 633 (1989). Three factors exist under the New York law test: "(1) whether the plaintiff is one of the class for those particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the

9

legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme." *Id.* See also *CPC Int'l. Inc. v. McKesson Corp.*, 70 N.Y.2d 268, 276-77 (1987). Of these factors, the third – consistency with the legislative scheme – is the "most important". *Kratzert*, 2010 WL 883677, (citing *Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 N.Y.2d 314, 325 (1983).)

In *Sheehy*, the court noted that the legislature "has both the right and the authority to select the methods to be used in effectuating its goals, as well as to choose the goals themselves." 73 N.Y. 2d at 634. Thus, "regardless of its consistency with the basic legislative goal, a private right of action should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the legislature or with some other aspect of the over-all statutory scheme." *Id.* at 635. If the legislature has not been completely silent concerning some type of express civil remedy, then a court should not attempt to fashion a broader remedy. *Id.* at 636.

Applying the New York State test here, and given the Court's history of declining to imply a cause of action to various statutory schemes, it is clear that the legislature did not intend to imply a private right of action under the EIPA.

Nothing in the statute or the EIPA's legislative history even remotely suggests that the creation of a private right of action against banks by judgment debtors (like Plaintiffs) would be consistent with the legislative scheme. Indeed, Article 52's legislative scheme, both before and after the EIPA's enactment, gives no private right of action against banks that are merely garnishment stakeholders to Plaintiffs or the class that they seeks to represent. Instead, as shown above, Section 5222-a(b)3 creates a "safe harbor" that insulates banks from exactly the type of "violation" that the Amended Complaint improperly seeks to manufacture. Further, Article 52 expressly provides limited and specific causes of action:

- a "special proceeding" commenced by the judgment creditor against the person possessing the judgment debtor's money or property to require delivery of that money or property of the debtor to the judgment creditor, N.Y. C.P.L.R. §5225(b); or

- a "special proceeding" by the judgment creditor against a person indebted to the judgment debtor to require that person to pay the judgment creditor the debt it owes to the judgment debtor, N.Y. C.P.L.R. §5227; and

- Other than for contempt of court against "any person" for refusing to obey a subpoena or restraining notice, making false statements during an examination or to written questions, or defacing or removing posted sale notices, N.Y. C.P.L.R. §5251, there is no other claim that that is expressly permitted to be brought against a bank under Article 52.

Indeed, EIPA expressly creates a claim process limited solely for claims between the judgment debtor and the judgment creditor. N.Y. C.P.L.R. §5222-a(d) and (g). Also, it only allows the judgment debtor to "intervene" in the "special proceedings," N.Y. C.P.L.R. §§ 5225(b), 5227, and to assert a claim to any exemption against the judgment creditor and, under some circumstances, to recover attorneys' fees and actual damages against the judgment creditor. N.Y. C.P.L.R. §5222-a(g).

Finally, the EIPA was modeled specifically on a prior, similar statute in Connecticut. See L.208 Ch. 575 Bill Jacket. Unlike New York's EIPA, the Connecticut law expressly provides for a private right of action against a bank. Conn. Gen. Stat. Ann. §52-367b (n). Conversely, the New York State legislature made a conscious choice not to include a private right of action against banks in its EIPA.

DM1\2583854.1

Plaintiffs have failed to exhaust the statutory remedies afforded them under the EIPA. Instead, Plaintiffs filed a separate action circumventing the comprehensive legislative scheme that already exists to regulate the enforcement and collection of money judgments. Article 52 was enacted for that purpose, and the EIPA has provided provisions which expand upon that scheme, but do not wholly interrupt it. Through the filing of this action, Plaintiffs deliberately seek to circumvent Article 52 whose language expressly contemplates that its remedies should be considered by the court that issued the judgment.

Since there is no implied private right of action against banks like TD Bank under the EIPA, the Amended Complaint should be dismissed.

## E. Abstention is required under the *Burford* doctrine.

As shown above, the state statutory scheme established in New York creates specific proceedings through which parties resolve the enforcement and collection of money judgments. Plaintiffs provide no support for their finding of an implied private right of action for an alleged violation of a specific state statutory enforcement proceeding. Thus, this Court should abstain from hearing Plaintiffs' Amended Complaint under the *Burford* abstention doctrine. *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

In *Burford*, as in the instant matter, Plaintiffs' core claims were purely state law claims filed in federal court through diversity jurisdiction. *Id.* at 317, 331. Under the *Burford* abstention doctrine, "[w]here timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies... where the 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 361 (1989) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S.

