UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
GARY CRUZ, and CLAUDE PAIN,            :
Individually and on behalf of all others       :
similarly situated,                                       :
                                                                  :    Case No.: 10-CV-8026 (PKC)
                                                                  :
                         Plaintiffs,                         :
                                                                  :
           - against -                                       :
                                                                  :
                                                                  :
TD BANK, N.A.,                                        :
                                                                  :
                         Defendant.                     :
-----------------------------------------------------X

# TD BANK, N.A.'S REPLY BRIEF SUPPORTING
# MOTION TO DISMISS AMENDED COMPLAINT

| | |
|---|---|
| Dated:   New York, New York<br>              June 3, 2011 | DUANE MORRIS LLP<br>John Dellaportas<br>Justin Joseph D'Elia<br>1540 Broadway<br>New York, New York 10036<br>(212) 692 – 1000 (tel)<br>(212) 692 – 1020 (fax)<br><br>Alexander D. Bono<br>30 South 17th Street<br>Philadelphia, PA 19103-4196<br>(215) 979 – 1000 (tel)<br>(215) 979 – 1020 (fax)<br>*Counsel for TD Bank, N.A.* |

**TABLE OF CONTENTS**

                                                                        **PAGE**

I.    CRUZ LACKS STANDING AND JUDICIAL ESTOPPEL BARS HIS CLAIMS BECAUSE OF HIS BANKRUPTCY DISCHARGE. ......................................................... 1

II.    PAIN LACKS STANDING TO ASSERT A VIOLATION OF NEW YORK'S EIPA. ............................................................................................................................... 2

III.    NO EXPRESS PRIVATE RIGHT OF ACTION EXISTS UNDER THE EIPA. ............... 2

        A.    THE EIPA DOES NOT CREATE AN EXPRESS RIGHT OF ACTION THROUGH NEGATIVE INFERENCE. .................................................................. 2

IV.    NO IMPLIED PRIVATE RIGHT OF ACTION EXISTS UNDER THE EIPA. ............... 4

V.    ABSTENTION IS WARRANTED. ................................................................................ 5

VI.    PREEMPTION IS WARRANTED. ................................................................................ 6

VII.    THE AMENDED COMPLAINT FAILS TO STATE A CLAIM. ..................................... 7

        A.    PLAINTIFFS' SECOND CAUSE OF ACTION FOR CONVERSION SHOULD BE DISMISSED. ................................................................................... 7

        B.    PLAINTIFFS' THIRD CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY SHOULD BE DISMISSED. ............................................... 7

        C.    PLAINTIFFS' FOURTH CAUSE OF ACTION FOR FRAUD SHOULD BE DISMISSED. .............................................................................................. 8

        D.    PLAINTIFFS' FIFTH CAUSE OF ACTION FOR UNJUST ENRICHMENT SHOULD BE DISMISSED. ......................................................... 8

        E.    PLAINTIFFS' SIXTH CAUSE OF ACTION FOR NEGLIGENCE SHOULD BE DISMISSED. ................................................................................... 8

VIII.    CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ...................................................................................7

*Barnhart v. Peabody Coal Co.*, 537 U.S. 149 (2003) ..................................................................3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................7

*Bellino Schwartz Padob Advertising, Inc. v. Solaris Mktg. Group*, 635 N.Y.S. 2d 587 (1st Dep't. 1995) ..............................................................................................................................8

*Bristol-Myers Squibb Ind. Div. v. Delta Star, Inc.*, 206 A.D. 177, 620 N.Y.S. 2d 196 (App. Div. 4th Dept. 1994) ......................................................................................................7

*Broder v. Cablevision Sys. Corp.*, 418 F. 3d 187 (2d Cir. N.Y. 2005) .........................................8

*Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 N.Y.2d 314 (1983) ...............................6

*Cannon v. University of Chicago*, 441 U.S. 677 (1979) ..............................................................4

*Christy v. Kowalski*, 316 B.R. 596 (Bankr. E.D.N.Y. 2004) .......................................................1

*Cuomo v. Clearing House*, 129 S.Ct. 2710 (2009) .....................................................................6

*Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659 (S.D.N.Y. 2000) ............................8

*Frank G. v. Bd. of Educ.*, 459 F.3d 356 (2d Cir. N.Y. 2006) ......................................................3

*Fumarelli v. Marsam Dev., Inc.*, 92 N.Y. 2d 298 (1998) .............................................................5

*Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361 (2d Cir. N.Y. 2006) .........................................3

*HydroInvestors, Inc. v. Trafalgar Power, Inc.*, 227 F.3d 8 (2nd Cir. 2000) ................................7

