UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------X
GARY CRUZ, and CLAUDE PAIN,     :
Individually and on behalf of all others     :
similarly situated,     :     Case No.: 10-CV-8026 (PKC)
     :
     Plaintiffs,     :
     :
     - against -     :
     :
TD BANK, N.A.,     :
     :
     Defendant.     :
--------------------------------------------------X


# TD BANK, N.A.'S MEMORANDUM OF LAW

## OPPOSING PLAINTIFFS' MOTION FOR LEAVE TO FILE

## A SECOND AMENDED COMPLAINT


Dated:  New York, New York
      March 3, 2014

**DUANE MORRIS** LLP
Justin Joseph D'Elia
1540 Broadway
New York, New York 10036
(212) 692-1000 (tel)
(212) 692-1020 (fax)

Alexander D. Bono (*Pro Hac Vice*)
Ryan E. Borneman (*Pro Hac Vice*)
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000 (tel)
(215) 979-1020 (fax)

*Counsel for TD Bank, N.A.*

## TABLE OF CONTENTS

I.  PRELIMINARY STATEMENT ..................................................................1

II.  RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND .........2

III.  ARGUMENT ......................................................................................4

    A.  Plaintiffs' Motion Fails Under the Governing Standard of Review. ..................... 4

    B.  This Court Lacks Jurisdiction Under the Class Action Fairness Act or 28
       U. S. C. §1332(a). .......................................................................... 5

    C.  Leave to Amend is Futile Because Plaintiffs' Complaint Fails to State A
       Claim Since C.P.L.R. § 5239 and § 5240 Are Not Independent Causes of
       Action................................................................................................ 7

    D.  Leave to Amend in Federal Court is Futile Because The Exclusive
       Statutory Scheme in Article 52 Mandates Proceedings in New York State
       Courts. .......................................................................................... 11

    E.  Leave to Amend is Futile Because Plaintiffs' Action Is Untimely Under
       Article 52 of the C.P.L.R. and Plaintiffs' Undue Delay is Prejudicial to TD
       Bank. ............................................................................................ 12

    F.  The Court Should Abstain From Hearing Plaintiffs' Claims Under the
       *Rooker-Feldman* Doctrine. ............................................................. 14

IV.  CONCLUSION ..................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Blockbuster, Inc. v. Galeno,*
   472 F.3d 53 (2d Cir. 2006)..................................................................................6

*City of New York v. Group Health Inc.,*
   649 F.3d 151 (2d Cir. 2011)..............................................................................13

*Cruz v. TD Bank, N.A.,*
   2013 U.S. App. LEXIS 25076 (2d Cir. Dec. 18, 2013)................................. Passim

*District of Columbia Court of Appeals v. Feldman,*
   460 U.S. 462 (1983)..........................................................................................14

*Dougherty v. North Hempstead Bd. of Zoning Appeals,*
   282 F.3d 83 (2d Cir. 2002)..................................................................................4

*Foman v. Davis,*
   371 U.S. 178 (1962)............................................................................................4

*Holmes v. Grubman,*
   568 F.3d 329 (2d Cir. 2009)..............................................................................14

*Jones v. New York State Div. of Military & Naval Affairs,*
   166 F.3d 45 (2d Cir. 1998)..................................................................................4

*McKithen v. Brown,*
   626 F.3d 143 (2d Cir. 2010)..............................................................................15

*Mississippi ex rel. Hood v. AU Optronics Corp.,*
   134 S. Ct. 736 (2014)..........................................................................................7

*Mitchell v. Lyons Prof'l Servs.,*
   727 F. Supp. 2d 120 (E.D.N.Y. 2010) ...............................................................9

*Morrison v. City of New York,*
   591 F.3d 109 (2d Cir. 2010)..............................................................................14

*Ret. Sys. v. J.P. Morgan Chase & Co.,*
   386 F.3d 419 (2d Cir. 2004)..............................................................................14

*Rooker v. Fidelity Trust Co.,*
   263 U.S. 413 (1923)..........................................................................................14

*Saregama India, Ltd. v. Mosley,*
   2012 U.S. Dist. LEXIS 39322 (S.D.N.Y. Mar. 20, 2012) ...............................10

DM1\4510973.2

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
  559 U.S. 393 (2010)...................................................................................10

*Sprint Communs., Inc. v. Jacobs*,
  134 S. Ct. 584 (2013)...............................................................................14

*United States v. Potter*,
  19 F.R.D. 89 (S.D.N.Y. 1956) ..................................................................10

