UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GARY CRUZ and CLAUDE PAIN, Individually and
on behalf of all others similarly situated,

        Plaintiffs,

                Case No. 10-cv-08026 (PKC)

  -against-

TD BANK, N.A.,

        Defendant.
-------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

                Law Offices of G. Oliver Koppell & Associates
                Attorneys for Plaintiffs
                99 Park Ave., Suite 330
                New York, New York 10016
                212-867-3838

# **TABLE OF CONTENTS**

|  | Page |
|---|---|
| Table of Contents | ii |
| Table of Authorities | iii |
| Preliminary Statement | 1 |
| Argument | 1 |
| I. Plaintiffs Have Sufficiently Alleged CAFA Jurisdiction | 1 |
| II. The CPLR Expressly Permits All Special Proceedings to Be Brought as Separate Actions and Class Actions | 4 |
| III. The CPLR §5221 Venue Provisions Are Preempted By CAFA | 6 |
| IV. Plaintiffs' Action is Not Untimely | 6 |
| V. The *Rooker-Feldman* Doctrine is Wholly Inapplicable to the Instant Proceeding | 9 |
| Conclusion | 10 |

# TABLE OF AUTHORITIES

| Federal Cases | Page |
|---|---|
| Acevado v. Citibank, N.A., 2012 WL 996902 (S.D.N.Y. March 23, 2012) | 2 |
| American Standard, Inc. v. Oakfabco, Inc., 498 F.Supp.2d 711(S.D.N.Y.2007) | 3 |
| Aros v. United Rentals, Inc., 2011 WL 1647471 (D.Conn. Apr. 25, 2011) | 2 |
| Ava Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co., 592 F.Supp.2d 522 (S.D.N.Y. 2008) | 3 |
| Cappuccitti v. DirecTV, Inc., 623 F.3d 1118 (11th Cir. 2010) | 2 |
| Cecos Int 'l, Inc. v. Jorling, 895 F.2d 66 (2d Cir. 1990) | 8 |
| Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co., 93 F.3d 1064 (2d Cir. 1996) | 2 |
| Colavito v. New York Organ Donor Network, Inc., 438 F.3d 214 (2d Cir. 2006) | 2 |
| Cruz v. TD Bank, N.A., 855 F.Supp.2d 157 (S.D.N.Y. 2012) | 3 |
| Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005) | 9 |
| Hartford Courant Co. v. Pellegrino, 380 F.3d 83 (2d Cir. 2004) | 7 |
| Hoblock v. Albany County Bd. of Elections, 422 F.3d 77 (2d Cir. 2005) | 9 |
| Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) | 3 |
| Kirschner v. Klemons, 225 F.3d 227 (2d Cir. 2000) | 8 |
| Morpurgo v. Incorporated Vill. of Sag Harbor, 327 F. App'x 284 (2d Cir. 2009) | 8 |
| Shady Grove Orthopedic Assoc., P.A. v. Allstate Insurance Co., 559 U.S. 393 (2010) | 6 |
| Stengel v. Black, 2004 WL 1933612 (S.D.N.Y. Aug.30, 2004) | 2 |
| St. Paul Mercury Indem., Co. v. Red Cab Co., 303 U.S. 283 (1938) | 2 |
| Sykes v. Mel Harris and Associates, LLC, 757 F.Supp.2d 413 (S.D.N.Y. 2010) | 10 |
| Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59 | 2 |

(2d Cir.1999)

<u>State Cases</u>

| | |
|---|---|
| Boulevard Tenants Action Committee, Inc. v. Boulevard Gardens, Housing Corp., 88 Misc.2d 98 (Sup. N.Y. 1976) | 5 |
| Cruz v. TD Bank, N.A., 22 N.Y.3d 61 (2013) | 5, 7, 10 |
| David v. Rogers, 3 A.D.2d 908 (1st Dept. 1978) | 6 |
| Jackson v. Bank of America, N.A., 40 Misc.3d 949 (N.Y.Sup. 2013) | 7 |
| Petition of Bowman, 98 Misc.2d 1028 (Sup. N.Y. 1978) | 6 |

<u>Federal Statutes</u>

| | |
|---|---|
| 28 U.S.C. §1332 | 2, 6 |
| 28 U.S.C. §2283 | 8 |

<u>State Statutes</u>

| | |
|---|---|
| CPLR 103(b) | 1, 5, 6 |
| CPLR §5221 | 4 |
| CPLR §5222 | 3 |
| CPLR §5239 | passim |
| CPLR §5240 | passim |

Preliminary Statement

None of the arguments made by the Bank as to why Plaintiffs should not be allowed to file the proposed Second Amended Complaint have merit. Initially, the Bank fails to properly evaluate the law with respect to Class Action Fairness Act ("CAFA") jurisdiction. Based upon all of the claimed damages and requested relief by Plaintiffs, Plaintiffs claims' satisfy the five million dollar CAFA threshold. Any uncertainty must be resolved in favor of the Plaintiffs.

