UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GARY CRUZ and CLAUDE PAIN, Individually and
on behalf of all others similarly situated,

                               Plaintiffs,

                                                      Case No. 10-cv-08026 (PKC)
        -against-

TD BANK, N.A.,

                               Defendant.
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION AND/OR REARGUMENT**

                                               Law Offices of G. Oliver Koppell & Associates
                                               Attorneys for Plaintiffs
                                               99 Park Ave., Suite 330
                                               New York, New York 10016
                                               212-867-3838

# TABLE OF CONTENTS

|  | Page |
|---|---|
| Table of Contents | ii |
| Table of Authorities | iii |
| Preliminary Statement | 1 |
| Standard of Review | 2 |
| Argument | 2 |
| I. The Court of Appeals Did Not Intend to Limit Plaintiffs' Damages | 2 |
| II. The Bank Fee Was Not Properly Assessed Against Plaintiff Cruz | 5 |
| III. There is a Typographical Error in the Memorandum and Order | 6 |
| Conclusion | 7 |

# **TABLE OF AUTHORITIES**

| Federal Cases | Page |
|---|---|
| Cruz v. T.D. Bank, N.A., 2014 WL 1569491 (S.D.N.Y. April 17, 2014) | passim |
| Knorr v. Pepsico Food Services, Inc., 1999 WL 200685 (N.D.N.Y. April 08, 1999) | 3 |
| Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99 (2d Cir. 2013) | 2 |
| Mendell ex rel. Viacom, Inc. v. Gollust, 909 F.2d 724 (2d Cir. 1990) | 2 |
| Pichardo v. Ashcroft, 374 F.3d 46 (2d Cir. 2004) | 2 |
| Reeves v. Johnson Controls World Servs., Inc., 140 F.3d 144 (2d Cir. 1998) | 4 |
| S.E.C. v. Mattera, 2014 WL 241472 (S.D.N.Y. January 22, 2014, PKC) | 2 |
| Shrader v. CSX Transp., Inc., 70 F.3d 255 (2d Cir. 1995) | 2 |
| State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 123 S.Ct. 1513 (2003) | 5 |
| Wilson v. Chevron Chemical Co., 1986 WL 14925 (S.D.N.Y. 1986) | 5 |

State Cases

| | |
|---|---|
| Cruz v. TD Bank, N.A., 22 N.Y.3d 61 (2013) | 3 |
| In re Piekos, 2010 WL 3155942 (N.Y.Sup. August 3, 2010) | 3 |
| State v. Metz, 241 A.D.2d 192, 671 N.Y.S.2d 79 (1st Dept. 1998) | 4 |
| Zurich Ins. Co. v. Shearson Lehman Hutton, Inc., 84 N.Y.2d 309, 618 N.Y.S.2d 609 (1994) | 5 |

Federal Statutes

| | |
|---|---|
| Fed.R.Civ.P. 60(b) | 1, 2 |

Federal Rules

| | |
|---|---|
| Local Civil Rule 6.3 | 2 |

<u>State Statutes</u>

CPLR §3212                                                              4

CPLR §5222(j)                                                           6

CPLR §5222-a(b)(1)                                                      6

CPLR §5239                                                              4, 5

CPLR §5240                                                              5, 6, 7

Preliminary Statement

Plaintiffs Gary Cruz and Claude Pain, individually and on behalf of all others similarly situated ("Plaintiffs"), respectfully submit this Memorandum of Law in support of their motion pursuant to Fed.R.Civ.P. 60(b) for partial reconsideration and/or reargument of this Court's Memorandum and Order dated April 17, 2014 which denied, without prejudice, Plaintiffs' motion for leave to amend their complaint against defendant T.D. Bank, N.A. (the "Bank"). *Cruz v. T.D. Bank, N.A.*, 2014 WL 1569491 (S.D.N.Y. April 17, 2014, PKC). This Court denied the motion, though it permitted Plaintiffs to file an amended complaint consistent with the Memorandum and Order.

Plaintiffs believe that the court overlooked several facts in rendering its decision. First, based on a statement of the Court of Appeals, this Court limited the money damages Plaintiffs could recover, limiting such damages to Bank fees improperly charged and any funds unlawfully restrained. The list of types of damages given by the Court of Appeals was not exhaustive, and other damages should be permitted. Moreover, limiting Plaintiffs to these damages would not make Plaintiffs whole from the Bank's misconduct, a stated intent of this Court in providing for damages. It would also allow the Bank's misconduct to continue by precluding injunctive relief and punitive damages.

Second, Plaintiff Cruz should be able to recover the fees imposed on his account by the Bank. The Court denied Cruz such relief. Because the Bank did not receive the required restraining notices, exemption notices and exemption claim form from the judgment creditor, no restraint could be imposed on Cruz's account. When no restraint can be imposed on an account, the Bank is precluded from charging a fee to the debtor.

1

Last, Plaintiffs believe this Court made a typographical error, at one point using the phrase "judgment creditor" when it meant to say "judgment debtor" when discussing remedies available for the Bank's unlawful conduct. This error should be corrected for the clarity of all parties. For all of the foregoing reasons, Plaintiffs respectfully request that their motion for partial reconsideration and/or reargument be granted.

