UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------X
GARY CRUZ, and CLAUDE PAIN,     :
Individually and on behalf of all others   :
similarly situated,                 :     Case No.: 10-CV-8026 (PKC)
                                 :
           Plaintiffs,      :
                                 :
        - against -      :
                                 :
TD BANK, N.A.,                :
                                 :
          Defendant.     :
--------------------------------------------------X

## TD BANK, N.A.'S MEMORANDUM OF LAW

## OPPOSING PLAINTIFFS' MOTION FOR

## PARTIAL RECONSIDERATION AND/OR REARGUMENT

Dated:  New York, New York
        May 19, 2014

**DUANE MORRIS** LLP
Justin Joseph D'Elia
1540 Broadway
New York, New York 10036
(212) 692-1000 (tel)
(212) 692-1020 (fax)

Alexander D. Bono (*Pro Hac Vice*)
Ryan E. Borneman (*Pro Hac Vice*)
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000 (tel)
(215) 979-1020 (fax)

*Counsel for TD Bank, N.A.*

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ........................................................................1

II.     ARGUMENT ..............................................................................................1

        A.      Plaintiffs' Motion Fails Under the Governing Standard of Review. ...................... 1

        B.      Only Limited Damages are Available in a Special Proceeding Because a
                Special Proceeding is a Limited Proceeding........................................................... 2

        C.      Cruz Is Not Entitled to Recover Fees. .................................................................. 5

III.    CONCLUSION..............................................................................................6

DM1\4680598.2

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) .........................................................................5

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) ...........................................................5

*Enriquez v. Cherry Hill Mkt. Corp.,* 2013 U.S. Dist. LEXIS 141284 (E.D.N.Y. Sept. 30, 2013) ..............................................................................................................................4

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99 (2d Cir. 2013) ..............................................................................................................................1

*Shrader v. CSX Transp.*, 70 F.3d 255 (2d Cir. 1995) ....................................................1

*Smith v. New York City Dep't of Educ.*, 524 Fed. Appx. 730 (2d Cir. May 2, 2013) .....................4

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245 (2d Cir. 1992)............................1

**State Cases**

*Matter of Ziede v. Mei Ling Chow*, 941 N.Y.S.2d 275 (2d Dep't 2012) ..........................................4

**Federal Statutes and Rules of Court**

28 U.S.C. §1332(d) ..........................................................................................................5

Fed. R. Civ. P. 12(b)(6)...................................................................................................5

Fed. R. Civ. P. 60(b) .......................................................................................................1

**Other Authorities**

Civil Rule 6.3 ..................................................................................................................1

Section 5240.....................................................................................................................2

Section 5239.................................................................................................................4-5

iii

## I.      PRELIMINARY STATEMENT

Plaintiffs Gary Cruz and Claude Pain ("***Plaintiffs***") argue two grounds for partial

reconsideration of this Court's Order and Opinion dated April 17, 2014 ("***Opinion***") denying

their  motion for leave to amend the complaint ("***Motion***").  Neither warrants reconsideration.

Plaintiffs' Motion for Reconsideration and/or Reargument should be denied for two reasons:

1.      This Court correctly held that Plaintiffs may recover remedial damages but
        punitive damages and deterrence-oriented relief are inconsistent with special
        proceedings; and

2.      Cruz fails to state a plausible claim to recover bank fees, and this Court lacks
        jurisdiction because Plaintiffs cannot meet the $5,000,000 threshold required
        pursuant to the Class Action Fairness Action.

## II.     ARGUMENT

### A.      Plaintiffs' Motion Fails Under the Governing Standard of Review.

Under Local Civil Rule 6.3 and Fed. R. Civ. Proc. 60(b), a motion for reconsideration

should be granted ***only*** where there is an "intervening change of law, the availability of new

evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel*

*Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  "The

standard for granting such a motion is strict, and ***reconsideration will generally be denied*** unless

the moving party can point to controlling decisions or data that the court overlooked." *Shrader*

*v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995).[1] Fed. R. Civ. Proc. 60(b) requires the error to

be a "mistake, inadvertence, surprise or excusable neglect."

---

[1]      Emphasis added throughout unless otherwise noted.

DM1\4680598.2

Plaintiffs never argue the existence of an intervening change of law or the availability of new evidence.  And, as shown below, this Court did not commit "clear error" in denying Plaintiffs' Motion.

