UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GARY CRUZ and CLAUDE PAIN, Individually and
on behalf of all others similarly situated,

         Plaintiffs,

                Case No. 10-cv-08026 (PKC)

   -against-

TD BANK, N.A.,

         Defendant.
-------------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION AND/OR REARGUMENT**


              Law Offices of G. Oliver Koppell & Associates
              Attorneys for Plaintiffs
              99 Park Ave., Suite 330
              New York, New York 10016
              212-867-3838

i

**TABLE OF CONTENTS**

|  | Page |
|---|---|
| Table of Contents | ii |
| Table of Authorities | iii |
| Preliminary Statement | 1 |
| Argument | 2 |
| I.   Pain May Appropriately Recover Unlawfully Charged Fees | 2 |
| II.  Plaintiffs' Properly Seek Reconsideration of This Court's Limitation on Damages | 4 |
| Conclusion | 7 |

## TABLE OF AUTHORITIES

**Federal Cases** — Page

Briceno v. USI Services Group, Inc., 2012 WL 4511626 (E.D.N.Y. September 28, 2012) — 5

Cruz v. T.D. Bank, N.A., 2014 WL 1569491 (S.D.N.Y. April 17, 2014, PKC) — passim

Cruz v. TD Bank, N.A., 855 F.Supp.2d 157 (S.D.N.Y. 2012) — 3

In re Initial Public Offerings Securities Litigation, 471 F.3d 24 (2d Cir. 2006) — 5

In re Visa Check/MasterMoney Antitrust Litigation, 280 F.3d 124, 141 (2d Cir. 2001) — 5

**State Cases**

Cruz v. TD Bank, N.A., 22 N.Y.3d 61 (2013) — 4

Dupree v. Giugliano, 20 N.Y.3d 921 958 N.Y.S.2d 312 (2012) — 6

Ziede v. Mei Ling Chow, 94 A.D.3d 771, 941 N.Y.S.2d 275 (2d Dept. 2012) — 5

**Federal Statutes**

Fed.R.Civ.P. 60(b) — 1

**State Statutes**

CPLR §5239 — 4

CPLR §5240 — 4

Preliminary Statement

Plaintiffs Gary Cruz and Claude Pain, individually and on behalf of all others similarly situated ("Plaintiffs"), respectfully submit this Memorandum of Law in support of their motion pursuant to Fed.R.Civ.P. 60(b) for partial reconsideration and/or reargument of this Court's Memorandum and Order dated April 17, 2014 which denied, without prejudice, Plaintiffs' motion for leave to amend their complaint against defendant T.D. Bank, N.A. (the "Bank"). *Cruz v. T.D. Bank, N.A.*, 2014 WL 1569491 (S.D.N.Y. April 17, 2014, PKC).

The amount of money in a judgment debtors' account is not the sole determining factor as to whether a restraint is valid under the Exempt Income Protection Act ("EIPA"). Whether the judgment creditor complied with the notice requirements of EIPA is also relevant. This Court overlooked this fact in its prior opinion, invalidating Plaintiff Cruz's claim for a return of fees assessed against him, despite allegations that the judgment ceeditor failed to comply with EIPAs notice requirements. The Bank's new *post hoc* rationalizations as to why Cruz should not be allowed to recover the improperly assessed fees are illogical and should not be countenanced by this Court.

Plaintiffs should also be allowed to claim damages beyond a return of monies unlawfully taken by the Bank, either by restraint or by imposition of fees. Additional forms of compensatory damages are necessary to fully restore Plaintiffs to the position they had been in prior to the unlawful restraint, which this Court has said is the stated intent of EIPA damages. In addition, awarding punitive damages and injunctive relief is appropriate insofar such relief will add neither length nor complexity to the proceedings, and is a necessary step to insure that the Bank adheres to the strictures of EIPA.

For all of the foregoing reasons, Plaintiffs' motion should be granted in all respects.

1

Argument

I.   Pain May Appropriately Recover Unlawfully Charged Fees

The Bank does not dispute Plaintiffs' legal argument, Dckt #49 at 5-7, that the failure of the judgment creditor to serve two copies of the EIPA Notice, the EIPA claim form and the Restraining Notice on the Bank renders the restraint on Plaintiff Cruz's account void.  This is true <u>regardless</u> of the amount in Cruz's (or any other judgment debtor's) account.  Cruz has pled that the judgment creditor failed to serve these forms on the Bank.  Dckt. #34-1 at ¶14.  Consequently, the Court's finding that the amount of funds in Cruz's accounts necessitates a finding that that Cruz is not entitled damages for the $125 administrative fee charged by the Bank represents a "clear error" warranting reconsideration of this Court's prior decision.  Cruz should not have been denied the ability to serve as Plaintiff merely because of the amount of funds in his account, as whether the judgment creditor served the required notices is also determinative.

