USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-3-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GARY CRUZ and CLAUDE PAIN, Individually
and on behalf of all others similarly situated,

                Plaintiffs,                10 Civ. 8026 (PKC)

-against-                          MEMORANDUM
                                           AND ORDER

T.D. Bank, N.A.,

                Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiffs Gary Cruz and Claude Pain move for partial reconsideration of this Court's Memorandum and Order of April 17, 2014. Cruz v. TD Bank, N.A., 10 Civ. 8026 (PKC), 2014 WL 1569491 ("Cruz V").[1] Specifically, plaintiffs seek reconsideration of (1) the Court's recognition of the New York Court of Appeals's limitations on the scope of remedies available under sections 5239 and 5240 of the CPLR, and (2) the Court's observation that, based on the facts alleged in the proposed SAC, plaintiff Cruz would be unable to recover an administrative fee assessed by defendant TD Bank. For the reasons that follow, plaintiffs' motion is denied as to the first issue and granted as to the second.

STANDARD OF REVIEW

        Motions for reconsideration are governed by Local Civil Rule 6.3 and Rule 60(b), Fed. R. Civ. P. A motion to reconsider is "addressed to the sound discretion of the district court[.]" See Mendell ex rel. Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990). Such

---

[1] Familiarity with the Court's opinion in Cruz V is assumed, and abbreviations defined therein have the same meaning in this Memorandum and Order.

motions are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.

Motions for reconsideration "should be granted only when the defendant identifies an intervening change of law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (citation and quotations omitted). As an initial matter, plaintiffs have not identified any intervening change of controlling law. Nor have plaintiffs relied on any new evidence. Thus, in order to prevail on their motion, plaintiffs must show the need to correct clear error or prevent manifest injustice. See id.

## DISCUSSION

Plaintiffs argue that this Court committed clear error in two respects. First, they contend that this Court erred in limiting the types of relief available to plaintiffs in light of the Court of Appeals' decision in Cruz III. Second, they argue that this Court erred in observing that, based on the facts alleged in plaintiffs' SAC, Cruz would not be able to recover the administrative fee assessed on his bank account.

1. Limitations on Remedies Available under CPLR Sections 5239 and 5240

Plaintiffs, in effect, would have this Court read the decision of the New York Court of Appeals in Cruz III as holding that plaintiffs may seek and recover the same remedies that they sought in their initial complaint under an EIPA implied-right-of-action theory by invoking sections 5239 and 5240 of the CPLR. Focusing on the New York Court of Appeals' use of the phrase "such as," plaintiffs argue that the list of remedies under section 5239 is not exclusive. But this Court never held that the list was exclusive:

> [C]onsistent with the opinion of the New York Court of Appeals, this Court holds that plaintiffs' available remedies under section 5239 against a garnishee-bank prior to the improper transfer of exempt funds are limited, <u>and</u> <u>include</u> 'the release of any money unlawfully restrained, an injunction barring transfer of exempt property to the sheriff or judgment creditor, or reimbursement of any bank fees improperly charged."

Cruz V at *9 (quoting Cruz III at 75-76) (emphasis added).

At the risk of repetition of Cruz V, the New York Court of Appeals stated that, in enacting EIPA, the New York legislature "did not intend . . . to subject banks to a new type of liability." Cruz III at 76. Further, the "point of [EIPA] was to help debtors notify banks of the presence of exempt funds in their accounts in order to prevent those funds from being restrained in the first instance—not to create yet another opportunity for litigation on the back end after an improper restraint was imposed." Id. at 76-77. The remedies listed by the New York Court of Appeals must be read in light of these limiting statements, and thus plaintiffs' argument that the phrase "such as" embraces all the remedies they seek is implausible.

Further, plaintiffs contend that this Court "overlooked" the language of the opinion of the New York Court of Appeals. This assertion is puzzling, because the very language from Cruz III upon which plaintiffs rely appears in this Court's opinion verbatim, save for the word "thus" at the beginning of the block quote. Cruz V at *8 (citing Cruz III at 75-76).

In this regard, plaintiffs' motion appears to "seek[] solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

On the instant motion, plaintiffs are again unable to cite any authority indicating that the broad range of remedies they seek is available under sections 5239 and 5240. See Cruz V at *7 ("Plaintiffs have cited no reported instances since the enactment of Article 52 in 1962 in which a judgment creditor has successfully brought a claim for damages against a garnishee bank under sections 5239 or 5240. This is particularly notable because, although EIPA has only been in force since 2008, the exemptions it protects have been in force far longer.").

Plaintiffs argue that the "literal language" of CPLR § 5239 states that damages may be awarded without in any way limiting the types of damages available. But in Cruz III, the statute was interpreted by New York's highest court, and that construction is controlling. As further discussed in Cruz V, nothing in the New York Court of Appeals's opinion in Cruz III supports plaintiffs' contention that the full range of remedies they sought under an EIPA implied-right-of-action theory is available under sections 5239 and 5240. Neither does any reported decision in over sixty years of case law applying Article 52. Accordingly, plaintiffs' motion for reconsideration of this issue is denied.

2. Limitations on Plaintiff Cruz's Bank Fee Recoveries

In Cruz V, this Court stated that, "based on the facts alleged in the proposed SAC Cruz may not recover the administrative fee assessed on his account . . . ." Cruz V at *10. This conclusion was based on the fact that TD Bank's administrative fee applied to any attachment of funds and, at the time of the allegedly improper restraint, Cruz's bank account contained funds in excess of $2,500, the maximum amount of protectable exempt assets under EIPA. Thus, it

appeared to the Court that an administrative fee was appropriately charged because the amount in excess of $2,500 was properly attached.

But EIPA provides that in the event that a garnishee bank fails to comply with EIPA's substantive provisions, the bank may not charge any bank fee to the judgment debtor, regardless of the amount of money in the protected bank account. CPLR § 5222(j) ("In the event that . . . a restraint is placed on the judgment debtor's account in violation of any section of this chapter, the banking institution shall charge no fee to the judgment debtor regardless of any terms of agreement, or schedule of fees, or other contract between the judgment debtor and the banking institution."). Thus, if the complaint alleges a violation of EIPA's procedural protections as to Cruz, then he may be able to recover the wrongfully imposed administrative fee.

Plaintiffs' SAC alleges that TD Bank placed a restraint on Cruz's account but "did not provide Cruz with a copy of the restraining notice, exemption notice, or exemption claim form." SAC ¶ 14 (Dkt. No. 34-1). Such conduct, as alleged, could constitute a violation of EIPA's provisions. CPLR § 5222-a(a), (b)(3). The Court's statement in Cruz V did not take account of this allegation. If Cruz establishes a violation of EIPA's procedural protections, then he will have established that the bank wrongfully charged an administrative fee and Cruz may recover the amount of that fee from the bank under CPLR 5240. But it remains the case that he may not recover compensatory damages beyond wrongfully assessed bank fees, consequential damages, punitive damages, or obtain equitable remedies such as an "obey-the-law" injunction.

CONCLUSION

For the foregoing reasons, plaintiffs' motion for partial reconsideration (Dkt. No. 48) is GRANTED in part and DENIED in part.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
June 2, 2014