NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
SHANGHAI
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY

# DuaneMorris®

*FIRM and AFFILIATE OFFICES*

ALEXANDER D. BONO
DIRECT DIAL: +1 215 979 1181
PERSONAL FAX: +215 689 4472
E-MAIL: abono@duanemoris.com

*www.duanemorris.com*

ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

SRI LANKA
ALLIANCE WITH
GOWERS INTERNATIONAL

November 11, 2014

**VIA ECF FILING AND FACSIMILE**

The Honorable P. Kevin Castel
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    **Gary Cruz, et al. v. TD Bank, N.A.**
                 **Civil Action No.: 10-CV-8026 (PKC)**

Dear Judge Castel:

      TD Bank, N.A. ("**TD Bank**") opposes Plaintiffs' November 7, 2014 letter request ("**Request**") to reopen the above civil action to permit the late filing of an Amended Complaint, and respectfully submits that the Request should be denied because it fails procedurally and substantively.

      The Request fails procedurally because a motion under Fed. R. Civ. Proc. 6(b)(1)(B) is the correct mechanism for extending time.

      The Request fails substantively because it provides no basis showing "excusable neglect" for Plaintiffs' 150 delay in seeking leave to file an amended pleading.

      "To determine whether neglect is excusable, a district court should take into account: (1) [t]he danger of prejudice to the [opposing party], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was in the reasonable control of the movant, and (4) whether the movant acted in good faith." *Baiul v. NBCUniversal Media, LLC*, 2014 U.S. Dist. LEXIS 97527 (S.D.N.Y. July 14, 2014) (quoting *Bolin v. Harvard Protection Servs., Inc.*, 277 F. App'x 102, 105 (2d Cir. 2008)).

      Here, the Request fails each element for excusable neglect.

      ***First,*** the Request – over 150 days after this Court's Order – fails to show good faith. Indeed, Plaintiffs' counsel chose to seek leave to file a revised amended complaint two months

The Honorable P. Kevin Castel
November 11, 2014
Page 2

ago in the related action of *Martinez v. Capital One Bank, N.A.*, 10-cv-08028. *See Martinez* ECF No. 50 dated September 15, 2014.

*Second,* Plaintiffs and their counsel controlled the timing of when to file a motion for leave to file an amended complaint but chose instead to pursue other matters.

*Third,* Plaintiffs' delay of over 150 days impacts whether Plaintiffs and putative class member may get any meaningful, immediate relief as contemplated by the Exempt Income Protection Act's ("*EIPA*") narrow special proceedings.

*Finally,* Plaintiffs' delay of over 150 days – in a civil action that has already been pending for four years because of Plaintiffs' previous broad and legally deficient claims – prejudices TD Bank. Plaintiffs' claims under the EIPA have been rejected repeatedly by this Court, the United States Court of Appeals for the Second Circuit, the New York Court of Appeals and, again, this Court. Plaintiffs had an ample opportunity to seek leave to file an Amended Complaint that conforms with the limited relief available. And, the continued delay potentially increases the size of a putative class and the exposure to TD Bank.

Accordingly, TD Bank respectfully requests that the Court deny Plaintiffs' request to reopen this civil action.

Respectfully,

Alexander D. Bono

ADB:REB:ks

Cc: G. Oliver Koppell, Esquire
Ryan E. Borneman, Esquire

DM1\5145967.2