# LAW OFFICES OF G. OLIVER KOPPELL & ASSOCIATES
### 99 Park Avenue – Suite 330
### New York, NY 10016
### 212-867-3838

| | | |
|---|---|---|
| **G. Oliver Koppell** | Facsimile | **Of Counsel** |
| | (212) 681-0810 | Lorraine Coyle |
| **Daniel F. Schreck** | | **John F. Duane** |
| | Website: | |
| | www.koppellaw.com | |

November 12, 2014

VIA ECF AND FACSIMILE
Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007
Fax: 212-805-7949

        Re:    Cruz v. TD Bank, N.A.
                  Case No. 10-cv-08026

Dear Judge Castel,

      We represent the Plaintiffs and the putative class in the above captioned action. We write in response to Defendant's letter of November 11, 2014.

      As the Court is aware, Plaintiffs' counsel has been vigorously litigating this matter, as well as three other similar EIPA putative class actions, through multiple levels of appeal in both the state and federal courts. Since the decision of the Court of Appeals and the Second Circuit, in the three other similar EIPA putative class actions proposed amended complaints have been filed with motion practice on by all parties regarding their viability. Indeed, Plaintiffs' counsel had begun revising a new proposed in this matter Second Amended Complaint several weeks ago. Unfortunately, due to the press of other matters, attorney absences, and insofar as a deadline was not imposed by the Court, rule or statute, completion of the Second Amended Complaint was delayed. Plaintiffs' delay was neither willful nor intentional.

      Plaintiffs' do not believe that their request is defective because it needed to be filed as a motion under Fed.R.Civ.Pro. 6(b)(1)(B). Motions of that nature must be made "When an act may or must be done within a specified time …" Insofar as no specified time was set for the act of filing a proposed Second Amended Complaint was to be done, it does not appear on its face that relief under that rule is applicable. Within minutes of receiving notice of the Court's action, I called chambers and was instructed to file a letter request to this Court regarding this matter. I did so promptly. To the extent that the Court believes that a formal

motion is necessary, we respectfully request that Plaintiffs' letters to this Court be deemed Pre-Motion Letters under Your Honor's individual rules of practice. If the Court requires a motion, we will file such motion forthwith.

If the Fed.R.Civ.Pro. 6(b)(1)(B) standards for "excusable neglect" are applicable, Plaintiffs believe those criteria are satisfied. Plaintiffs have acted in good faith in litigating this action and all other EIPA actions to date. The failure to file a proposed Second Amended Complaint prior to this point was an oversight based on a substantial caseload and the belief (mistaken in retrospect) that there was time to file such a proposed Second Amended Complaint as no deadline had been imposed by the Court. In the *Martinez* case referenced in Defendant's letter, the Court imposed a deadline for re-pleading which deadlines were at all times adhered to. To date, Plaintiffs' counsel has never violated a set deadline in this matter either.

With respect to the claim of prejudice or impact on judicial proceedings, Defendant's claim that Plaintiffs are prejudiced in the absence of immediate relief is belied by the nature of this action. This action has been pending for several years because of repeated motion practice and appeals. Immediate relief is not possible. An inadvertent delay of a few months does not prejudice Plaintiffs' interests.

With respect to Defendant's claim of prejudice suffered by Defendant, Defendant fails to make a statement as to how it is actually prejudiced by the delay. Defendant simply makes the erroneous statement that Plaintiffs' claims have been repeatedly rejected, and utilizes that as a basis of claiming prejudice. Neither the Second Circuit nor the Court of Appeals (nor this Court subsequently) have "rejected" Plaintiffs' EIPA claims. The scope of Plaintiffs' claims and the damages available for those claims have been narrowed in an issue of first impression, but it is undisputable that relief for EIPA violations is available to the Class. Plaintiffs should be allowed to obtain that relief from this Court.

Last, to the extent that Defendant claims that the size of the putative class has increased during the delay, one would hope that once Defendant was put on notice of its unlawful practices four years ago that they would have remedied that conduct going forward. Any further misconduct is solely attributable to them.

This Court has found that Plaintiffs have a claim for damages against the Defendant. Plaintiffs' respectfully request that their claim not be denied because of an unintentional delay.

Respectfully submitted,

*G. Oliver Koppell/jr*
G. Oliver Koppell

Cc:   Counsel of Record (VIA ECF and Email)