UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GARY CRUZ and CLAUDE PAIN, Individually and
on behalf of all others similarly situated,

                                  Plaintiffs,

                                                                               Case No. 10-cv-08026 (PKC)

      -against-

TD BANK, N.A.,

                                  Defendant.
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE
THE JUDGMENT AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

                                                Law Offices of G. Oliver Koppell & Associates
                                                Attorneys for Plaintiffs
                                                99 Park Ave., Suite 330
                                                New York, New York 10016
                                                212-867-3838

Preliminary Statement

Plaintiffs Gary Cruz and Claude Pain, individually and on behalf of all others similarly situated ("Plaintiffs"), respectfully submit this Memorandum of Law in support of their motion pursuant to Fed.R.Civ.P. 60(b)(1) and 60(b)(6) to vacate the November 7, 2014 decision of this Court. Plaintiffs further move pursuant to Fed.R.Civ.P. 15(a)(2) for leave to file a Second Amended Complaint consistent with this Court's Memorandum and Order dated April 17, 2014 which denied, without prejudice, Plaintiffs' motion for leave to amend their complaint against defendant T.D. Bank, N.A. (the "Bank"), *Cruz v. T.D. Bank, N.A.*, 2014 WL 1569491 (S.D.N.Y. April 17, 2014, PKC), and the subsequent decision on Plaintiffs' Motion for Reconsideration. *Cruz v. T.D. Bank, N.A.*, 2014 WL 2506292 (S.D.N.Y. June 3, 2014).

Argument

I.   Plaintiffs' Motion to Vacate the Judgment Should Be Granted

Fed.R.Civ.P. 60(b)(1) permits relief from a judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect." Excusable neglect is an "elastic concept" that "is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 392 (1993); *accord Padilla v. Maersk Line, Ltd.,* 721 F.3d 77, 83 (2d Cir. 2013). The determination is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *In re Enron Corp.,* 419 F.3d 115, 122 (2d Cir.2005) (quoting *Pioneer,* 507 U.S. at 395). Courts consider factors including "(1) the danger of prejudice to the [non-movant], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Id.* (quoting *Pioneer,* 507 U.S. at 395). Courts will find excusable neglect where a

1

party's failure to comply with filing deadlines is attributable to negligence. *Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248, 250 (2d Cir.1997) (citing *Pioneer Investment Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 388 (1993)).

In this case, the delayed filing of a Second Amended Complaint should be excused either under the doctrines of inadvertence or excusable neglect. Neither statute, nor rule nor court order required the filing of a proposed Second Amended Complaint within any particular time frame. Accordingly, as set forth in the accompanying Declaration of Daniel F. Schreck, the filing of the Second Amended Complaint was delayed based on other court imposed deadlines. As is also confirmed in the accompanying Declaration of Daniel F. Schreck, there was no tactical reason for the delay, as there is no benefit to be gained. There was no notice that the Court was contemplating dismissing the action based on a failure to timely file. At all times, Plaintiffs were operating in good faith.

Moreover, there is no prejudice to the Defendant based on the delay. "To demonstrate prejudice, a party must show something more than mere delay. *Davis v. Musler,* 713 F.2d 907, 916 (2d Cir. 1983) (discussing prejudice in the context of a Rule 60(b)(1) motion to vacate a default judgment). 'Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud or collusion.' *Id.* (internal quotation marks and citations omitted)." *GMA Accessories, Inc. v. BOP, LLC*, 2009 WL 2634771, at *3 (S.D.N.Y. August 25, 2009) (PKC). In its letter to this Court of November 11, 2014, Defendant claims no prejudice other than the fact that it may have continued to violate the law. Such alleged prejudice does not outweigh any claim of excusable neglect. There is also no prejudice to Plaintiffs as this case has been going on for four years, and any delay of a few months is negligible in that time frame.

Alternatively, if the Court believes that Rule 60(b)(1) is inapplicable, Plaintiffs' respectfully request vacatur of the judgment pursuant to Rule 60(b)(6). Rule 60(b)(6) provides that relief from a judgment may be granted for "any other reason justifying relief from the operation of the judgment." This provision is only invoked where "Rules 60(b)(1) through (5) do not apply, and if extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the movant." *ISC Holding AG v. Nobel Biocare Finance AG,* 688 F.3d 98, 109 (2d Cir. 2012) (citing *Matter of Emergency Beacon Corp.,* 666 F.2d 754, 759 (2d Cir. 1981). In this case, dismissal of the action which this Court has deemed to have merit would work an extreme harm upon Plaintiffs and the putative class. The action seeks to vindicate the rights of a large class of the Bank's depositors. The excessive time before filing the Second Amended Complaint should not defeat the class members' right to refund of unlawfully restrained funds or unlawfully levied fees.

II.     Plaintiffs' Motion to Amend Should Be Granted

The proposed Second Amended Complaint cures the only defects found by the Court in the prior proposed Second Amended Complaint. Consistent with this Court's orders, Plaintiffs have limited the categories of damages sought from the Bank. With respect to the proposed 5239 Class, Plaintiffs have limited the damages sought to a release of any moneys unlawfully restrained in violation of EIPA, and a refund of any fees improperly charged by the Bank in violation of EIPA. On behalf of the 5239 Class, Plaintiffs further seek an injunction enjoining the Bank from transferring any of the 5239 Classes' moneys that have been unlawfully restrained by the Bank in violation of EIPA. With respect to the 5240 Class, Plaintiffs seek a refund of any fees improperly charged by the Defendant in violation of EIPA. While Plaintiffs respectfully disagree with these limitations on damages and respectfully reserve their right to appeal this

issue, the proposed Second Amended Complaint accompanying this motion conforms to the damages limitations imposed by this Court.

With respect to the sole other concern of the Court, that of the ability of the Class to satisfy the Class Action Fairness Act five-million dollar threshold, Plaintiffs respectfully refer the Court to the discussion of this issue contained in Plaintiffs' Reply Memorandum of Law in Support of Plaintiffs' Motion for Leave to File a Second Amended Complaint, Dckt. #45 at pgs. 1-4, filed on March 21, 2014. As set forth therein, in order to dismiss a claim based on a failure to satisfy the CAFA threshold, the Court must conclude "with a legal certainty" that the threshold cannot be met. To the extent that this Court feels that more information may be required, Plaintiffs' respectfully suggest limited discovery be ordered on this issue.

## Conclusion

Wherefore Plaintiffs respectfully request that their motion pursuant to Fed.R.Civ.P. 60(b)(1) or 60(b)(6) be granted in all respects, and that Plaintiffs' further motion pursuant to Fed.R.Civ.P. 15(a)(2) be granted and the Second Amended Complaint be deemed filed.

Dated: New York, New York
November 19, 2014

                              Law Offices of G. Oliver Koppell & Associates

                              By:_____/s/_____
                              G. Oliver Koppell (GOK-4851)
                              Daniel F. Schreck (DS-7680)
                              *Attorneys for Plaintiffs*
                              99 Park Ave., Suite 330
                              New York, New York 10016
                              (212) 867-3838

                              Charles Juntikka (CJ-4689)
                              Charles Juntikka & Associates, LLP
                              350 Fifth Avenue, Suite 2212
                              New York, New York 10118
                              (212) 315-3755