800, 814 (1976)). No pending state judicial proceeding is required for *Burford* abstention to apply.

All of the elements of the *Burford* abstention doctrine are met here. As explained above, New York has made a concerted effort to create a specific system with an exclusive remedy for dealing with the collection of state court monetary judgments.

Moreover, under well established New York law, common law tort claims cannot be used to evade an existing, comprehensive legislative scheme. For instance, in *City of New York v. Smokes-Spirits.com*, 12 N.Y.3d 616, 624 (2009), the court held that, in the presence of a comprehensive public health enforcement scheme of N.Y. Public Health Law § 1399-*ll*, the legislature clearly did not intend to authorize independent public nuisance claims based on the same facts and alleged violations. *Smokes-Spirits.com*, 12 N.Y. 3d at 628.

Likewise, in *Fumarelli v. Marsam Dev. In.,* 92 N.Y. 2d 298, 301 (1998), the court dismissed an action under common law "housing merchant implied warranty claim" given the existence of a *statutory* housing merchant implied warranty. "The history, timing, working and breadth of the statutory enactment all indicate that the legislature did not intend an overlapping dual tract that would engender confusion, indefiniteness, and lawsuits." *See also Burns Jackson Miller Summit & Spitzer*, 59 N.Y.2d at 335 (no common-law claim when the legislature has established an otherwise comprehensive scheme); *430 Broome Street Realty Corp. v. Bonnouvrier*, 851 N.Y.S.2d 69, 69 (N.Y. Gen. Term 2007) (dismissing a common-law claim because Real Property Law § 232-a, provides the exclusive remedy for evicting a month-to-month tenant); *Burke v. Torres*, 509 N.Y.S.2d 11, 13 (N.Y. App. Div. 1986) (dismissing the employee's common-law claim against a fellow employee given that the legislature intended Workers' Compensation Law § 29 as the exclusive remedy).

Here, a comprehensive statutory scheme already exists.  Plaintiffs should not be allowed to circumvent that statutory scheme by filing an impermissible private right of action, or to pursue their impermissible action by substituting common law claims in its place.  Accordingly, this Court should abstain from exercising federal review of state proceedings and the Amended Complaint should be dismissed.

**F.    Plaintiffs' Claims Are Preempted Because TD Bank Is A National Bank.**

The federal preemption doctrine precludes states from attempting to control or significantly interfere with the operation of instrumentalities that are federally created, controlled, and regulated.  This is rooted in the Supremacy Clause of Article VI of the Constitution of the United States.  Article VI states:  "the Laws of the United States…shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."  U.S. Const. Art. VI, cl. 2.

"Federal preemption of a state statute can be express or implied, and generally occurs: [1] where Congress has expressly preempted state law, [2] where Congress has legislated so comprehensively that federal law occupies an entire field of regulation and leaves no room for state law, or [3] where federal law conflicts with state law."  *SPGC, LLC v. Blumenthal*, 505 F.3d 183, 188 (2d Cir. 2007); *see generally Barnett Bank of Marion County, N.A. v. Nelson*, 517 U.S. 25, 31 (1996).

National banks like TD Bank are subject to the federal preemption doctrine because they are created, empowered to act, regulated, and supervised under comprehensive federal laws and regulations.  For instance, "[A] national bank …is an 'instrumentalit[y] of the federal government, created for a public purpose, and as such necessarily subject to the paramount authority of the United States.'"  *Marquette Nat'l. Bank of Minneapolis v. First of Omaha Serv. Corp.*, 439 U.S. 299, 308 (1978), (quoting *Davis v. Elmira Sav. Bank*, 161 U.S. 275, 283 (1896)).

14

Thus, "the States can exercise no control over [national banks], *nor in any wise affect their operation*, except in so far as Congress may see proper to permit." *Watters v. Wachovia Bank, N.A.,* 550 U.S. 1, 11 (2007) (emphasis added). "[S]tate regulation is preempted if it will 'significantly interfere with the national bank's exercise of its powers.'" *Wachovia Bank, N.A. v. Burke*, 414 F.3d 305, 314 (2d Cir. 2005), quoting *Barnett Bank*, 517 U.S. at 33.