*Kratzert v. White Lodging Services, Inc.*, 2010 WL 883677 (N.D.N.Y. March 8, 2010) ............4

*Krohn v. Frommann*, 153 B.R. 113 (Bankr. E.D.N.Y. 1993) ......................................................1

*Marquette Nat'l. Bank of Minneapolis v. First of Omaha Serv. Corp.*, 439 U.S. 299 (1978) .....................................................................................................................................6

*Mfrs. Hanover Trust Co. v. Chemical Bank*, 160 A.D.2d 113 (1st Dep't 1990) ..........................7

*Monroe Retail, Inc. v. RBS Citizens, N.A.*, 589 F.3d 274 (6th Cir. 2010) ...................................6

*Sheehy v. Big Flats Cmty. Day, Inc.*, 73 N.Y.2d 629 (1989) ...................................................... 4

*Tevdorachvili v. Chase Manhattan Bank*, 103 F. Supp. 2d 632 (E.D.N.Y. 2000) ......................... 7

*Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11 (1979) .......................................... 4

*United States v. City of New York*, 359 F.3d 83 (2d Cir. 2004) .................................................... 3

*United States v. Smith*, 499 U.S. 160, 111 S. Ct. 1180, 113 L. Ed. 2d 134 (1991) ........................ 3

**Statutes**

12 U.S.C. §24 ................................................................................................................................. 6

12 U.S.C. §484 ............................................................................................................................... 6

12 C.F.R. §7.002(b)(2) ................................................................................................................... 6

C.P.L.R. § 5222-a(d) ...................................................................................................................... 4

C.P.L.R. § 5222-a(b)(3) .............................................................................................................. 2, 9

C.P.L.R. §5222-a(g) ....................................................................................................................... 3

C.P.L.R §5222(i) ............................................................................................................................ 2

C.P.L.R. § 5225(b) ......................................................................................................................... 4

C.P.L.R. § 5227 .............................................................................................................................. 4

C.P.L.R. § 5239 ........................................................................................................................... 4, 5

**Other Authorities**

Ballentine's Law Dictionary (3rd ed. 2010) ................................................................................. 2

Rule 9 ............................................................................................................................................. 8

This Reply Brief responds to Plaintiff's Opposition to Defendant's Motion to Dismiss the Amended Complaint. There are seven reasons why Plaintiff's Opposition lacks merit and why the Motion to Dismiss should be granted: 1) Cruz lacks standing and judicial estoppel bars his claims because of his bankruptcy discharge; 2) Pain lacks standing under the EIPA because his account and adverse judgment both are in New Jersey ; 3) No express private right of action exists under the EIPA; 4) No implied private right of action exists under the EIPA; 5) Abstention is warranted; 6) Preemption is warranted; and 7) The Amended Complaint fails to state a claim.

**I.    Cruz lacks standing and judicial estoppel bars his claims because of his bankruptcy discharge.**

A bankruptcy discharge permits an honest debtor to obtain a fresh start free from debt. *Krohn v. Frommann*, 153 B.R. 113, 116 (Bankr. E.D.N.Y. 1993). The Bankruptcy Code provides a procedure for debtors to reorder their affairs, make peace with their creditors, and enjoy a new opportunity in life, unhampered by the pressure and discouragement of pre-existing debt. This is a privilege, not a right. It inures to the benefit of the "honest but unfortunate debtor." *Christy v. Kowalski*, 316 B.R. 596, 601 (Bankr. E.D.N.Y. 2004). Here, Cruz enjoyed the privilege of bankruptcy, filed detailed schedules that never disclosed this claim and obtained a discharge. (Ex. "B" to D'Elia Declaration). Then, after learning that he lacked standing as a class representative because of his discharge, he reopened his bankruptcy and added this claim. He clearly is manipulating the bankruptcy court proceeding. Thus, he is equitably estopped from bringing this claim because he initially concealed its existence from the bankruptcy court, obtained a discharge and then reopened his petition solely for the perceived benefits of being a class representative. TD Bank's prior brief at 4-5.