*Wetzelberger v. M&T Bank Corp.*,
  2012 U.S. Dist. LEXIS 135011 (E.D.N.Y. Sept. 19, 2012).....................10

*Younger v. Harris*,
  401 U.S. 37 (1971)....................................................................................14

**State Cases**

*Cruz v. TD Bank, N.A.*,
  22 N.Y. 3d 61 (2013) ......................................................................... Passim

*McGrath v Fioramonti*,
  2011 N.Y. Misc. LEXIS 5484 (N.Y. Sup. Ct. Nov. 9, 2011) ....................9

**Federal Statutes**

28 U. S. C. §1332(a) .......................................................................................5, 7

28 U.S.C. §1332(d) ............................................................................................5

28 U.S.C. § 2283 .............................................................................................14

**State Statutes**

Article 52 of the C.P.L.R. ........................................................................ Passim

C.P.L.R. § 5221.......................................................................................2-3, 8, 11

C.P.L.R. § 5222-a(b)(1) ..................................................................................12

C.P.L.R. § 5222-a(b)(3) ..................................................................................12

C.P.L.R. § 5222-a(c)(2)-(3) ............................................................................12

C.P.L.R. § 5222-a(c)(5) ................................................................................3, 12

C.P.L.R. § 5239.................................................................................... Passim

C.P.L.R. § 5240.................................................................................... Passim

**Rules**

Fed. R. Civ. P. 12(b)(1) ..................................................................................5

Fed. R. Civ. P. 12(b)(6) ..................................................................................5

Fed. R. Civ. P. 15(a)(2) ..................................................................................4

Fed. R. Civ. P. 23 ........................................................................................10

Fed. R. Civ. P. 69 ...................................................................... 1, 10, 9-11, 16

**Treatises**

12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 3011 (2d ed. 2013) ........................................................................................10

## I.      PRELIMINARY STATEMENT

Plaintiffs Gary Cruz and Claude Pain's ("*Plaintiffs*") Motion for Leave to File a Second

Amended Complaint should be denied as futile for five reasons:

1.      This Court lacks jurisdiction over Plaintiffs' claims pursuant to the Class Action Fairness Act ("*CAFA*") because Plaintiffs fail to meet the $5,000,000 amount in controversy requirement.

2.      C.P.L.R. § 5239 and § 5240 are procedural rules that do no create an independent cause of action, and Rule 69(a) of the Federal Rules of Civil Procedure is wholly inapplicable because there is no federal judgment at issue.

3.      Article 52 of the C.P.L.R. is the *exclusive mechanism* by which Plaintiffs may pursue their claims, and it expressly mandates *exclusive venues* in New York state courts in which an Article 52 action may only be brought.

4.      Under Article 52 of the C.P.L.R., Plaintiffs' Complaint is untimely.

5.      Even if this Court had jurisdiction and Plaintiffs stated a claim, the Court should decline or abstain from exercising jurisdiction pursuant to the *Rooker-Feldman* doctrine.

The United States Court of Appeals for the Second Circuit ("*Second Circuit*") and the

New York Court of Appeals, in an unanimous ruling, directly answered the questions this Court

now faces: (1) no private right of action exists under the Earned Income Protection Act

("*EIPA*"); (2) Article 52 provides an "exclusive" and "comprehensive statutory *mechanism*"; (3)

the New York Legislature's intent was to avoid "complicated and lengthy plenary proceedings…

such as the federal court actions plaintiffs brought here;" (4) special proceedings "contain

*detailed venue provisions* that govern the court in which relief may be sought;" and (5) a

plaintiff must seek relief "in the *appropriate forum in a timely manner*."

Plaintiffs seek to convert an exclusive state court mechanism into a substantive cause of

action when there is no private right of action.  Article 52 special proceedings are mechanisms

that are ancillary to state court proceedings with detailed venue and timing limitations and do not

create a private federal cause of action.

DM1\4510973.2

## II.    RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The Second Circuit, based on New York Court of Appeals' unanimous holding on

certified questions, affirmed this Court's prior dismissal of Plaintiffs' claims on the basis that

EIPA does not provide a "private right to bring a plenary action for injunctive relief and money

damages . . . ."  *Cruz v. TD Bank, N.A.*, 2013 U.S. App. LEXIS 25076, at *4 (2d Cir. Dec. 18,

2013).