Furthermore, the Bank ignores the language of Article 52 of the CPLR, CPLR §103(b) and the Court of Appeals when they claim that CPLR §5239 and CPLR §5240 special proceedings cannot be brought as independent actions, as well as class actions. The Bank also ignores the preemptive effect of CAFA which requires that all class actions be brought in federal court. The Second Amended Complaint is also timely, as Plaintiffs' claims were brought within a year of their accrual, despite the Bank's unlawfully depriving Plaintiffs of EIPA notices.

The Bank also improperly relies on three abstention doctrines. The *Rooker-Feldman* Doctrine is inapplicable because Plaintiffs' injures were not caused as a consequence of the state court judgment and because the instant action does not seek a review of that judgment. The Anti-Injunction Act is inapplicable as Plaintiffs do not seek to enjoin the courts or judgment creditors from enforcement of judgments, only the Bank from acting illegally. Last, the *Younger* Doctrine is inapplicable because there is no pending state proceeding, nor are constitutional claims at issue. Accordingly, Plaintiffs respectfully request that their motion be granted.

Argument

I.      Plaintiffs Have Sufficiently Alleged CAFA Jurisdiction

Entirely absent from the Bank's argument that Plaintiffs have failed to satisfy the CAFA five-million dollar jurisdictional requirement, Br. at 5-7, is any citation to the one case that has

1

squarely addressed this issue, *Acevado v. Citibank, N.A.*, 2012 WL 996902 (S.D.N.Y. March 23, 2012).  In *Acevado*, the plaintiffs claimed EIPA violations and the defendant bank claimed that the amount that the class was assessed in fees (a little more than one million dollars) could not equal the CAFA threshold. *Id*. at *2-3.  The court wrote:

> However, "[o]n a motion to dismiss challenging the sufficiency of the amount in controversy, the sum claimed by the plaintiff ordinarily controls, so long as it is claimed in good faith." *Stengel v. Black,* No. 03 Civ. 0495(GEL), 2004 WL 1933612, at *1 (S.D.N.Y. Aug.30, 2004) (citing *St. Paul Mercury Indem., Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)); *see also Cappuccitti v. DirecTV, Inc.,* 623 F.3d 1118, 1122 n. 8 (11th Cir.2010) (in an action brought under CAFA, "[w]e assume that the sum claimed here by [plaintiff] was made in good faith, and it therefore controls."). "A suit may not be dismissed for lack of the jurisdictional amount in controversy unless it appears 'to a legal certainty' that the plaintiff cannot recover the amount claimed." *Stengel,* 2004 WL 1933612, at *1 (quoting *St. Paul,* 303 U.S. at 289); *see also Aros v. United Rentals, Inc.,* No. 3:10–CV–73(JCH), 2011 WL 1647471, at *2 (D.Conn. Apr.25, 2011) (in a class action under CAFA, noting that defendant "has not presented any argument to demonstrate to a legal certainty that the plaintiff could not recover the amount alleged"). " '[T]he legal impossibility of recovery must be so certain as virtually to negat[e] the plaintiff's good faith in asserting the claim. If the right of recovery is uncertain, the doubt should be resolved ... in favor of the subjective good faith of the plaintiff.' " *Stengel,* 2004 WL 1933612, at *1 (quoting *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co.,* 93 F.3d 1064, 1070 (2d Cir.1996) (citations omitted)).
>
> Courts in this Circuit "recognize a 'rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'" *Colavito v. New York Organ Donor Network, Inc.,* 438 F.3d 214, 221 (2d Cir.2006) (quoting *Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.,* 166 F.3d 59, 63 (2d Cir.1999)). "In order to rebut this presumption, the defendant must show that the complaint 'was so patently deficient as to reflect to a legal certainty that [the plaintiffs] could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums.'" *Id.*