Standard of Review

This Court recently set forth the standard of review in a motion reconsideration and/or reargument in *S.E.C. v. Mattera*, 2014 WL 241472, at *1 (S.D.N.Y.  January 22, 2014, PKC), writing:

> Motions for reconsideration are governed by Local Civil Rule 6.3 and Rule 60(b), Fed.R.Civ.P. A motion to reconsider is "addressed to the sound discretion of the district court[.]" *See Mendell ex rel. Viacom, Inc. v. Gollust,* 909 F.2d 724, 731 (2d Cir. 1990). A motion for reconsideration "is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Pichardo v. Ashcroft,* 374 F.3d 46, 55 (2d Cir. 2004) (internal citation and quotation marks omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir, 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*
>
> Motions for reconsideration "should be granted only when the defendant identifies an intervening change of law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust,* 729 F.3d 99, 104 (2d Cir. 2013) (internal citation and quotation marks omitted).

Argument

I.     The Court of Appeals Did Not Intend to Limit Plaintiffs' Damages

The decision of this Court to limit damages to a refund of fees improperly charged by the Bank overlooks the express language of the Court of Appeals regarding damages that can be

2

awarded to Plaintiffs.  Such a limit is also contrary to the language of the statute, and will not remediate all of the injuries Plaintiffs' suffered as a result of the Bank's violations of EIPA.

When discussing the remedies available to Plaintiffs, the Court of Appeals in *Cruz v. TD Bank, N.A.*, 22 N.Y.3d 61 (2013), listed remedies as examples of the type of those available to Plaintiffs, to wit: "a release of moneys unlawfully restrained, an injunction barring transfer of the funds, and a refund of any fees improperly charged by the bank." *Id*. at 75-76.  This Court then adopted these three categories as remedies as the only remedies available to Plaintiffs in this proceeding.  *Cruz*, 2014 WL 1569491 at *8.[1]

The language of the decision of the Court of Appeals demonstrates that it did not intend to limit Plaintiffs damages to a return of the unlawfully restrained funds and unlawful bank fees.  The full quote of the Court of Appeals is:

> Thus, if a judgment debtor believes that a bank has restrained assets in error in violation of the EIPA—meaning there is a controversy between the bank and the account holder over access or "rights" in the deposited funds—he or she can obtain a civil remedy, <u>such as</u> the release of any money unlawfully restrained, an injunction barring transfer of exempt property to the sheriff or judgment creditor, or reimbursement of any bank fees improperly charged.

22 N.Y.3d at 75-76 (emphasis added).  By using the language "such as" the Court of Appeals clearly did not intend to confine itself solely to those remedies, but was only setting forth examples of the types of remedies that could be available. "The phrase 'such as' clearly indicates that the events described immediately thereafter are typical of the category of events referred to and that the listed events are not the only events intended to be covered." *In re Piekos*, 2010 WL 3155942, at *16 (N.Y.Sup. August 3, 2010).  "As the words 'such as' suggest, this list of major life activities is meant to be illustrative and not exclusive." *Knorr v. Pepsico Food Services, Inc.*,

---

[1] The Bank's opposition to Plaintiffs' motion to amend, Dkt. #42, never challenged the categories of damages that Plaintiffs are seeking.

3

1999 WL 200685, at *7 (N.D.N.Y. April 08, 1999) quoting *Reeves v. Johnson Controls World Servs., Inc.,* 140 F.3d 144, 150 (2d Cir. 1998).  See also *State v. Metz*, 241 A.D.2d 192, 199, 671 N.Y.S.2d 79 (1st Dept. 1998) (use of phrase "such as" in CPLR §3212 describing types of evidence that can be introduced at summary judgment does not mean that those types of evidence are the only ones that can be introduced).

Such an understanding also comports with the literal language of CPLR §5239 which specifies that "damages" may be awarded, without in any way limiting those types of damages that can be awarded.

Plaintiffs are mindful of this Court's statement that limiting the types of damages that can be awarded is appropriate as those forms of relief are "remedial in nature, aimed at undoing the effects of an improper account garnishment and restoring a judgment debtor to the position in which he or she would have been had the wrongful garnishment never taken place."  *Cruz*, 2014 WL 1569491, at *8.  However, limiting damages to bank fees and return of restrained funds will not wholly restore a judgment debtor to their prior position.  For example, if the unlawfully imposed restraint resulted in returned payments from judgment debtors vendors (i.e. credit card companies, landlords, etc.), those vendors will often impose their own returned payment fee (independent of the Bank's fee), a late payment fee, or increase the judgment creditor's interest rates.  These returned payments may also result in damage to the judgment debtor's credit rating or legal proceedings brought against the judgment debtor.  Merely returning the restrained funds and the fees unlawfully imposed by the Bank will not necessarily fully restore the judgment debtor to the position that he was in prior to the unlawful imposition of the restraint.