**B.      Only Limited Damages are Available in a Special Proceeding Because a Special Proceeding is a Limited Proceeding.**

After carefully considering the nature of a special proceeding and the opinion of the New York Court of Appeals ("***Cruz III***"), this Court listed the available damages that are consistent with each.  Plaintiffs disagree.  But, they never show, and cannot show, the Court's analysis is "clear error."  That is because this Court properly limited damages available in a special proceeding under the Earned Income Protection Act ("***EIPA***") consistent with the limited nature of a special proceeding.[2]

This Court first compared and contrasted special proceedings to a plenary civil action. Opinion at 12.  Citing the New York Court of Appeals' opinion in *Cruz III*, this Court noted that "plaintiffs had no right to bring a plenary action against a bank for money damages." *Id*.  Rather, the "provisions of EIPA were enacted 'to use banks as a conduit for information… not… to subject banks to a new type of liability.'"  *Id*. (quoting *Cruz III*).

This Court specifically noted the distinction made by the New York Court of Appeals:

> Drawing a ***distinction*** between special proceedings under Article 52 and the plaintiffs' claims in *Cruz I*, the New York Court of Appeals explained that "[t]he summary proceedings have the advantage of being swift and without procedural complexity – there is ***no basis to suppose that the legislature expected that injured judgment debtors would commence complicated and lengthy plenary***

---

[2]      Plaintiffs do not seek reconsideration of this Court's holding that, under Section 5240, a judgment debtor's remedies "lie against the judgment creditor, except that the judgment debtor may recover against the garnishee-bank any fees improperly charged to the judgment debtor."  Opinion at 16.  Because restrained funds are transferred after 25 days without receipt of an exemption claim form, the vast majority of plaintiffs' claims are limited to Section 5240.

> *proceedings* to vindicate their rights*, such as the federal court actions plaintiffs brought here*."

Opinion at 12-13 (quoting *Cruz III*).

But Plaintiffs' proposed Second Amended Complaint does not recognize the critical distinction between a special proceeding and a plenary action.  This Court correctly reasoned that "[i]n their proposed SAC, *plaintiffs seek precisely the same relief sought under their previous amended complaint.*"  In direct contravention of the New York Court of Appeals ruling that the Legislature did not intend Plaintiffs' action, Plaintiffs "essentially, [] have relabeled their claims" in their proposed Second Amended Complaint.  *Id*. at 12.

In their motion for reconsideration, Plaintiffs again wholly ignore the critical distinctions between a special proceeding and a plenary action and again argue for the precise relief that the New York Court of Appeals rejected.

As this Court correctly ruled, the distinction between a special proceeding and a plenary action provides the context necessary to understand the relief available in a special proceeding. Ignoring this context, Plaintiffs improperly rely upon the words "such as" in the New York Court of Appeals Opinion as an invitation to permit Plaintiffs to seek the extraordinary relief of punitive damages and other forward looking damages.

Contrary to Plaintiffs' argument, this Court did not ignore that language and properly construed it.  The Court quoted the words "such as" from the New York Court of Appeals in its Opinion. Opinion at 13.  This Court cited in full the same paragraph relied on by Plaintiffs in the *Cruz III* opinion.  *Id*.

Further, the Court recognized that the remedies listed by the New York Court of Appeals were "*types of relief* available to a judgment debtor."  *Id*. at 13.  This Court's Opinion did not expressly limit all relief to the three mentioned by the New York Court of Appeals, rather this

3

Court only excluded extraordinary, forward-looking and deterrence-oriented relief[3] in holding

that:

> Each of the **three forms of relief** cited by the New York Court of Appeals is **remedial in nature, aimed at undoing the effects of an improper account garnishment** and restoring a judgment debtor to the position in which he or she would have been had the wrongful garnishment never taken place. **The remedies identified are not forward-looking, deterrence-oriented relief of the type sought by plaintiffs**. Plaintiffs' claims for punitive damages, exemplary damages, and an injunction requiring TD Bank to comply with the requirements of EIPA are precisely the "opportunity for litigation on the back end after an improper restraint was imposed" which the New York Court of Appeals foreclosed as against a garnishee-bank.

*Id*. at 14.

But the Court's Opinion did not solely rely on the Court's interpretation of the New York

Court of Appeals.  The Court analyzed the "rare reported instance" where damages were

awarded under Section 5239 and noted that damages were still not awarded against the

middleman.  *Id*. at 14 (citing *Matter of Ziede v. Mei Ling Chow*, 941 N.Y.S.2d 275 (2d Dep't

2012)).  There, "[n]o damages were awarded against the Sheriff, who was the stakeholder in a

position analogous to the garnishee-bank."  *Id*.  Plaintiff's never cite any authority that disputes