Instead of admitting this fact, the Bank, for the <u>first time,</u> chooses to characterize as implausible (and therefore improperly pleaded) the fact that the Bank made Cruz aware of the restraint without the Bank having received all of the requisite documents from the judgment creditor.  Br. at 5.[1]  This argument by the Bank is highly illogical.  The gravamen of Plaintiffs' case is that the Bank failed to comply with EIPA.  Prior to the enactment of EIPA judgment creditors did not have to serve two copies of three different documents on the Bank in order to restrain accounts, just a single copy of the restraining notice.  Judgment debtors, prior to EIPA, were still made aware of restraints imposed on their accounts.  As such, it is plausible that even

---

[1] This new argument, advanced for the first time in a motion for reconsideration, is highly improper.  The Bank itself concedes that new arguments should not be raised for the first time on a motion for reconsideration.  Br. at 4 n.3.

2

after EIPA judgment creditors did not serve all of the notices upon the Bank as is required by EIPA and the Bank imposed restraints regardless.

Moreover, Cruz has pleaded that the Bank did not send him the required notices. Dckt. #34-1 at ¶14. If the Bank had in fact received these notices from the judgment creditor, the logical conclusion would be that the Bank would have mailed them to Cruz in order to comply with EIPA. That the Bank failed to send Cruz such notices makes it more probable than not that the Bank did not in fact receive such notices from the judgment creditor. Plaintiffs cannot know for certain, absent discovery, whether the Bank received these notices. As such, the pleading was appropriately made "on information and belief." However, based upon these allegations and the logical inferences flowing from them, more than sufficient facts have been alleged to satisfy Plaintiffs' pleading burden that the Bank restrained Plaintiffs' funds without having received the required notices from the judgment creditor.

The Bank's further argument about the Class Action Fairness Act ("CAFA") threshold is premature, Br. at 5-6, insofar as Plaintiffs have been granted leave to re-plead after which CAFA threshold issues may be addressed. *Cruz*, 2014 WL 1569491, at *10. It should also be noted that the Sbalcio Declaration referenced by the Bank in that argument is of dubious validity. As alleged in the Second Amended Complaint ("SAC"), Dckt. #34-1 at ¶¶16-17, Plaintiff Pain's account had less than the exempt amounts, yet fees were still improperly imposed against him. Accordingly, any claim that the computer program referenced in the Sbalcio Declaration precluded debtors with less than the exempt amounts from having their accounts restrained is without support.[2]

---

[2] This Court has already held that the fact that Pain opened his account in New Jersey does not preclude his claims for EIPA violations. *Cruz v. TD Bank, N.A.*, 855 F.Supp.2d 157, 166 (S.D.N.Y. 2012).

II.     Plaintiffs' Properly Seek Reconsideration of This Court's Limitation on Damages

This Court, *sua sponte*[3], considered the issue of the scope of Plaintiffs claims, limiting the measure and type of Plaintiffs' damages.  Accordingly, in the motion for reconsideration, Plaintiffs raised issues concerning the measure of damages that the Court may not have fully considered in light of its statement that the damages to be allowed in this case are "remedial in nature, aimed at undoing the effects of an improper account garnishment and restoring a judgment debtor to the position in which he or she would have been had the wrongful garnishment never taken place." *Cruz*, 2014 WL 1569491, at *8.  CPLR §5239 also only speaks of awarding "damages", without limiting the kind that may be awarded to a party.[4]

As set forth in Plaintiffs' motion for reconsideration, Dckt. #49 at 4-5, returning unlawfully restrained funds and unlawfully taken administrative fees does not completely undo the damage by the Bank's violation of EIPA.  Insofar as Plaintiffs do not believe these damages to be the only ones allowable or appropriate, and the Bank believes that these forms of damages are not the only forms of compensatory damages allowed by this Court for EIPA violations, Br. at 3-4 ("The Court's Opinion did not expressly limit all relief to the three mentioned by the new York Court of Appeals, rather this Court only excluded extraordinary, forward-looking and deterrence oriented relief…"),[5] Plaintiffs request that the Court allow Plaintiff to seek remedies

---

[3] This issue of the measure of damages as set forth in the proposed Second Amended Complaint was not raised by Plaintiffs in their memorandum of law in support of the motion for leave to file the proposed second amended complaint, nor was it raised by the Bank in their opposition to that motion.  See Dckts # 35, 42.