Further, federal legislation called the National Bank Act (*"NBA"*), under which national banks like TD Bank are chartered, also empowers national banks to "exercise…all such incidental powers as shall be necessary to carry on the business of banking." 12 U.S.C. § 24 (2010). These "incidental powers" expressly include receiving and managing deposits, and charging fees for deposit-related services. *Id.*

Finally, the Office of the Comptroller of the Currency (*"OCC"*) has regulatory and supervisory power over national banks. Under that authority, the OCC has issued regulations defining the "incidental powers" a national bank may exercise without state interference. See e.g. *Nations Bank of N.C., N.A. v. Variable Annuity Life Ins. Co.,* 513 U.S. 251, 256-58, (1995). Like Section 24 of the NBA, "incidental powers" of a national bank under OCC regulations include the ability to charge fees. 12 C.F.R. § 7.4002(a), (giving national banks explicit "[a]uthority to impose charges and fees."); 12 C.F.R. § 7.4002(b) (considerations for fees); 12 C.F.R. § 7.4009(b) (state laws that obstruct, impair, or condition a national bank's ability to fully exercise its powers to conduct activities authorized under federal law do not apply to national banks).

In a direct conflict with the foregoing federal law and regulations, the EIPA seeks to control how national banks control their accounts. N.Y. C.P.L.R. §§ 5205, 5222, 5222-a, 5230, 5231 and 5232. Specifically, the EIPA tries to control:

- what kind of fees banks can charge for restraining notices and when they can charge them *id.* § 5222(j)[3]

- how a bank must manage its accounts when served with a restraining notice, *id.* §5222(h) and (i)); and

- how, when and what a bank must communicate with its account holder when served with a restraining notice, *id.* § 5222-a(b)(3)).[4]

Here, the Amended Complaint seeks to impose all of these EIPA requirements on TD Bank. (Am. Compl. ¶¶ 22-28, 36). Since the Amended Complaint alleges that TD Bank "is a major national bank," these EIPA requirements are preempted because federal banking law and regulations conflict with the EIPA's control of when and how TD Bank can charge fees, and how and when it must hold balances in its accounts when it receives a restraining notice. See e.g. *Monroe Retail Inc. v. RBS Citizens, N.A.*, 589 F.3d 274, 283-84 (6th Cir. 2010) (Ohio state garnishment statute concerning fees preempted); *Lopez v. Washington Mutual Bank, F.A.,* 302 F.3d 900 (9th Cir. 2002) (California statute similar to the EIPA – exempted Social Security and Supplemental Security Income (SSI) benefits and sought to preclude use of service charges and fees – was preempted by federal regulations promulgated by the Office of Thrift Supervision 12 C.F.R. §§ 557.11.12).

Thus, the EIPA's attempted control of a national bank's charges and restraint procedures clearly is preempted by federal law because it would interfere with TD Bank's "ability to collect and set their service fees [and]…to complete other transactions and balance their accounts."

---

[3] N.Y. C.L.R. § 5222(j) prohibits banks from charging a fee for processing a restraining notice unless the restraining notice is lawful, which would require banks to evaluate the legality of each restraining notice and to do it without of charge if the restraint is improper.

[4] Before the EIPA, these sections of the C.P.L.R. imposed no express directions or duties on banks.

DM1\2583854.1

*Monroe*, 589 F.3d at 284; see also OCC Interp. Letter (Jan. 18, 2007); OCC Interp. Letter 1094, 2008 WL 3582730 (Feb. 27, 2008); OCC Interp. Letter No. 1082, 2007 WL 3341502, at * 2 (May 17, 2007); OCC Interp. Letter No. 933, 2002 WL 31955273 at * 4 (Aug. 17, 2001). [5]

Given the foregoing, any effort to enforce alleged EIPA violations against a national bank like TD Bank is preempted by federal laws and regulations. Accordingly, the Amended Complaint should be dismissed.