**II.     Pain lacks standing to assert a violation of New York's EIPA.**

Pain cites no authority for his argument that New York's EIPA applies to the New Jersey Court judgment against his account opened in New Jersey. Moreover, the uncontroverted record shows that: Pain's TD Bank account was opened and maintained in New Jersey; he was sued in New Jersey; judgment was entered against him in New Jersey; and a restraint was applied to his account in New Jersey. (Ex. "B" to D'Elia Declaration). New Jersey has its own specific regulatory scheme for the enforcement of judgments, and New York's EIPA does not apply to Pain's New Jersey bank account and judgment. As shown in TD Bank's prior brief at 6, the EIPA specifically applies to the "judgment debtor's banking institution *account*". §5222(i)(emphasis added). The EIPA does not base its jurisdiction on the account holder's "*residence*." Accordingly, Plaintiff Pain lacks standing to bring this action based on violations of New York's EIPA because his checking account was opened and maintained in New Jersey, and the judgment against him was obtained by a creditor in New Jersey.

**III.    No express private right of action exists under the EIPA.**

    **A.    The EIPA does not create an express right of action through negative inference.**

Plaintiffs cite no words from the EIPA that say an "express" private right of action exists. The reason is clear: No such words exist. So, Plaintiffs argue that an express statutory private right of action is somehow derived by a negative implication. Lacking statutory text and case law, Plaintiffs resort to a Latin phrase: "*expressio unius est exclusio alterius*" ("the expression of one thing implies the exclusion of another thing.") **Ballentine's Law Dictionary** (3rd ed. 2010).

But, none of the cases cited by Plaintiffs hold that this Latin phrase creates an express private right of action when the words of law do not do it. Moreover, Plaintiffs erroneously compare the "safe harbor" of §5222-a(b)(3) to other inapposite cases that declined to exclude

2

unspecified exceptions from statutes listing various other exceptions, and argue incorrectly that an "express" private right of action is to be read into the EIPA by negative inference – even though the words do not exist.  Contrary to Plaintiffs' Opposition at 8, that an "irrefutable inference" is created by the EIPA's inclusion of a specific "safe harbor," additional court created federal common-law types of liability would not supplement the statutory scheme, but rather would alter it completely.  *Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 375 (2d Cir. N.Y. 2006).  As the Supreme Court has taught: "where [the legislature] explicitly enumerates certain exceptions… additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent".  *United States v. Smith*, 499 U.S. 160, 167, 111 S. Ct. 1180, 113 L. Ed. 2d 134 (1991).

     Finally, the Latin phrase may not be invoked here because it "applies only when the statute identifies a series of two or more terms or things that should be understood to go hand in hand, thus raising the inference that a similar unlisted term was deliberately excluded." *United States v. City of New York*, 359 F.3d 83, 98 (2d Cir. 2004).  But, even if it is applied, no conclusive inference reasonably can be drawn that the legislature intended explicitly to include private rights of action against banks base on a "safe harbor" insolating banks from liability.  Indeed, the Supreme Court has held that the Latin phrase "do[es] not read the enumeration of one case to exclude another unless it is fair to suppose that [the legislature] considered the unnamed possibility and meant to say no to it." *Frank G. v. Bd. of Educ.*, 459 F.3d 356, 370 (2d Cir. N.Y. 2006)(citing, *Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168, 123 S. Ct. 748, 154 L. Ed. 2d 653 (2003)).  Clearly, New York's legislature could have included a private right of action against banks in Article 52, but elected not to do it.  See, e.g. §5222-a(g) [money damages only

3

against judgment creditor], and Prior Brief at 11, citing Conn. Gen. Stat. Ann. §52-367b(n) (creating private right of action in a prior, similar Connecticut law).

**IV.     No implied private right of action exists under the EIPA.**

Contrary to Plaintiffs' arguments, the recognition of a private right of action would not promote the legislative purpose of Article 52, which creates the exclusive, complex system for dealing with state court money judgments.  An implied private right of action may exist only if the legislature "intended to create the private remedy asserted." *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15-16, (1979).  Here it clearly did not.  The existence of a statutory violation and resulting harm to a person "does not automatically give rise to a private cause of action in favor of that person." *Cannon v. University of Chicago*, 441 U.S. 677, 688, (1979).  New York analyzes the overall structure of the legislation to determine whether such a private right of action should be implied.  Since, as here, no express private right of action exists, then such a right may only exist if it "may fairly be implied" from reading of the statute's text. *Kratzert v. White Lodging Services, Inc.,* 2010 WL 883677 at *1 (N.D.N.Y. March 8, 2010), citing, *Sheehy v. Big Flats Cmty. Day, Inc.*, 73 N.Y.2d 629, 633 (1989).  *Sheehy* noted that the legislature "has both the right and the authority to select the methods to be used in effectuating its goals, as well as to choose the goals themselves."  73 N.Y. 2d at 634.  If the legislature has not been completely silent concerning express civil remedies, then a court should not attempt to fashion a broader remedy.  *Id.* at 636.