The Second Circuit further held that "Plaintiffs' *exclusive* mechanism for seeking relief

for alleged violations of EIPA's procedural requirements is a special proceeding under Article 52

of the C.P.L.R.."  *Id*.[1]

As the New York Court of Appeals taught in its unanimous ruling on New York law,

"[t]he EIPA did "not alter the pre-existing provisions in C.P.L.R. Article 52" including C.P.L.R.

§§ 5221, 5239 and 5240.  *See Cruz v. TD Bank, N.A.* 22 N.Y. 3d 61, 68 (2013).  The New York

Court of Appeals held that the intent of EIPA "was to remove the need for litigation altogether."

*Id.* at 77.

> If a lawsuit remains necessary due to a bank's noncompliance with
> the EIPA, the *existing proceedings in C.P.L.R. Article 52 are
> adequate* to afford a judgment debtor appropriate relief.  The
> *summary proceedings* have the advantage of being swift and
> without procedural complexity – there is *no basis* to suppose that
> the Legislature expected that injured judgment debtors would
> commence *complicated and lengthy plenary proceedings* to
> vindicate their rights, *such as the federal court actions plaintiffs
> brought here*.

*Id*.

C.P.L.R. § 5221, one of the unaltered provisions, includes specific venue provisions.

> "[T]he enforcement provisions contain *detailed venue provisions*
> that govern the court in which relief may be sought (C.P.L.R.

---

[1]     Emphasis added throughout unless otherwise indicated.

5221).  ***Permitting a party to seek relief for violation of the statute in a plenary action in some other court would essentially read the venue provisions out of the statute***."

*Id*. at 74.  Accordingly, any "special proceeding" ***must be commenced in a New York state court*** that has competent jurisdiction and is ***familiar with the underlying judgment***.  N.Y. C.P.L.R. § 5221.

Similarly, EIPA did not alter C.P.L.R. § 5239, which provides that any proceedings must be commenced "[p]rior to the application of property or debt by a sheriff or receiver to the satisfaction of a judgment."  *See* N.Y. C.P.L.R. § 5222-a(c)(5).  Instead, EIPA added a new time limitation that a judgment debtor had 25 days to complete an exemption claim form.  *See* N.Y. C.P.L.R. § 5222-a(c)(5).

Both the New York Court of Appeals and the Second Circuit held that Article 52 of the C.P.L.R. is the ***exclusive*** mechanism by which Plaintiffs may pursue their claims.  *Cruz*, 22 N.Y.3d at 78.  ("[O]ur determination that the legislation created no private right of action compels the conclusion that the statutory mechanisms for relief are ***exclusive***.").  *Cruz*, 2013 U.S. App. LEXIS 25076 at *4 ("Plaintiffs' ***exclusive*** mechanism for seeking relief for alleged violations of the EIPA's procedural requirements is a special proceeding under Article 52 of the C.P.L.R.").

Rather than abiding by the Court's holding, Plaintiffs filed their motion in a transparent effort to circumvent the Second Circuit's holding and to obscure their own failures to bring timely proceedings under Article 52 of the C.P.L.R. in the statutorily appropriate state court venue.

Plaintiffs are judgment debtors.  Before this lawsuit, they failed to pay outstanding debts, had judgments entered against them by creditors, and then failed to satisfy the judgments.  This

forced their judgment creditors to seek restraints on their bank accounts pursuant to Article 52 of the C.P.L.R. (Proposed Second Amended Complaint ("*SAC*"), Doc. No 34-1 at ¶¶ 12, 16).

As the New York Court of Appeals recognized, under New York's statutory scheme, TD Bank plays "a limited role as garnishee" and "has no choice but to freeze the assets" in an account of a judgment debtor when a restraining notice is imposed on his or her account. *Cruz*, 22 N.Y.3d at 76. Plaintiffs allege that TD Bank improperly froze their accounts after receiving notice to do so by third-party creditors. (SAC at ¶ 4). But, instead of initiating a statutorily mandated "special proceeding" in a New York state court under the Article 52, Plaintiffs filed an action in this Court predicated on alleged EIPA violations and common law claims. (Doc. No. 1).

As the Second Circuit and the New York Court of Appeals unanimously held, this Court correctly dismissed those claims. Now, even though the Second Circuit has affirmed this Court's dismissal, Plaintiffs make a last ditch effort to save their Complaint based on several fatally flawed legal theories. As shown below, this Court should deny Plaintiffs' motion as futile because their proposed Second Amended Complaint would be dismissed for lack of subject matter jurisdiction, for failure to state a claim, and for being untimely.