**B.** *Analysis*

Citibank argues that the Amended Complaint does not adequately allege damages sufficient to satisfy the $5,000,000 jurisdictional amount threshold under 28 U.S.C. § 1332(d)(2). The Amended Complaint pleads that the number of class members is "in the thousands" (Am.Cmplt.¶ 26) and that "the damages of the Class exceed $5,000,000 in the aggregate." (*Id.* ¶ 7)

2

Citibank contends that "[t]here is no factual basis to support any contention that the amount in controversy in the aggregate is $5 million" (Def.Br.9), and has offered evidence that it has placed restraints on approximately 8,831 accounts pursuant to CPLR § 5222 since January 2009, resulting in aggregate fees assessed by Citibank of no more than $1,103,875. (Wagner Decl. ¶ 10; Def. Br. 10)

Plaintiffs seek more in the Amended Complaint than simply the return of fees, however. Plaintiffs allege that Citibank denied them access to their funds, and they seek recovery of those funds. (Am. Cmplt. ¶¶ 13, 15; Pltf. Opp. Br. 7) Moreover, in addition to compensatory damages, Plaintiffs seek "statutory, exemplary and punitive damages" and an injunction "[p]ermanently enjoining [Citibank] from continuing to engage in the unlawful and inequitable conduct alleged herein and requiring [Citibank] to comply with [the] EIPA." (Am. Cmplt., *ad damnum* clause) "Where non-monetary relief is sought, 'the amount in controversy is measured by the value of the object of the litigation.'" *Ava Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co.,* 592 F.Supp.2d 522, 527 (S.D.N.Y.2008) (quoting *Hunt v. Washington State Apple Adver. Comm'n,* 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)). "In traditional class action suits in federal court under diversity jurisdiction, the object of the litigation has been viewed as 'the monetary value of the benefit that would flow to the plaintiff if injunctive or declaratory relief were granted.'" *Id.* (quoting *American Standard, Inc. v. Oakfabco, Inc.,* 498 F.Supp.2d 711, 717 (S.D.N.Y.2007)).

Based on the record here, the Court cannot say to a "legal certainty" that the amount in controversy is less than $5,000,000. Accordingly, Citibank's motion to dismiss for lack of subject matter jurisdiction will be denied.

As in *Acevado*, Plaintiffs here claim that the Defendants improperly restrained their funds entirely, SAC ¶¶11-17, without plaintiffs being served with a copy of the Restraining Notice, EIPA Notice and EIPA claim form by the Bank. In those circumstances, no restraint or fee can be lawfully imposed. CPLR §5222(i); §5222(j).[1] Those monies unlawfully restrained, as well as the fees imposed (more than two million dollars), constitute damages. In addition, Plaintiffs also request "statutory, exemplary and punitive damages" in the SAC (Second Am. Cmplt., *ad damnum* clause ¶c) as well as injunctive relief (Second Am. Cmplt., *ad damnum* clause ¶d).

---

[1] This fact makes the Declaration of Jason Sbalcio worthless. Regardless of whether the amounts in any Plaintiffs account exceed the EIPA exemption threshold, if the notices are not properly provided by the creditor to the Bank, and by the Bank to the debtor, then any restraint and imposition of fees is unlawful. In addition, this court has already rejected the Bank's argument that EIPA does not apply to Plaintiff Pain's account because it was originally opened in New Jersey. *Cruz v. TD Bank, N.A.*, 855 F.Supp.2d 157, 166 (S.D.N.Y. 2012)

3

With an admitted more two million dollars in fees taken by the Bank, together with compensatory, statutory, exemplary and punitive damages, as well as injunctive relief, there is no basis to conclude "with a legal certainty" that the CAFA threshold has not been met.

> II. <u>The CPLR Expressly Permits All Special Proceedings to Be Brought as Separate Actions and Class Actions</u>

, The Bank cites <u>no authority</u> to back up its contention, Br. at 7-11, that the Court of Appeals held that Article 52 special proceedings must be brought in the individual original actions in which the judgments were entered. Indeed the Bank's argument is faulty based on the clear and express language of Article 52 which specifically provides for separate actions for special proceedings. The argument is also not supported by the decision of the Court of Appeals.

The statutory basis for finding that Article 52 special proceedings can be brought as separate actions is clear. CPLR §5221 sets forth possible state court forums in which an individual special proceeding may be brought. Such a provision would not be necessary if special proceedings had to be brought in the original action.