Moreover, the failure to allow punitive damages does not take into account the Bank's knowing deviation from its role as stakeholder in order to wrongfully obtain fees, as well as

CPLR §5239's language permitting "damages" to be awarded, without limitation on the nature of such damages. Punitive damages are aimed at deterrence and retribution. *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 416, 123 S.Ct. 1513 (2003). They are also designed to punish the defendant for egregious conduct. *Wilson v. Chevron Chemical Co.,* 1986 WL 14925, at *3 (S.D.N.Y. 1986); *cf. Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.,* 84 N.Y.2d 309, 316–317, 618 N.Y.S.2d 609 (1994) (noting that "the purpose of punitive damages is solely to punish the offender and to deter similar conduct on the part of others"). Here, the Bank knowingly imposed restraints on Plaintiffs and the putative class when it knew it could not do so. While excessive litigation may not have been intended under the special proceeding remedies of CPLR §5239 and CPLR §5240, not allowing for the imposition of punitive damages, when such damages are permitted by statute, does nothing to incentivize compliance with the statute by the Bank.

Similarly, not permitting as a remedy an injunction requiring the Bank's compliance with EIPA is counterproductive, as such an injunction costs the Bank nothing (as it is only mandating conduct that should already be adhered to) and will only foster further non-compliance by the Bank. These overlooked facts and law warrant reconsideration and modification of this Court's decision to limit Plaintiffs potential damages.

   II. <u>The Bank Fee Was Not Properly Assessed Against Plaintiff Cruz</u>

As set forth in the proposed Second Amended Complaint (Dkt. #34-1), Plaintiff Cruz did not receive from the Bank the restraining notice, the exemption notice and exemption claim form in connection with the restraint imposed on his account. SAC ¶14. Plaintiffs further allege, upon information and belief, that the notices and form were not sent to the Bank by the creditor.

SAC ¶14.  The Court overlooked these facts in its Memorandum and Order.  As such, no fees could be properly assessed against Cruz by the Bank in connection with the restraint.

Where the notices and exemption claim form are not sent by the creditor to the Bank, the restraint is void and no restraint can be imposed on a judgment debtor irrespective of the amount in the judgment debtors' account.  This principle is clear from the text of the CPLR which states, in relevant part that:  "Failure to serve the notice and forms together with the restraining notice renders the restraining notice void, and the banking institution shall not restrain the account."  CPLR §5222-a(b)(1).  Where the restraint is void and no restraint can be imposed, the Bank cannot charge the judgment debtor a fee.  CPLR §5222(j) ("Fee for banking institution's costs in processing a restraining notice for an account. In the event that a banking institution served with a restraining notice cannot lawfully restrain a judgment debtor's banking institution account, or a restraint is placed on the judgment debtor's account in violation of any section of this chapter, the banking institution shall charge no fee to the judgment debtor regardless of any terms of agreement, or schedule of fees, or other contract between the judgment debtor and the banking institution.")

In light of the statutory proscriptions on imposing a restraint on an account when the notices and form have not been provided by the judgment creditor, and the proscription on banks from charging fees when no restraint can lawfully be imposed, this Court erred in finding that: "… Cruz may not recover the administrative fee assessed on his account…" *Cruz*, 2014 WL 1569491, at *10.  It was unlawful for the Bank to impose a restraint without having received the restraining notice, exemption notice and exemption claim form from the judgment creditor.  As such it was unlawful for the Bank to impose any administrative fee on Cruz irrespective of the amount held

6

by Cruz in his bank accounts.  The Court overlooked these allegations and statutory provisions in denying Cruz damages for the fees imposed by the Bank.

### III.     There is a Typographical Error in the Memorandum and Order

In this Court's Memorandum and Order, it wrote the following: "Once a transfer has been made, the judgment debtor's remedies under section 5240 lie against the judgment creditor, except that the <u>judgment creditor</u> may recover against the garnishee-bank any fees improperly charged to the judgment debtor." *Cruz*, 2014 WL 1569491, at *9 (emphasis added).  Plaintiffs believe that the underlined words "judgment creditor" should be replaced with "judgment debtor." Doing so will accurately reflect the intent of the sentence to set forth the remedies available to judgment debtors for fees improperly charged to them by the Bank.

### Conclusion

Wherefore Plaintiffs respectfully request that their motion for partial reconsideration and/or reargument be granted in all respects, and this Court's Memorandum and Order of April 17, 2014 be modified accordingly together with such other and further relief as this Court deems just, fair and equitable.

Dated: New York, New York
       May 1, 2014

                                             Law Offices of G. Oliver Koppell & Associates

                                             By:_____/s/_____
                                             G. Oliver Koppell (GOK-4851)
                                             Daniel F. Schreck (DS-7680)
                                             *Attorneys for Plaintiffs*
                                             99 Park Ave., Suite 330
                                             New York, New York 10016
                                             (212) 867-3838

                                             Charles Juntikka (CJ-4689)
                                             Charles Juntikka & Associates, LLP

350 Fifth Avenue, Suite 2212
New York, New York 10118
(212) 315-3755