---

[3]   The motion for reconsideration speculates for the first time about the possibility that an improper restraint may result in fees imposed by third-party vendors for returned payment, late payment fees or higher interest rates or negative impact on credit rating. But, the Second Amended Complaint never alleges any of those hypothetical facts and the Court properly did not address them in the Opinion.  Plaintiffs' motion for reconsideration is not the time to raise a new argument for the first time. *Smith v. New York City Dep't of Educ.*, 524 Fed. Appx. 730, (2d Cir. May 2, 2013) ("A motion for reconsideration is not the appropriate mechanism for a party to relitigate an issue already decided or to advance new facts, issues, or arguments not previously presented to the court.") Moreover, such third-party fees would require a mini-trial of each putative class member that would negate any alleged efficiency of a putative class action. *Enriquez v. Cherry Hill Mkt. Corp.,* 2013 U.S. Dist. LEXIS 141284 (E.D.N.Y. Sept. 30, 2013) (holding mini trials regarding damages would defeat "[t]he class-action mechanism [and] therefore, achieve no 'economies of time, effort, and expense.'")

the Court's conclusion that "[n]o reported case has been cited in which compensatory or punitive damages have been awarded under section 5239 against a third-party garnishee or stakeholder" (*Id*. at 15), and none exists.

Accordingly, this Court did not commit clear error in interpreting the New York Court of Appeals' decision in *Cruz III* to exclude punitive and forward looking damages.

### C.   Cruz Is Not Entitled to Recover Fees.

Plaintiffs also argue incorrectly that this Court failed to consider certain factual allegations.  On information and belief, Cruz alleges that TD Bank never received the required notices and exemption claim form from the creditor.  SAC at ¶ 14.

As a threshold matter, this conclusory allegation, with absolutely no plausible fact support, fails the pleading requirements. To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.") (internal citation omitted).

In contrast, Cruz admits that TD Bank notified him of the restraint on his account.  SAC at ¶ 12.  As this Court noted, "at the time of the restraint, plaintiff Cruz had approximately $3,020.00 in his TD Bank Account" well above the statutory maximum amount protectable under EIPA.  Opinion at 17.

Moreover, even if Cruz could state a plausible, non concluroy claim to recover a fee imposed for restraining his account, this Court lacks jurisdiction because Plaintiffs cannot meet the $5,000,000 threshold required pursuant to the Class Action Fairness Action ("***CAFA***"), 28

U.S.C. §1332(d).  Since EIPA became effective in January of 2009, TD Bank has had in place a system by which a status code is placed on New York customer accounts that have a restraint placed upon them by a judgment creditor so that, if the account balances are under EIPA's threshold amounts at the time of the restraint, then no fees are imposed by TD Bank on the accounts.  (*See* Declaration of Jason Sbalcio ("***Sbalcio Dec.***") at ¶ 2 at ECF No. 41.  Fees are only assessed if funds are available in customer accounts with balances that exceed the protected EIPA threshold amounts.  (Sbalcio Dec. at ¶ 3).[4]  Since the EIPA became effective, TD Bank has assessed $2,098,934.81 in fees and charges as a result of restraints from judgment creditors in the state of New York on customer accounts with balances above the EIPA thresholds.  (Sbalcio Dec. at ¶ 3).

Accordingly, even if Plaintiffs allege fees were improperly imposed on the account of Cruz and similarly situated individuals, the total amount of such fees is well below the CAFA amount in controversy requirement.

## III.   CONCLUSION

TD Bank respectfully requests that the Court deny Plaintiffs' Motion for Reconsideration and/or Reargument for two reasons:

1.   This Court correctly held that Plaintiffs may recover remedial damages but not punitive damages and deterrence-oriented relief, which are extraordinary and inconsistent with special proceedings; and

2.   Cruz fails to state a plausible claim to recover bank fees and this Court lacks jurisdiction because Plaintiffs cannot meet the $5,000,000 threshold required pursuant to the Class Action Fairness Action.

---

[4]   Fees were properly imposed on Plaintiff Cruz's account because, as he admits in the proposed Second Amended Complaint, his balance at the time of the restraint was $3,020.00, an amount above the EIPA threshold.  (SAC at ¶ 13).  Plaintiff Pain held a New Jersey customer account, not a New York account, and  judgment was entered against him in New Jersey proceedings.

Dated:   New York, New York
         May 19, 2014

**DUANE MORRIS** LLP

/s/ Justin Joseph D'Elia
Justin Joseph D'Elia
1540 Broadway
New York, New York 10036
(212) 692-1000 (tel)
(212) 692-1020 (fax)

Alexander D. Bono
Ryan E. Borneman
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000 (tel)
(215) 979-1020 (fax)

*Counsel for TD Bank, N.A.*

7