[4] The Bank's claim that Plaintiffs are not seeking reconsideration of the available damages allowed under CPLR §5240, Br. at 2 n. 5, is inaccurate.   The Court of Appeals specifically held that comparable relief is available to the judgment debtor under both CPLR §5239 and CPLR §5240.  *Cruz v. TD Bank, N.A.,* 22 N.Y.3d 61,76 (2013).  As such, Plaintiffs' analysis applies equally to both theories of liability.

[5] Plaintiffs believe that the Court intended to limit the remedies allowed to these three categories based on its statement that: "As set forth by the New York Court of Appeals, under section 5239 the plaintiffs may recover from the garnishee-bank a release of moneys unlawfully restrained, an injunction barring transfer of the funds, and a refund of any fees improperly charged by the bank." *Cruz*, 2014 WL 1569491, at *8.

4

for the other forms of compensatory damages discussed by Plaintiffs. These damages include bounced check fees, third party vendors' returned payment fees, late payment fees, increases in judgment debtor's interest rates, etc. that are incurred by judgment debtors due to the Bank's failure to abide by the terms of EIPA.[6] Contrary to the Bank's claims, Br. at 4 n.3, damages of this nature are expressly alleged in the proposed SAC. Dckt. #34-1 at ¶38 (alleging that the failure to allow Plaintiffs to use their funds as they see fit will result in "interest [,] penalties, penalty payments, eviction, repossession or other such harms.")

Reliance by this Court and the Bank on *Ziede v. Mei Ling Chow*, 94 A.D.3d 771, 941 N.Y.S.2d 275 (2d Dept. 2012), for the proposition that damages should not be awarded is misplaced. In *Ziede* there were no allegations of misconduct by the sheriff stakeholder in conducting the sale, nor was there any allegation that damages were sought against it. By contrast, in this case there are substantial allegations of misconduct by the Bank.

Moreover, contrary to the Bank's argument, Br. at 4 n.3, the Second Circuit has held that the mere fact that there may be individualized questions of compensatory damages does not bar class certification. *In re Visa Check/MasterMoney Antitrust Litigation,* 280 F.3d 124, 141 (2d Cir. 2001), *overruled on other grounds by In re Initial Public Offerings Securities Litigation,* 471 F.3d 24 (2d Cir. 2006). See also *Briceno v. USI Services Group, Inc.*, 2012 WL 4511626, at *8 (E.D.N.Y. September 28, 2012).

Last, neither decision of the Court of Appeals, nor the prior decision of this Court, nor the Bank indicate precisely how allowing for a mandatory injunction requiring the Bank to comply with EIPA, or the award of punitive damages against the Bank, would somehow render the this proceeding "complicated" and "lengthy" as this Court and the Court of Appeals fear. *Cruz*, 2014

---

[6] The availability of these damages also relates to the issue left unresolved by the Court as to whether Plaintiffs can sufficiently plead that their claims meet the CAFA five million dollar threshold.

WL 1569491, at *7. Issuance of a mandatory injunction requiring adherence to EIPA is relatively simple if it is determined that the Bank has violated EIPA. Whether the Bank violated EIPA is an issue that will need to be addressed in discovery under any circumstances. Similarly, the determination of whether to award punitive damages will also be based on this same discovery, and if the evidence reveals that the conduct of the Bank in failing to adhere to the dictates of EIPA manifested "spite or malice, or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton." *Dupree v. Giugliano,* 20 N.Y.3d 921, 924, 958 N.Y.S.2d 312 (2012) (citation and internal quotation marks omitted). Permitting these remedies would not render the proceedings additionally complicated or lengthy and, insofar as they would correct an egregious wrong committed by the Bank, Plaintiffs should be allowed to seek such damages.

Conclusion

Wherefore Plaintiffs respectfully request that their motion for partial reconsideration and/or reargument be granted in all respects, and this Court's Memorandum and Order of April 17, 2014 be modified accordingly together with such other and further relief as this Court deems just, fair and equitable.

Dated: New York, New York
       May 27, 2014

                                                    Law Offices of G. Oliver Koppell & Associates

                                                    By:            /s/
                                                    G. Oliver Koppell (GOK-4851)
                                                    Daniel F. Schreck (DS-7680)
                                                    *Attorneys for Plaintiffs*
                                                    99 Park Ave., Suite 330
                                                    New York, New York 10016
                                                    (212) 867-3838

                                                    Charles Juntikka (CJ-4689)
                                                    Charles Juntikka & Associates, LLP
                                                    350 Fifth Avenue, Suite 2212
                                                    New York, New York 10118
                                                    (212) 315-3755