### G.     The Amended Complaint Fails To State a Claim.

Under Rule 12(b)(6), a complaint may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a federal court complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is ***plausible on its face***." *Twombly*, 550 U.S. at 570 (emphasis added); See also, *Wetzel v. Town Boward of Orangetown*, 2010 U.S. Dist. LEXIS 36495, at *3 (S.D.N.Y. Apr. 12, 2010), *Ranno v. Hartford Life & Accident Ins. Co.*, 2010 U.S. Dist. LEXIS 65463, at *8 (S.D.N.Y. May 14, 2010) (granting motion to dismiss because Plaintiff failed to state a claim for relief). In *Iqbal*, the Supreme Court confirmed that the *Twombly* pleading standard apply in "all civil actions." 129 S. Ct. at 1953.

The Rule 12 (b)(6) pleading standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 554. Instead, "a court considering a motion to dismiss can choose to begin by identifying pleadings

---

[5] Even the State of New York's Banking Department acknowledges that no State law may control how a national bank imposes charges and fees on its customers:

> The [New York Banking Department] Banking Board hereby finds that Title 12, code of Federal Regulations, Section 7.4002 provides that national banks may impose charges and fees on their customers…***regardless of any State laws.***

3 N.Y. C.R.R. § 6.8(c) (emphasis added).

that, because they are no more than conclusions, are not entitled to the assumption of truth.

Legal conclusions can provide the framework of a complaint; however, they must be supported

by factual allegations." *Iqbal*, 173 L. Ed. 2d at 884. Such factual allegations, in turn, must be

***plausible***. *Twombly*, 550 U.S. at 570. For Rule 12(b)(6) purposes, "[a] claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 554.

As shown below, the Amended Complaint fails the *Twombly* test in several material

respects. Thus, the Amended Complaint must be dismissed.

Moreover, all of the common law tort claims are barred by New York's "economic loss

doctrine". That doctrine prevents recovery of pecuniary damages by plaintiff in the absence of

contractual privity or proof of a special duty of care owed to it by defendant. *Travelers Cas. &*

*Sur. Co. v. Dormitory Auth.*, 734 F. Supp. 2d 368, 378 (S.D.N.Y. 2010). Thus, under New York

law, a plaintiff cannot recover in tort for purely economic losses caused by the defendant's

negligence. See, e.g., *532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc.*, 271 A.D.2d

49, 711 N.Y.S.2d 391, 393 (App. Div. 1st Dep't 2000) ("*Finlandia I*"), rev'd, on other grounds 96

N.Y.2d 280, 289, 750 N.E.2d 1097, 727 N.Y.S.2d 49 (2001) ("*Finlandia II*"). Under economic

loss doctrine, the defendant is not liable to a plaintiff for the latter's economic loss unless there

exists "a special relationship that requires the defendant to protect against the risk of harm to

plaintiff." *Finlandia* II, 96 N.Y.2d at 289. "[C]ourts have applied the economic loss rule to

prevent the recovery of damages that are inappropriate because they actually lie in the nature of

breach of contract as opposed to tort." See, e.g., *Hydro Investors, Inc. v. Trafalgar Power Inc.*,

227 F.3d 8, 16 (2d Cir. 2000); see also *Finlandia I*, 711 N.Y.S.2d at 393-94 (noting that the

effect of the economic loss rule is "that a claimant suffering purely financial losses is restricted

to an action in contract for the benefit of its bargain"); *Bristol-Myers Squibb, Indus. v. Delta Star*, 206 A.D.2d 177, 181 (NY 4th Dep't 1994) ("The economic loss rule reflects the principle that damages arising from the failure of the bargained-for consideration to meet the expectations of the parties are recoverable in contract, not tort."). Here, the original complaint's fifth cause of action sued TD Bank for breach of contract. The economic loss doctrine bars Plaintiffs' attempt to convert that into tort claims.

    1.    **Plaintiffs' First Cause Of Action For Violation Of The Exempt Income Protection Act Should Be Dismissed.**

As shown above, Plaintiffs fail to state an express or implied private cause of action for violation of the EIPA. Thus, Plaintiffs first cause of action for EIPA violations ignores the language of Article 52, which states exemption claims between the judgment debtor and judgment creditor are to be adjudicated exclusively in a "special proceeding" in New York state court with competent jurisdiction and familiarity with the underlying facts of the judgment. N.Y. C.P.L.R. §§ 5225(b); *Portfolio Recovery Assoc., LLC v. Castillo*, 881 N.Y.S. 2d 870, 873 (Dist. Ct. 2009). A statutory scheme has been created for the enforcement of state court judgments.