Also, contrary to Plaintiffs' arguments, Article 52 provides express remedies for redressing purported EIPA violations.  Any objections, complaints, or disputes between the judgment debtor and judgment creditor regarding the exclusion of statutorily exempt funds or exempt wages are to be resolved through a "special proceeding" before the state court issuing the judgment, and a separate trial is allowed if there are disputed questions of fact. N.Y. C.P.L.R. §§

4

5239, 5225(b), 5227, 5222-a (d).[1]  Conversely, the case that Plaintiffs cite found that no adequate enforcement mechanism existed, and accordingly implied private actions because they did not contravene the non-existent or ineffectual alternatives.

Here, Plaintiffs failed to exhaust the statutory remedies afforded them under the EIPA. Plaintiffs made no effort to pursue any Article 52 procedures or remedies, made no allegations as to their inadequacy, and cite no authority for their interpretation of Article 52.  Instead of "commenc[ing] a special proceeding" as authorized by §5239, Plaintiffs filed this case to circumvent the comprehensive legislative scheme that already exists to regulate the enforcement and collection of money judgments.  Article 52 was enacted for that purpose, and the EIPA expands it, but does not wholly interrupt it.  By filing this case, Plaintiffs deliberately circumvent Article 52's language expressly listing remedies to be considered by the state court that issued the judgment.

## V.   Abstention is Warranted.

Plaintiff's effort to pursue an EIPA violation in this Court is barred by the *Burford* abstention doctrine because New York, in Article 52, has an established, comprehensive and exclusive statutory scheme for the enforcement and collection of money judgments.  As shown in TD Bank's prior brief, *Fumarelli v. Marsam Dev. Inc.,* 92 N.Y. 2d 298, 301 (1998), dismissed a common law "housing merchant implied warranty claim" given the existence of a *statutory* housing merchant implied warranty.  Here, New York has created a specific statutory mechanism with remedies for Plaintiffs. Thus, as in *Fumarelli,* Plaintiffs are not entitled to multiple tracks of redress, with the resulting confusion, indefiniteness and lawsuits.  *See also Burns Jackson*

---

[1] Section 5239 permits "any interested person" to "commence a special proceeding" against the judgment creditor "or other person with whom a dispute exists."

5

*Miller Summit & Spitzer v. Lindner*, 59 N.Y.2d 314, 335 (1983) (no common-law claim when the legislature has established an otherwise comprehensive scheme).

Plaintiffs cannot circumvent New York's specific and exclusive statutory scheme by filing an impermissible private right of action, or by substituting common law claims for Article 52's remedies.

## VI. Preemption is Warranted.

As shown in TD Bank's prior brief at 14-17, the federal preemption doctrine precludes Plaintiffs' claims because TD Bank is a national bank, created, empowered to act, regulated and supervised under comprehensive federal laws and regulations, including the NBA, 12 U.S.C. §24, and 12 C.F.R. §7.002(b)(2). *Marquette Nat'l. Bank of Minneapolis v. First of Omaha Serv. Corp.*, 439 U.S. 299, 308 (1978).[2] In a direct conflict with the governing federal law and regulations, the Amended Complaint improperly seeks to use the EIPA to control how national banks control their accounts. (Amended Compl. ¶¶ 22-28, 36). But, Plaintiffs admit that TD Bank "is a major national bank." Thus, these EIPA requirements are preempted because federal banking law and regulations conflict with any EIPA control of when and how TD Bank can charge fees, and how and when it must hold balances in its accounts when it receives a restraining notice. See e.g. *Monroe Retail, Inc. v. RBS Citizens, N.A.*, 589 F.3d 274, 283-84 (6th Cir. 2010).

---

[2] *Cuomo v. Clearing House*, 129 S.Ct. 2710 (2009), does not change the federal preemption principles concerning supervision and control shown in TD Bank's initial brief at pages 14-15. *Cuomo* addressed whether the New York Attorney General was empowered to enforce state laws, or was instead required to defer to federal regulators. *Id.* at 2714-15. The "visitorial powers" of the NBA, 12 U.S.C. §484, were not viewed as a bar to the Attorney General's law enforcement. But, the Court expressly stated there was no conflict between that holding and the holding in *Watters* concerning federal preemption of the supervision and control of national banks. *Id.* at 2717.