## III.   ARGUMENT

### A.   Plaintiffs' Motion Fails Under the Governing Standard of Review.

Federal Rule of Civil Procedure 15(a)(2) allows amendments pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "***However, a district court may properly deny leave when amendment would be futile***." *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1998); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

An amendment is considered futile if it cannot withstand a motion to dismiss. *Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). As shown below,

Plaintiffs' proposed Amended Complaint would not withstand a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and the instant motion must therefore be denied.

**B.     This Court Lacks Jurisdiction Under the Class Action Fairness Act or 28 U. S. C. §1332(a).**

Plaintiffs incorrectly contend that this Court has jurisdiction pursuant to the Class Action Fairness Action ("*CAFA*"), 28 U.S.C. §1332(d), because the alleged damages of the proposed classes exceed $5,000,000 in the aggregate. (SAC at ¶ 7). But, Plaintiffs' only "fact" supporting this claim is a stale, seven year old report that estimated creditors in 2006 obtained judgments in New York of $800 million. (SAC at ¶ 18). Plaintiffs' reliance on this stale report is wrong for several reasons. First, Plaintiffs never make any adjustment for the amount that would be subject to Plaintiffs' claims or for TD Bank's market share of that amount, which is only 2.11% in New York. (*See* Exhibit A, attached to Declaration of Ryan E. Borneman), FDIC Deposit Market Share Report, June 30, 2013). Second, the stale report is from a time years before EIPA even became effective, so it does not differentiate EIPA-related judgments or net the aggregate amounts to the EIPA protected thresholds. Third, in 2006, TD Bank did not even exist in its current form. TD Bank was not created until a 2009 combination between TD Banknorth and Commerce Bank, N.A. Fourth, and most significantly, as shown below, since EIPA became effective, TD Bank has only assessed $2,098,934.81 in fees and charges as a result of restraints from judgment creditors in the state of New York on customer accounts – and those are ***only on balances above EIPA's protected thresholds.***

CAFA requires a party seeking entrance to federal court to demonstrate that the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). Under CAFA, the burden of establishing federal jurisdiction is on the party asserting

it.  *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006).  Here, Plaintiffs utterly fail to meet their burden.

Instead, Plaintiffs improperly rely upon the estimated total amount of judgments. Plaintiffs never adjust that gross number to show how much of those judgments were collected through a financial institution.  Many of the judgments likely went uncollected because the judgment debtors simply did not have funds, in any amount, to pay the judgment creditors.  In other instances, the judgment creditors may have collected a large amount, but only the first $1,740 is subject to EIPA – not the full amount of the judgment.  Simply put, because EIPA did not even exist in 2006,[2] these statistics cannot serve as the basis for Plaintiffs' claims because they do not net out the amount that would be subject to the EIPA.

Indeed, since EIPA became effective in January of 2009, TD Bank has had in place a system by which a status code is placed on New York customer accounts that have a restraint placed upon them by a judgment creditor so that, if the account balances are under EIPA's threshold amounts at the time of the restraint, then no fees are imposed by TD Bank on the accounts.  (*See* Declaration of Jason Sbalcio ("***Sbalcio Dec.***") at ¶ 2,.  Fees are only assessed if funds are available in customer accounts with balances that exceed the protected EIPA threshold amounts.  (Sbalcio Dec. at ¶ 3).[3]  Since the EIPA became effective, TD Bank has assessed $2,098,934.81 in fees and charges as a result of restraints from judgment creditors in the state of New York on customer accounts with balances above the EIPA thresholds.  (Sbalcio Dec. at ¶ 3).

---

[2]     The effective date of the EIPA was January 1, 2009.

[3]     Fees were properly imposed on Plaintiff Cruz's account because, as he admits in the proposed Second Amended Complaint, his balance at the time of the restraint was $3020.00, an amount above the EIPA threshold.  (SAC at ¶ 13).  Plaintiff Pain held a New York customer account, not a New York account, and  judgment was entered against him in New Jersey proceedings.

Accordingly, even if Plaintiffs allege these fees were improperly imposed, this amount is well below the CAFA amount in controversy requirement.