Similarly, CPLR §5239 provides in relevant part that:

> any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in the property or debt. Service of process in such a proceeding shall be made by service of a notice of petition upon the respondent, the sheriff or receiver, and such other person as the court directs, in the same manner as a notice of motion. The proceeding may be commenced in the county where the property was levied upon, or in a court or county specified in subdivision (a) of section 5221.

The statute speaks of "commencing" a special proceeding, serving process, and selecting a venue for the proceeding. None of these provisions would be applicable if the only forum for bringing a special proceeding was in the same original action.[2] Moreover, the Court of Appeals decision,

---

[2] The Bank also misconstrues the statements of Professor Siegel. Br. at 9. Professor Siegel correctly notes that enforcement devices such as restraining notices are not independent of the action that produced the judgment, and

4

*Cruz v. TD Bank, N.A.*, 22 N.Y.3d 61 (2013), confirmed that CPLR §5239 and CPLR §5240 proceedings could be brought as separate actions, writing:

> A judgment debtor is certainly an "interested person" and CPLR 5239 permits such a party to bring a proceeding against any "other person with whom a dispute exists to determine rights in the property." Thus, if a judgment debtor believes that a bank has restrained assets in error in violation of the EIPA—meaning there is a controversy between the bank and the account holder over access or "rights" in the deposited funds—he or she can obtain a civil remedy, such as the release of any money unlawfully restrained, an injunction barring transfer of exempt property to the sheriff or judgment creditor, or reimbursement of any bank fees improperly charged. Comparable relief would be available under CPLR 5240, even after the assets have been transferred to the judgment creditor; in that event, the judgment creditor could be joined as a party and the court could reverse the transfer by issuing an order "denying" the execution and directing restitution by the judgment creditor.

*Id*. at 75-76. The Court's use of the term "bring a proceeding" and its statement that "the judgment creditor could be joined as a party" clearly indicate that the Court contemplated bringing Plaintiffs' complaints of unlawful restraints in new proceedings.

In addition to the fact that the Court of Appeals did not preclude existing rights to bring special proceedings as new actions, the Bank fails to address CPLR §103(b) which provides that:

> (b) Action or special proceeding. All civil judicial proceedings shall be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized. Except where otherwise prescribed by law, procedure in special proceedings shall be the same as in actions, and the provisions of the civil practice law and rules applicable to actions shall be applicable to special proceedings.

A special proceeding under Article 52 has the same procedural rights as any action, including the right to be filed as a separate action.

Case law has also firmly established that's since special proceedings are a form of "actions," they too may be brought as class actions. *Boulevard Tenants Action Committee, Inc. v. Boulevard Gardens, Housing Corp.*, 88 Misc.2d 98, 101 (Sup. N.Y. 1976) ("The fact that this is a special proceeding does not bar class action treatment. (CPLR 103(b); *see Matter of Turner*

---

hence have the caption of the underlying action. However, he explicitly states that "A special proceeding is the <u>independent</u> prosecution of a right…" As such, consistent with the CPLR, it may be brought as a separate action.

5

*v. Reed*, 52 A.D.2d 739, 741, 382 N.Y.S.2d 391.)"). *See also Petition of Bowman*, 98 Misc.2d 1028, 1035 (Sup. N.Y. 1978); *David v. Rogers*, 3 A.D.2d 908 (1st Dept. 1978). In light of these rulings, special proceedings pursuant to CPLR §5239 and CPLR §5240 can also be brought as class actions. Though this argument was made in Plaintiffs' brief, Dckt #35 at pgs. 6-7, the Bank nowhere addresses the import of either CPLR §103(b) or these cases in its' brief.

### III. The CPLR §5221 Venue Provisions Are Preempted By CAFA

As set forth in Points I and II supra, Plaintiffs action may be brought as separate class actions and the allegations of the Second Amended Complaint satisfy the CAFA jurisdictional requirements. CAFA, as a federal statute, preempts state law and requires that class actions be brought in federal courts. 28 U.S.C. §1332(d)(2) ("The district courts shall have original jurisdiction…") This is true even if state venue provisions would have them brought elsewhere. The Court of Appeals in *Cruz* never addressed the preemptive effect of CAFA. While the Bank argues that it would be prejudicial to bring these actions as federal proceedings, Br. at 13, the preexisting right to bring special proceedings as class actions and the preemptive effect of CAFA requiring class actions to be filed in federal court, militates against any claim of prejudice. See *Shady Grove Orthopedic Assoc., P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010) (requiring state law to give way to federal jurisdiction in class actions).