Further, a private right of action cannot be implied from Section 5222. The Court in *Sheehy v. Big Flats Cmty. Day, Inc.*, 73 N.Y.2d 629, 636 (1989) stated that where the legislature has not been completely silent but has instead made some express provisions for civil remedy, the courts should ordinarily not attempt to fashion a different remedy, with broader coverage. Plaintiffs have statutory remedies available to them, and have failed to exhaust those remedies. Instead, Plaintiffs seek to circumvent Article 52 and the comprehensive legislative scheme that exists to regulate the enforcement and collection of money judgments. Since there is no implied private right of action against banks like TD Bank under the EIPA, the Amended Complaint should be dismissed.

### 2. Plaintiffs' Second Cause Of Action For Conversion Should Be Dismissed.

Plaintiffs' conversion claim fails, as matter of law, because it is predicated on TD Bank's alleged unlawful restraint of fungible, deposited funds pursuant to a judgment creditor's requests.

It is well settled law in New York that funds in a checking account cannot be "converted" by the bank in which the money is deposited because the funds are not identifiable property. *Tevdorachvili v. Chase Manhattan* Bank, 103 F. Supp. 2d 632, 643 (E.D.N.Y. 2000); *Calisch Assocs., Inc. v. Manufacturers Hanover Trust Co.*, 151 A.D. 2d 446, 448, 542 N.Y.S. 2d 644, 646 (1st Dep't. 1989). Indeed, under New York law, conversion only occurs "when a defendant exercises unauthorized dominion over personal property in interference with a plaintiff's legal title or superior right of possession." *LoPresti v. Terwillinger,* 126 F.3d 34, 41 (2d Cir. 1997). Plaintiffs' ordinary banking relationship with TD Bank creates a debt owed to Plaintiffs by the bank, but no identifiable property which could be converted. *Miller v. Wells Fargo Bank International Corp.,* 540 F.2d 548, 560 (2d Cir. 1976). Accordingly, Plaintiffs' second cause of action for conversion should be dismissed.

### 3. Plaintiffs' Third Cause of Action For Breach of Fiduciary Duty Should Be Dismissed.

No fiduciary relationship exists between TD Bank and Plaintiffs. Under New York law, there is no fiduciary relationship between banks and customers. Rather, the legal relationship between a bank and a customer is an arm's length, debtor-creditor relationship. *Tevdorachvili*, 103 F. Supp. 2d. at 640, citing *Aaron Ferer & Sons, Ltd. v. Chase Manhattan Bank*, 731 F. 2d 112, 122 (2d Cir. 1984); see also, *Bernice v. Lakeshore S&L Ass'n.*, 254 A.D. 2d 731, 677 N.Y.S. 2d 842, 854 (4th Dep't. 1998).

"When parties deal at arms length in a commercial transaction, no relation of confidence or trust sufficient to find the existence of a fiduciary relationship will arise absent extraordinary

circumstances." *Cal. Distrib. v. Cadbury Schweppes Ams. Bevs., Inc.*, 2007 U.S. Dist. Lexis 854, (S.D.N.Y. Jan. 5, 2007); *Osan Ltd. v. Accenture LLP*, 454 F. Supp. 2d 46, 57 (E.D.N.Y. 2006) ("a conventional business relationship, without more, does not become a fiduciary relationship by mere allegation.").

Moreover, Amended Complaint fails to allege any of the elements required to state a claim for breach of fiduciary duty under New York law: (1) that the defendant breached a fiduciary duty owed to the plaintiff; (2) that the defendant knowingly participated in the breach of fiduciary duty; and (3) that the plaintiff suffered damage proximately caused by the alleged breach. *S & K Sales Co. v. Nike, Inc.*, 816 F. 2d 843, 848 (2d Cir. N.Y. 1987); *Whitney v. Citibank, N.A.*, 782 F. 2d 1106, 1115 (2d Cir. N.Y. 1986).

Here, Plaintiffs vaguely allege that TD Bank owed them a fiduciary duty by "retain[ing] [his] funds" until they sought its return. (Am. Compl. ¶ 58). That allegation is plainly insufficient to state a plausible claim to overcome New York law by changing Plaintiffs' banking relationship into some type of fiduciary duty. Accordingly, Plaintiffs' third cause of action for breach of fiduciary duty should be dismissed.