6

**VII.     The Amended Complaint fails to state a claim.**

As shown in TD Bank's prior brief at 18-24, the Amended Complaint is replete with legal conclusions and vague, unsupported factual assertions made "upon information and belief" that fail to satisfy any of the necessary pleading requirements under the Federal Rules of Civil Procedure. [3]  All of Plaintiff six causes of action fail to plead more than labels and conclusions. Thus, the claims fail to meet the *Twombly* standard, and are merely "formulaic recitations of the elements of causes of actions". *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554, 570 (2007). Accord, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

   **A.     Plaintiffs' Second Cause Of Action For Conversion Should Be Dismissed.**

Plaintiffs' conversion claim fails because funds in a checking account cannot be "converted" by the bank in which they are deposited. *Tevdorachvili v. Chase Manhattan Bank*, 103 F. Supp. 2d 632, 643 (E.D.N.Y. 2000).  Conversion lies only for "specifically identifiable and segregated [funds]." *Mfrs. Hanover Trust Co. v. Chemical Bank*, 160 A.D.2d 113, 124 (1st Dep't 1990).  Plaintiffs' ignore this law and their Amended Complaint does not create identifiable funds, nor does it alter the parties' title to the debt obligation owed.

   **B.     Plaintiffs' Third Cause Of Action For Breach of Fiduciary Duty Should Be Dismissed.**

Plaintiffs' breach of fiduciary duty claim fails because New York law does not impose a fiduciary relationship on banks and customers.  Rather that legal relationship is an arm's length, debtor-creditor relationship. *Tevdorachvili*, 103 F. Supp. 2d. at 640.  Every restraint, levy or

---

[3] Contrary to Plaintiffs' argument, the economic loss doctrine is applied to bar tort claims against service providers that actually lie in contract, as opposed to tort.  See, e.g., *HydroInvestors, Inc. v. Trafalgar Power, Inc.*, 227 F.3d 8, 16 (2nd Cir. 2000); *Bristol-Myers Squibb Ind. Div. v. Delta Star, Inc.*, 206 A.D. 177, 620 N.Y.S. 2d 196, 199 (App. Div. 4th Dept. 1994).

garnishment in New York does not transform an ordinary debt relationship into a fiduciary relationship.

### C. Plaintiffs' Fourth Cause Of Action For Fraud Should Be Dismissed.

Plaintiffs Opposition at 21 argues incorrectly that "silence" is a misrepresentation that "amounts to actual fraud." Yet the Amended Complaint in ¶¶12 and 16 allege receipt of restraining notices, and documents from Portfolio Recovery levy proceeding were submitted as as Exhibit "B" to TD Bank's prior brief.

As shown in TD Bank's prior brief, Plaintiffs failure to state fraud with particularity violates Rule 9 fraud pleading requirements.

### D. Plaintiffs' Fifth Cause Of Action For Unjust Enrichment Should Be Dismissed.

Plaintiffs relationships with TD Bank stem from their account ownership, which occurred through opening account documents. Plaintiffs may not seek recovery in quasi-contract for events arising out of these contracts that cover the same subject matter. *Bellino Schwartz Padob Advertising, Inc. v. Solaris Mktg. Group*, 635 N.Y.S. 2d 587, 588 (1st Dep't. 1995) (existence of agreement between plaintiff and the defendants barred quasi contract claim against both signatory and non-signatory defendants). Further, when a plaintiff "does not possess a private right of action under" a particular statute, and "does not allege any actionable wrongs independent of the requirements of the statute," a "claim for . . . unjust enrichment [is] properly dismissed as an effort to circumvent the legislative preclusion of private lawsuits for violation of the statute." *Broder v. Cablevision Sys. Corp.*, 418 F. 3d 187, 203 (2d Cir. N.Y. 2005).

### E. Plaintiffs' Sixth Cause Of Action For Negligence Should Be Dismissed.

As shown in TD Bank's prior brief at 23-24, negligence per se claims are not cognizable when, as here, the statute on which the claim is based lacks a private right of action. *Dubai*

*Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 668 (S.D.N.Y. 2000).  Moreover, Plaintiffs concede that C.P.L.R. § 5222-a(b)(3) statutorily exempts the "inadvertent" failure to send out notices, which necessarily includes a "negligent" failure to do so.

## VIII. Conclusion

For the reasons in TD Bank's Memorandum of Law in Support of its Motion to Dismiss, as well as the foregoing seven reasons, TD Bank's Motion to Dismiss must be granted.

Dated: New York, New York
June 3, 2011

DUANE MORRIS LLP

/s/ Justin Joseph D'Elia
John Dellaportas
Justin Joseph D'Elia
1540 Broadway
New York, New York 10036
(212) 692-1000 (tel)
(212) 692-1020 (fax)

Alexander D. Bono
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000 (tel)
(215) 979-1020 (fax)
*Counsel for TD Bank, N.A.*