Plaintiffs have similarly failed to meet their burden for establishing diversity jurisdiction outside of CAFA.  If plaintiffs seeking to bring class claims do not meet CAFA's requirements, then in order to establish diversity jurisdiction they must meet the traditional requirements of 28 U. S. C. §1332(a).  That section "requires ***each plaintiff's claim*** to exceed the sum or value of $75,000 . . . ."  *Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 740 (2014). Plaintiffs' Second Amended Complaint contains no set of facts that would indicate that each Plaintiff has suffered damages in excess of $75,000, as the fees and amount of restraint complained of total $265.00 and $3,020 for Plaintiff Cruz and $165.00 and $340 for Plaintiff Pain.  (SAC at ¶¶ 13, 16).

Accordingly, Plaintiffs fail to meet their burden on the required amount in controversy under CAFA and 28 U. S. C. §1332(a).  Thus, this Court lacks jurisdiction over Plaintiffs' claims, and their motion to amend should be denied because the proposed Second Amended Complaint would be dismissed.

C.  **Leave to Amend is Futile Because Plaintiffs' Complaint Fails to State A Claim Since C.P.L.R. § 5239 and § 5240 Are Not Independent Causes of Action.**

Even if this Court had jurisdiction, which it does not, Plaintiffs fail to state a claim.  In a final attempt to resurrect their claims after the New York Court of Appeals' unanimous rejection, Plaintiffs now erroneously restyle their proposed Second Amended Complaint as one brought pursuant to C.P.L.R. § 5239 and § 5240.  Plaintiffs argue incorrectly that the Second Amended Complaint "cures the sole defect in the prior complaint."  That defect – of no private right of action under EIPA – is not cured by cavalierly attempting to convert a state court procedure or mechanism into a substantive federal cause of action.

Neither C.P.L.R. § 5239 nor §5240 creates an independent, cognizable cause of action. Rather, both sections simply outline the statutorily mandated "special proceedings" for resolving *disputes* concerning the enforcement and collection of money judgments.

Specifically, § 5239 provides, in part:

> Prior to the application of property or debt by a sheriff or receiver to the satisfaction of a judgment, any interested person may commence *a special proceeding* against the judgment creditor or other person *with whom a dispute exists to determine rights in the property or debt*. Service of process *in such a proceeding* shall be made by service of a notice of petition upon the respondent, the sheriff or receiver, and such other person as the court directs, in the same manner as a notice of motion. *The proceeding* may be commenced in the county where the property was levied upon, or in a court or county specified in subdivision (a) of section 5221.

C.P.L.R. § 5239.  Section 5240 provides, in part:

> The court may at any time, on its own initiative or *the motion* of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying *the use of any enforcement procedure.*

C.P.L.R. § 5240.

The Second Circuit and the New York Court of Appeals both specifically describe these two provisions as statutorily establishing "procedures" or "mechanisms" – not independent causes of action.  *Cruz*, 22 N.Y.3d at 66 ("Article 52 sets forth *procedures* for the enforcement of money judgments in New York . . . ."); *Cruz*, 2013 U.S. App. LEXIS 25076 at *5 ("Plaintiffs' exclusive *mechanism* for seeking relief for alleged violations of the EIPA's procedural requirements is a special proceeding under Article 52 of the CPLR.").

Further, the New York Court of Appeals and Second Circuit clearly taught that C.P.L.R. §§ 5239 and 5240 are *exclusive* mechanisms.  *Cruz v TD Bank*, N.A., 22 N.Y.3d 61, 78 (2013) ("[O]ur determination that the legislation created no private right of action compels the

conclusion that the **statutory mechanisms** for relief are **exclusive**."); *Cruz*, 2013 U.S. App.

LEXIS 25076 at *5 ("Article 52 provides plaintiffs' **exclusive** remedies . . . . ").

But, neither of these sections provide for an independent, cognizable, substantive cause

of action in federal court.  There are no provisions for Article 52 dispute resolutions by "special

proceedings" in federal court.  Indeed, it is well recognized that a "special proceeding" pursuant

to § 5239 is most closely related to bringing a **motion** related to an underlying judgment.  "A

'special proceeding' is a **creature of New York practice** that although brought as a distinct legal

action, has more in common **with motion practice than it does with a plenary action**."  *Mitchell*

*v. Lyons Prof'l Servs.*, 727 F. Supp. 2d 120, 122-123 (E.D.N.Y. 2010).  Indeed, it is commonly

understood on a practical level that such an Article 52 proceeding is merely ancillary to an

existing cause of action:

> A special proceeding is the independent prosecution of a right, but the
> enforcement devices themselves are not special proceedings and **are not
> independent of the action that produced the judgment**. Quite the contrary. **They
> are deemed post-judgment adjuncts of the action itself.** Hence, the papers
> whereby **these devices** are exploited bear the caption of the action out of which
> the judgment arises and require no separate court file or index number.