### IV. Plaintiffs' Action is Not Untimely

The Bank seeks to both have its cake and eat it too. Knowing that a substantial element of Plaintiffs' cause of action is the Bank's failure to abide by EIPA and serve copies of the restraining notices, EIPA notices and EIPA Claim Forms on Plaintiffs, facts that the Bank does not dispute, it still claims that Plaintiffs' action is untimely because exemption claims were not filed within the 25 day period, set forth in the notice. Br. at 12. Insofar as the Bank is the bad

actor in failing to inform Plaintiffs of this 25 day period, Plaintiffs should not be held to its limits. The argument also ignores the holding of the Court of Appeals which made it clear that Plaintiffs were not consigned to challenging unlawful restraints only through the exemption procedures, but could also do so through special proceedings. *Cruz*, 22 N.Y.3d at 76, 77 ("If banks make mistakes, the special proceedings in CPLR article 52 afford an avenue for relief.") ("If a lawsuit remains necessary due to a bank's noncompliance with the EIPA, the existing proceedings in CPLR article 52 are adequate to afford a judgment debtor appropriate relief.")

In addition, the Bank appears to claim that the proposed cause of action is untimely under CPLR §5239 or CPLR §5240, Br. at 13, without providing any explanation as to why the action would be untimely. Plaintiffs commenced this action in 2010 alleging unlawful acts committed in 2009, Dckt. # 1, and initially amended the complaint in 2011 regarding additional illegal acts committed in 2010. Dckt. #17. There is no basis to find that the proposed Second Amended Complaint alleging the same illegal acts, but updated to reflect a new statutory interpretation, is untimely when the initial action and subsequent amended complaint were commenced within a year of the illegal acts being committed.[3]

Furthermore, the Bank's additional arguments based on the *Younger* Doctrine and the federal Anti-Injunction Act ("AIA"), Br. at 14 n. 6, are without merit. In order to invoke the *Younger* Doctrine (1) there must be a pending state proceeding; (2) that implicates an important state interest; and (3) that state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims. *Hartford Courant Co. v. Pellegrino,* 380 F.3d 83, 100–01 (2d Cir. 2004) (citation and internal quotation marks omitted).

---

[3] The Bank's claim that Plaintiffs were aware in 2010 of the proper mechanism for bringing their claim and should thus be precluded from re-pleading, Br. at 12, is without merit. Plaintiffs commenced an action in a form that they believed to be proper. The question of form was one of first impression and required resolution by the Court of Appeals. In fact, prior to the decision of the Court of Appeals, the only state court to consider this issue ruled that a plenary action was an available remedy. *Jackson v. Bank of America, N.A.,* 40 Misc.3d 949 (N.Y.Sup. 2013).

Abstention from the exercise of federal jurisdiction is the narrow exception, not the rule.  *Cecos Int 'l, Inc. v. Jorling,* 895 F.2d 66 (2d Cir. 1990).  Neither the first or third of the *Younger* criteria are applicable here.

First, the Bank does not identify what state proceeding is ongoing involving the Plaintiffs and the Bank.  The underlying lawsuits against by the judgment creditors against the Plaintiffs have resulted in judgments against the Plaintiffs.  As such, no proceeding is "pending."  Plaintiffs also do not seek to enjoin any state proceeding, but rater seek to enjoin the Bank, a <u>non-party</u> to the state court litigation, from illegal conduct once served with restraining notices.

Second, the *Younger* Doctrine is also inapplicable insofar there are no federal constitutional claims to be resolved in the state court.

Similarly, the AIA, 28 U.S.C. §2283, cannot be properly invoked.  Plaintiffs do not seek to enjoin any state court proceedings in their request for injunction.  Attorneys and courts remain free to issue any orders in aide of judgment collection that they deem appropriate.  Plaintiffs' however request that the Bank, a <u>non-party</u> to any litigation in the state court, be enjoined from illegal conduct once served with those orders.  The Bank should be enjoined from imposing unlawful fees and restraining funds when they know such restraints violate state law.  The Bank cites no cases from this court that would support a claim that such an injunction is not proper.