### 4.     Plaintiffs' Fourth Cause Of Action For Fraud Should Be Dismissed.

Plaintiff's common law fraud claim in their fourth cause of action fails to state a claim because the allegations are too vague as to the specific conduct of Defendant. Am. Compl. ¶¶ 61-65.

Plaintiffs have failed to allege the required elements of fraud under New York law (1) a material representation or omission of fact; (2) made with knowledge of its falsity; (3) with scienter or an intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) such reliance caused damage to the plaintiff. *Anwar v. Fairfield Greenwich, Ltd.*, 728 F. Supp. 2d 372, 414 (S.D.N.Y. 2010). Even when read liberally, Plaintiffs' fraud claim is devoid of the

21

essential elements of a cause of action.  (See Am. Compl. ¶¶ 62-63.).  Specifically, Plaintiffs have failed to allege that any of the purported fraudulent acts or omissions were made by TD Bank with "knowledge of their falsity" or with the "intention" that Plaintiffs rely on them, or that Plaintiffs relied on any alleged conduct by TD Bank.  This failure to state fraud with particularity also violates Federal Rule of Civil Procedure 9(b) and warrants dismissal. *Waite v. Schoenbach*, 2010 U.S. Dist. LEXIS 115470 (S.D.N.Y. Oct. 29, 2010); *See also, Cargo Partners AG v. Albatrans Inc.*, 207 F. Supp. 2d 86, 116 (S.D.N.Y. 2002)

To state a claim for fraud in New York, plaintiff must allege "that the defendant knowingly made a false statement of material fact with the intent to induce the plaintiff's reliance, and also that the plaintiff did in fact rely on that false statement to its detriment." Fraud also is subject to the heightened pleading standards of Rule 9(b), which state that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b) requires the complaint to give particulars regarding "the fraudulent content of the speech, the time and place at which the statements were made, and the identity of individuals making the fraudulent statements." *Apex Mar. Co. v. OHM Enters.*, 2011 U.S. Dist. LEXIS 35707 (S.D.N.Y. Mar. 30, 2011).  Plaintiffs' fraud claim utterly fails this test, so it must be dismissed.

**5.    Plaintiffs' Fifth Cause Of Action For Unjust Enrichment Should Be Dismissed.**

When a plaintiff "does not possess a private right of action under" a particular statute, and "does not allege any actionable wrongs independent of the requirements of the statute," a "claim for . . . unjust enrichment [is] properly dismissed as an effort to circumvent the legislative preclusion of private lawsuits for violation of the statute." *Broder v. Cablevision Sys. Corp.*, 418 F. 3d 187, 203 (2d Cir. N.Y. 2005); *Han v. Hertz Corp.*, 12 A.D. 3d 195, 784 N.Y.S. 2d 106,

107 (App. Div. 1st Dep't 2004). Here, the Amended Complaint does not allege any actionable wrongs independent of the requirements of the EIPA. Rather, it improperly engages in a transparent "effort to circumvent the legislative preclusion of private lawsuits for violation of the statute." *Broder v. Cablevision Sys. Corp.*, 418 F. 3d at 203. Thus, the claim for unjust enrichment should be dismissed. *Han*, 784 N.Y.S. 2d at 107.

Moreover, where, as here, there allegedly exists a contract specifically governing a particular subject matter, plaintiffs may not seek recovery in quasi-contract for events arising out of the same subject matter. See *Bellino Schwartz Padob Advertising, Inc. v. Solaris Mktg. Group*, 635 N.Y.S. 2d 587, 588 (1st Dep't. 1995) (existence of agreement between plaintiff and the defendants barred quasi contract claim against both signatory and non-signatory defendants); *CBS Broad., Inc. v. Jones,* 460 F. Supp. 2d 500, 505-06 (S.D.N.Y. 2006), quoting *Eagle Comtronics, Inc. v. Pico Products, Inc*., 256 A.D. 2d 1202, 682 N.Y.S. 2d 505, 506 (4th Dep't. 1998) (existence of a contract governing a particular subject matter precludes recovery in quasi-contract or unjust enrichment for occurrences or transactions arising out of the same matter.). Thus, a claim for unjust enrichment is barred by the existence of a "contract and/or service agreement" and Plaintiffs vaguely allege "[u]pon information and belief" that each class member entered into an enforceable contract with TD Bank. (Am. Compl. ¶ 55). Accordingly, for the reasons stated above, Plaintiffs' fifth cause of action for unjust enrichment should be dismissed.