David D. Siegel, General Commentary on Article 52, McKinney's C.P.L.R. Ch. Eight, Art. 52,

Refs & Annos. at 2 (2014); *see also McGrath v Fioramonti*, 2011 N.Y. Misc. LEXIS 5484 (N.Y.

Sup. Ct. Nov. 9, 2011) (dismissing a complaint that that was an improper separate action to

enforce a judgment).

To overcome this obviously fatal flaw in their proposed Second Amended Complaint,

Plaintiffs cite Federal Rule of Civil Procedure 69(a)(1) for their fallacious and legally

unsupported proposition that "all of the Article 52 remedies, including that of a special

proceeding may be brought in federal court in order to effectuate their purposes."  (Doc. No. 35

at 7).  But, Rule 69(a)(1) does not provide for such a proceeding against TD Bank.  Instead, that Rule merely provides:

> ***A money judgment*** is enforced by a writ of execution, unless the court directs otherwise.  ***The procedure on execution***--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

F.R.C.P. 69(a)(1).

There are two clear reasons that Rule 69(a)(1) is not applicable in this case.  First, the Rule is clear on its face that it is not an independent cause of action but merely a procedural mechanism that applies only to the execution of judgments, ***and Plaintiffs have no judgment against TD Bank***.

Second, the Rule "is not to be construed as applying to judgments ***other than those of the Federal Court***."  *United States v. Potter*, 19 F.R.D. 89 (S.D.N.Y. 1956); *see also* 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 3011 (2d ed. 2013) (emphasizing that the rule "applies only to money judgments of the federal court . . . ***Rule 69 has no application to state-court judgments.***" ).  Indeed, the case cited by Plaintiffs to support their position is inapposite.  *Saregama India, Ltd. v. Mosley*, 2012 U.S. Dist. LEXIS 39322 (S.D.N.Y. Mar. 20, 2012), specifically dealt with the execution a ***federal judgment*** from the South District of Florida that was later registered in the Southern District of New York.  (*See* Exhibit B, attached to Declaration of Ryan E. Borneman, Docket from *Saregama India, Ltd. v. Mosley*).[4]

---

[4]     Plaintiffs' reliance on *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) is similarly wrong.  *Shady Grove* holds that if an action satisfies the criteria of Federal Rule of Civil Procedure Rule 23, then a state law limiting the availability of the class action based on the relief sought does not apply under federal diversity jurisdiction.  These are not issues in this case.  Rather, Plaintiffs claims should be dismissed because the purported "causes of action" on which they base their proposed Second Amended Complaint ***simply do not exist*** as independent, cognizable, substantive causes of action under New York law, whether brought individually or as a class.

10

Plaintiffs' reliance on *Wetzelberger v. M&T Bank Corp.*, 2012 U.S. Dist. LEXIS 135011 (E.D.N.Y. Sept. 19, 2012) is similarly wrong, because that case did not involve execution of a judgment under Rule 69(a), and was removed on federal question jurisdiction based on the plaintiff's substantive federal claims.

Accordingly, neither C.P.L.R. § 5239, § 5240, nor Federal Rule of Civil Procedure 69(a)(1), confer on Plaintiffs an independent cause of action against TD Bank.  Thus, Plaintiffs' motion to amend should be denied as futile because the proposed Second Amended Complaint would be dismissed for failure to state a claim.

### D.    Leave to Amend in Federal Court is Futile Because The Exclusive Statutory Scheme in Article 52 Mandates Proceedings in New York State Courts.

Article 52, § 5221 is entitled "[w]here enforcement proceeding commenced."  That section requires any proceeding under Article 52, including §§ 5239 and 5240, to be commenced in a state county in the county that is familiar with underlying judgment.  *See* N.Y. C.P.L.R. § 5221.  In finding that Article 52 provided an exclusive remedy that precluded a private right of action to enforce the EIPA,[5] the unanimous New York Court of Appeals specifically recognized Article 52's venue mandate.  *See Cruz*, 22 N.Y. 3d at 74 ("[T]he enforcement provisions contain ***detailed venue provisions*** that govern the court in which relief may be sought (CPRL 5221).")