Last, neither the *Younger* Doctrine nor the AIA bar Plaintiffs' claim for damages.  *See Kirschner v. Klemons,* 225 F.3d 227, 238 (2d Cir. 2000); *Morpurgo v. Incorporated Vill. of Sag Harbor,* 327 F. App'x 284, 285–86 (2d Cir. 2009).  As such, Plaintiffs' damages claims are viable even following any application of the *Younger* Doctrine or the AIA.[4]

---

[4] It should be further noted that, the Bank makes self-contradictory arguments in arguing that the *Rooker-Feldman* Doctrine, the AIA and the *Younger* Doctrine all bar the instant proceeding.  As discussed *infra*, application of *Rooker-Feldman* requires that the plaintiff have lost a proceeding in state court.  However, in order to invoke the

V.     The *Rooker-Feldman* Doctrine is Wholly Inapplicable to the Instant Proceeding

Plaintiffs do not seek to overturn the judgments rendered against them in state court and Plaintiffs' injuries were also not caused by the state court judgment. The Bank ignores these facts when it erroneously claims that the *Rooker-Feldman* Doctrine precludes the instant litigation. Br. at 14-15.

As set forth by the Supreme Court, the *Rooker-Feldman* Doctrine:

> is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). To apply the *Rooker-Feldman* Doctrine: 1) the plaintiff must have lost in state court; 2) the plaintiff must complain of injuries caused by a state court judgment; 3) the plaintiff must invite review of the state court judgment and 4) the state court judgment must have been rendered prior to the commencement of the district court proceedings. *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). Plaintiffs do not meet either the second or third criteria.

Plaintiffs' injury was not caused by the decisions of the state courts rendering money judgments against them. The collection efforts undertaken by the judgment creditors (not the courts) subsequent to the entry of the judgments were entirely voluntary – the creditor was not compelled to act by a court order to issue restraining notices on Plaintiffs' accounts. The state court also did not compel the Bank to honor restraints that were improper on their face, or to act in contravention of state law in enforcing those restraints. Only where there is a "properly" imposed restraint can contempt proceedings be brought for failure to abide by the restraint. *Cruz*,

---

AIA and the *Younger* Doctrine, there must be a pending state proceeding that Plaintiffs are seeking to enjoin. The Bank cannot have it both ways – either a state court proceeding is pending, or it is not.

22 N.Y.3d at 76.  As set forth in the Second Amended Complaint, there was no "properly" imposed restraint.  The Bank should not have violated EIPA in claiming to honor the restraints.

Second, no one is challenging the underlying state court judgment in this proceeding. Finding liability on the part of the Bank for violating EIPA does not upset the underlying state court judgment in any way.  All that will occur is that the Bank will be penalized for its violations of EIPA in the collection of that judgment, and the Bank will enjoined from undertaking further unlawful activity.

This situation is analogous to the complained of conduct in *Sykes v. Mel Harris and Associates, LLC*, 757 F.Supp.2d 413 (S.D.N.Y. 2010).  In *Sykes*, the defendants were accused of buying debt, suing on that debt, engaging in "sewer service" and then initiating collection efforts on the inevitable default judgments.  *Id*. at 419-20.  In declining to dismiss the complaint on *Rooker-Feldman* grounds, the court found that the plaintiffs were not seeking to overturn the state court judgments rendered against them, rather they were seeking declaratory relief that the defendants' conduct was unlawful and injunctive notice to class members so that it could be remedied.  *Id*. at 429.  Similarly here, this litigation will not alter the judgment between the Plaintiffs and their judgment creditors.  All that will result is that the Bank will be held liable for its unlawful conduct, and the injunction will prevent further unlawful conduct.  Lawful conduct in aid of the lawfully obtained judgments would still be permitted.

## Conclusion

Wherefore, Plaintiffs respectfully request that their motion for leave to re-plead be granted in all respects and that Plaintiffs' proposed Second Amended Complaint be accepted for filing, together with such other and further relief as this Court deems just, fair and equitable.

Dated: New York, New York
March 21, 2014

Law Offices of G. Oliver Koppell & Associates

By:_____/s/_____
G. Oliver Koppell (GOK-4851)
Daniel F. Schreck (DS-7680)
*Attorneys for Plaintiffs*
99 Park Ave., Suite 330
New York, New York 10016
(212) 867-3838

Charles Juntikka (CJ-4689)
Charles Juntikka & Associates, LLP
350 Fifth Avenue, Suite 2212
New York, New York 10118
(212) 315-3755