### 6.     Plaintiffs' Sixth Cause of Action For Negligence Should Be Dismissed.

As a matter of law, negligence *per se* claims are not cognizable when, as here, the statute on which the claim is based lacks a private right of action. *Dubai Islamic Bank v. Citibank, N.A.,* 126 F. Supp. 2d 659, 668 (S.D.N.Y. 2000).

Here, Plaintiffs' negligence claim hinges on an allegation that TD Bank violated C.P.L.R. §5222 implementing the EIPA. (Am. Compl. ¶ 52). As shown above, that statute does not

provide a private right of action, and because such a claim is not permitted for purported violations of administrative regulation such as those promulgated under the EIPA.

Moreover, banks owe no tort duties to customers. *Tevdorachvili v. Chase*, 103 F. Supp. 2d at 643-44 (dismissing negligence claim against bank because of lack of tort duty); *Wexselblatt v. Bank of Boston Int'l.*, 666 F. Supp. 513, 517 (S.D.N.Y. 1987) (dismissing negligence claim against bank); *Calisch Assocs., Inc. v. Manufacturers Hanover Trust Co.*, 151 A.D. 2d at 447, 542 N.Y.S. 2d at 645-46 ("A cause of action for negligence cannot be based on a breach of a contractual duty."); *Polzer v. TRW, Inc.*, 256 A.D.2d 248, 248-49, 682 N.Y.S. 2d 194, 195 (1st Dep't. 1998) (dismissing negligence claim for identity theft because plaintiff "stood simply in a creditor/debtor relationship"); *Quail Ridge Assocs. v. Chem. Bank,* 162 A.D.2d 917, 918-19, 558 N.Y.S.2d 655, 657 (3d Dep't. 1990) appeal dismissed, 76 N.Y.2d 936, 563 N.Y.S.2d 64 (1990) (dismissing negligence claim against bank for loan administration that allegedly determined incorrectly that a deficiency existed); *Luxonomy Cars, Inc. v. Citibank, N.A.*, 65 A.D.2d 549, 408 N.Y.S.2d 951 (2d Dep't. 1978) (dismissing claims that bank failed to exercise reasonable care in accelerating loan and debiting checking account). Accordingly, Plaintiffs' sixth cause of action for negligence per se should be dismissed.

### V.     Conclusion

For all the reasons shown above, TD Bank, N.A. respectfully requests that the Court dismiss this action in its entirety with prejudice:

*First*, Cruz filed Chapter 7 bankruptcy and received a discharge *after* the events alleged in this action without listing this action as an asset. Accordingly, he lacks standing to bring this action and this action is barred by judicial estoppel.

*Second*, Pain opened his TD Bank checking account in the Piscataway, New Jersey, and that New Jersey account was the subject of a levy proceeding pending in New Jersey (not New

24

York), and is not subject to New York State's EIPA. Accordingly, Pain lacks standing to bring this action.

*Third*, there is no express implied private right of action against banks like TD Bank under the EIPA to recover damages, and the Amended Complaint improperly attempts to manufacturer one.

*Fourth*, Plaintiffs' effort to assert an EIPA violation is barred by the *Burford* abstention doctrine because New York has an established statutory scheme for the enforcement and collection of money judgments.

*Fifth*, Plaintiffs' effort to assert an EIPA violation is barred by the federal preemption doctrine because TD Bank is a national bank created, empowered to act, regulated, supervised and governed by the federal law and federal regulations.

*Sixth*, the Amended Complaint is filled with legal conclusions and unsupported factual assertions based "upon information and belief" that fail to satisfy any of the necessary pleading requirements under the Federal Rules of Civil Procedure.


Dated:   New York, New York                              DUANE MORRIS LLP
         April 11, 2011

                                                         /s Justin Joseph D'Elia
                                                         John Dellaportas
                                                         Justin Joseph D'Elia
                                                         1540 Broadway
                                                         New York, New York 10036
                                                         (212) 692-1000 (tel)
                                                         (212) 692-1020 (fax)

                                                         Alexander D. Bono
                                                         30 South 17th Street
                                                         Philadelphia, PA 19103-4196
                                                         (215) 979-1000 (tel)
                                                         (215) 979-1020 (fax)
                                                         *Counsel for TD Bank, N.A.*