Plaintiffs cannot avoid the exclusive venue provisions of Article 52.  "Permitting a party to seek relief for violation of the statute in a plenary action in some other court would ***essentially read the venue provisions out of the statute***."  *Id*.  Indeed, none of the venue provisions of

---

[5]    N.Y. C.P.L.R. § 5239 also expressly references Article 52's venue mandate, stating that proceedings "be commenced in the county where the property was levied upon, or in a court or county specified in subdivision (a) of section 5221."  N.Y. C.P.L.R. § 5239.

§ 5221 provide for venue in a United States District court, and exclusively provide for venue in the New York state courts.

As Article 52 is the exclusive mechanism for Plaintiffs to pursue their claims, and the statute mandates that their actions be brought in the New York state courts, Plaintiffs cannot proceed in this Court.

### E.    Leave to Amend is Futile Because Plaintiffs' Action Is Untimely Under Article 52 of the C.P.L.R. and Plaintiffs' Undue Delay is Prejudicial to TD Bank.

Article 52 of the C.P.L.R. also limits the timing for bringing special proceedings.  Under the EIPA, to impose a restraint on the debtor's bank account, a judgment creditor must serve the bank with two copies of the restraining notice, an exemption notice, and two exemption claim forms.  C.P.L.R. § 5222-a(b)(1).  Within two business days after receipt of these notices and forms, "the banking institution shall serve upon the judgment debtor the copy of the restraining notice, the exemption notice and two exemption claim forms" with service to be "by first class mail to the last known address of the judgment debtor."  C.P.L.R. § 5222-a(b)(3).  These notices and forms provide a judgment debtor a procedure for claiming an exemption.  *Id*.  If the judgment debtor completes an exemption form, then the bank must notify the creditor, and unless the creditor makes a timely objection, the bank must release all exempt funds from restraint.  C.P.L.R. § 5222-a(c)(2)-(3).  But, if the bank does not receive an exemption claim form from a debtor *within twenty-five days*, then all funds in the account "remain subject to the restraining notice."  C.P.L.R. § 5222-a(c)(5).

Here, the Plaintiffs have not, and cannot, allege that they filed their complaint within twenty-five days after they received notice from TD Bank that their account had been restrained.

Similarly, C.P.L.R. § 5239 requires that any proceedings must be commenced **"[p]rior to the application of property or debt** by a sheriff or receiver **to the satisfaction of a judgment**." *See* N.Y. C.P.L.R. § 5222-a(c)(5).

Further, a proceeding pursuant to § 5240 must be brought "within a reasonable time after the injury is incurred." *Cruz*, 22 N.Y.3d at 76 n. 4.

Indeed, the New York legislature expressly limited the timing and procedures for special proceedings under Article 52. *See Cruz*, 22 N.Y.3d at 75 (emphasizing that Article 52 dispute proceedings are to proceed "in expedited fashion").

> The summary proceedings have the advantage of being ***swift*** and without procedural complexity – there is ***no basis*** to suppose that the Legislature expected that injured judgment debtors would commence ***complicated and lengthy plenary proceedings*** to vindicate their rights, ***such as the federal court actions plaintiffs brought here***.

*Id*. at 77.

Accordingly, TD Bank would be prejudiced if Plaintiffs were permitted to pursue their claims in this Court because the legislature intended such proceedings to be expedited and summary in nature, as opposed to a federal court class action, which is neither expedited nor summary. *Id*. If this action is allowed to proceed in contravention of the statutory scheme articulated in Article 52, then it will result in significant court time and resources, and significant class and merits discovery costs, motion practice costs and trial costs. Plaintiffs knew when they originally filed this complaint in 2010 that the proper mechanism for pursuing their claims was through a special proceeding in state court, but elected to bring their claims here instead. *See City of New York v. Group Health Inc*., 649 F.3d 151, 157 (2d Cir. 2011) (leave to amend denied where plaintiff "was aware of the flaws in its complaint" several years earlier). Given the untimeliness of the proceedings and the prejudice TD Bank would suffer if Plaintiffs were

13

permitted to pursue their claims in this Court, their motion to amend should be denied.   *See*

*Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (a district court may deny leave to amend

for undue delay or undue prejudice to the opposing party).[6]

### F.     The Court Should Abstain From Hearing Plaintiffs' Claims Under the *Rooker-Feldman* Doctrine.

Finally, even if this Court had jurisdiction and Plaintiffs stated a cognizable substantive

claim, the Court should abstain from hearing Plaintiffs' claims because the proposed Second

Amended Complaint violates the *Rooker-Feldman* doctrine.[7]  "The *Rooker-Feldman* doctrine

provides that, in most circumstances, the lower federal courts do not have subject matter

jurisdiction to review final judgments of state courts."  *Morrison v. City of New York*, 591 F.3d

109, 112 (2d Cir. 2010).  The doctrine "directs federal courts to abstain from considering claims

when four requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of

injuries caused by the state court judgment, (3) the plaintiff invites district court review of that

---

[6]     Alternatively, if this Court finds that Plaintiffs' claims are timely, then the Court should abstain from hearing Plaintiffs' claims under the *Younger* doctrine and the federal Anti-Injunction Act, because Plaintiffs are essentially asking this Court to interfere in ongoing state court proceedings.  Under the *Younger* doctrine, federal courts are to abstain from "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions."  *Sprint Communs., Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013); *see also Younger v. Harris*, 401 U.S. 37 (1971).  This Court should abstain from hearing Plaintiffs' claims because the New York state courts clearly have a unique interest in enforcing their own judgments that they have already entered against Plaintiffs.  Similarly, the Anti-Injunction Act prohibits a district court from granting an injunction to stay proceedings in a state court "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  None of those exceptions are applicable here, because Plaintiffs' claims are only based on **state law** and **state court** judgments.  Further, granting Plaintiffs the relief they request would essentially enjoin the New York state courts from enforcing their own judgments as they see fit.  Accordingly, this Court should abstain and "permit[] the state courts to proceed in an orderly fashion to finally determine the controversy."  *Ret. Sys. v. J.P. Morgan Chase & Co.*, 386 F.3d 419, 425-426 (2d Cir. 2004)(citation omitted).

[7]     *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

14

judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) (citing *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005)).

Here, all four requirements are met.

First, it is clear that Plaintiffs lost in state court when money judgments were entered against them by their judgment creditors.

Second, the injuries on which Plaintiffs complain from the alleged freezing of their bank accounts and related fees are a direct result of the money judgments against them because TD Bank had no choice but to freeze the assets once it received the judgment and restraint notice from the creditor. *Cruz v TD Bank*, N.A., 22 N.Y.3d 61, 76 (2013).

Third, Plaintiffs have styled their Complaint as an independent cause of action under C.P.L.R. § 5239 and § 5240, the reality is that those sections of the C.P.L.R. are **procedures for review** of "**disputes**" concerning the underlying state court judgment.  Thus, by invoking those sections, Plaintiffs are requesting that this Court review the judgment of the state court.

Finally, the record is clear that the state court money judgments were entered against Plaintiffs before this action was commenced in 2010, and Plaintiffs have not pled otherwise.

The *Rooker-Feldman* doctrine bars losing parties in state court proceedings from filing new actions in federal court in an attempt to review the state court's order.  Thus, this Court should abstain from hearing Plaintiffs' claims.

## IV.    CONCLUSION

For all the reasons shown above, TD Bank, N.A. respectfully requests that the Court deny Plaintiffs' Motion for Leave to File a Second Amended Complaint because:

- This Court lacks jurisdiction over Plaintiffs' claims under CAFA because Plaintiffs fail to meet the $5,000,000 amount in controversy requirement.

- C.P.L.R. § 5239 and § 5240 are procedural rules that do no create an independent cause of action, and Rule 69(a) of the Federal Rules of Civil Procedure is wholly inapplicable because there is no federal judgment at issue.

- Article 52 of the C.P.L.R. is the ***exclusive mechanism*** by which Plaintiffs may pursue their claims and it expressly mandates exclusive venues in New York state courts in which an Article 52 action may only be brought.

- Under Article 52 of the C.P.L.R., Plaintiffs' Complaint is untimely.

- Even if this Court had jurisdiction and Plaintiffs stated a claim, the Court should decline or abstain from exercising jurisdiction pursuant to the *Rooker-Feldman* doctrine.


Dated:   New York, New York                         **DUANE MORRIS LLP**
        March 3, 2014

                                            /s/ Justin Joseph D'Elia
                                            Justin Joseph D'Elia
                                          1540 Broadway
                                          New York, New York 10036
                                          (212) 692-1000 (tel)
                                          (212) 692-1020 (fax)

                                          Alexander D. Bono
                                          Ryan E. Borneman
                                          30 South 17th Street
                                          Philadelphia, PA 19103-4196
                                          (215) 979-1000 (tel)
                                          (215) 979-1020 (fax)

                                          *Counsel for TD Bank, N.A.*

16