UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------X
GARY CRUZ, and CLAUDE PAIN,    :
Individually and on behalf of all others   :
similarly situated,    :     Case No.: 10-CV-8026 (PKC)
    :
         Plaintiffs,    :
    :
     - against -    :
    :
TD BANK, N.A.,    :
    :
        Defendant.    :
--------------------------------------------------X

 

**TD BANK, N.A.'S MEMORANDUM OF LAW**

**OPPOSING PLAINTIFFS' MOTION TO VACATE THE JUDGMENT**

**AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

<br>

Dated:   New York, New York
        December 8, 2014

**DUANE MORRIS** LLP
Justin Joseph D'Elia
1540 Broadway
New York, New York 10036
(212) 692-1000 (tel)
(212) 692-1020 (fax)

Alexander D. Bono (*Pro Hac Vice*)
Ryan E. Borneman (*Pro Hac Vice*)
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000 (tel)
(215) 979-1020 (fax)

*Counsel for TD Bank, N.A.*

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ...................................................................................1

II.   RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND ..........1

      A.    Prior Dismissal By This Court Was Affirmed by The Second Circuit and
            the New York Court of Appeals. ........................................................................ 1

      B.    This Court Correctly Denied Plaintiffs' Previous Motion for Leave to
            Amend.................................................................................................................. 2

      C.    Plaintiffs Inexcusably Delayed This Action Four Months While Actively
            Litigating Other Actions on the Identical Issues................................................ 4

      D.    Factual Background ............................................................................................. 5

III.  ARGUMENT..................................................................................................................5

      A.    Plaintiffs' Motion to Vacate the Judgment Should be Denied. ........................... 5

            1.    Plaintiffs' Motion Fails Under the Governing Standard of Review. .......... 5

            2.    Plaintiffs Failed to Show Excusable Neglect When Their Counsel
                  Transparently Pursued Identical Proposed Amendments in Other EIPA
                  Related Class Actions To Avoid This Court.............................................. 7

            3.    No Prejudice to the Putative Class Members Exists To Warrant Vacating
                  the Judgment ............................................................................................. 9

      B.    Plaintiffs' Motion for Leave to Amend Should Be Denied as Futile .................. 10

            1.    Plaintiffs' Motion Fails Under the Governing Standard of Review. ........ 10

            2.    Leave to Amend is Futile Because Plaintiffs Fail to Allege All Essential
                  Elements of a Claim Under Section 5239................................................ 10

            3.    Section 5240 Provides Remedies in An Existing Proceeding But Does Not
                  Permit A New Independent Action.......................................................... 11

IV.   CONCLUSION .............................................................................................................12

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (U.S. 1974) ............................................9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (U.S. 2007) ................................................11

*Cruz v. TD Bank, N.A.*, 2013 U.S. App. LEXIS 25076 (2d Cir. Dec. 18, 2013) ............................1

*Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83 (2d Cir. 2002) ....................10

*Foman v. Davis*, 371 U.S. 178 (1962) .........................................................10

*Giovanniello v. ALM Media, LLC*, 726 F.3d 106 (2d Cir. 2013) ......................................9

*Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45 (2d Cir. 1998) ..............10

*Padilla v. Maersk Line, Ltd.*, 721 F.3d 77 (2d Cir. 2013) .........................................6, 8

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) ......................6, 8

*Ranno v. Hartford Life & Accident Ins. Co.*, 2010 U.S. Dist. LEXIS 65463 (S.D.N.Y. May 14, 2010) ............................................................................11

*Stevens v. Miller*, 676 F.3d 62 (2d Cir. 2012) ...............................................6-7, 9

*Turkmen v. Ashcroft*, 2010 U.S. Dist. LEXIS 97415 (E.D.N.Y. June 30, 2010) ...........................9

*Wetzel v. Town Boward of Orangetown*, 2010 U.S. Dist. LEXIS 36495 (S.D.N.Y. Apr. 12, 2010) .......................................................................11

**State Cases**

*Cruz v. TD Bank, N.A.* 22 N.Y. 3d 61 (2013) .................................................2-3

**Federal Statutes and Rules of Court**

Fed. R. Civ. P. 12(b)(6) ...................................................................10

Fed. R. Civ. P. 15(a)(2) ...................................................................10

Fed. R. Civ. P. 60(b)(1) ...................................................................5-6

Fed. R. Civ. P. 60(b)(6) ...................................................................6-7

**Other Authorities**

C.P.L.R. Article 52 .......................................................................1-2, 5

CPLR § 213(1) ........................................................................................................................... 9

CPLR § 5239 ................................................................................................................... 1-3, 10-12

CPLR § 5240 ................................................................................................................ 1, 3, 5, 9, 11-12

DM1\5201660.4

## I.      PRELIMINARY STATEMENT

Plaintiffs Gary Cruz and Claude Pain's ("***Plaintiffs***") Motion to Vacate the Judgment

should be denied for two reasons:

1.      Plaintiffs' failure to diligently pursue this civil action is not "excusable neglect" where Plaintiffs' delay was designed to avoid the leadership of this Court over the Exempt Income Protection Act ("***EIPA***").

2.      No prejudice to the putative class members exists by a judgment against Pain and Cruz because the putative class members may still pursue their claims individually or with a new class representative.

Plaintiffs' Motion for Leave to File a Second Amended Complaint should be denied as

futile for two reasons:

1.      Leave to amend is futile because plaintiffs have failed to assert an essential element of a claim under Section 5239 that restrained funds have not been transferred to judgment creditors.

2.      Section 5240 provides remedies in an existing proceeding but does not permit a new independent action.

## II.     RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND

### A.      Prior Dismissal By This Court Was Affirmed by The Second Circuit and the New York Court of Appeals.

The United States Court of Appeals for the Second Circuit, based on New York Court of

Appeals' unanimous holding on certified questions, affirmed this Court's prior dismissal of

Plaintiffs' claims because EIPA does not provide a "private right to bring a plenary action for

injunctive relief and money damages . . . ."  *Cruz v. TD Bank, N.A.*, 2013 U.S. App. LEXIS

25076, at *4 (2d Cir. Dec. 18, 2013).  The Second Circuit further held that "Plaintiffs' ***exclusive***

mechanism for seeking relief for alleged violations of EIPA's procedural requirements is a

special proceeding under Article 52 of the C.P.L.R.."  *Id.*[1]

---

[1]      Emphasis added throughout unless otherwise indicated.

The New York Court of Appeals further held that the intent of EIPA "was to **remove the need for litigation altogether**."  *See Cruz v. TD Bank, N.A.* 22 N.Y. 3d 61, 77 (2013).

> If a lawsuit remains necessary due to a bank's noncompliance with the EIPA, the **existing proceedings in C.P.L.R. Article 52 are adequate** to afford a judgment debtor appropriate relief.  The **summary proceedings** have the advantage of being swift and without procedural complexity – there is **no basis** to suppose that the Legislature expected that injured judgment debtors would commence **complicated and lengthy plenary proceedings** to vindicate their rights, **such as the federal court actions plaintiffs brought here**.

*Id*.

The provisions of EIPA were enacted "to use banks as a conduit for information… not… to subject banks to a new type of liability."  *Id* at 76.

**B.    This Court Correctly Denied Plaintiffs' Previous Motion for Leave to Amend.**

On remand to this Court, Plaintiffs sought leave to file a second amended complaint. This Court denied Plaintiffs' motion because the proposed amended complaint was "substantially similar to the dismissed EIPA claim."  ECF No. 46 at 1.  But, this Court permitted "plaintiffs to assert more narrowly tailored claims under section 5239 and 5240 that comport with the limited nature of the relief authorized under these two sections as interpreted by the New York Court of Appeals…"  *Id*. at 2.

The remedies available under Section 5239 are "pre-transfer remedies" limited to "undoing the effects of an improper account garnishment" before funds are transferred to a judgment creditor.  *Id*. at 13-14.  Section 5239 remedies are thus "not forward-looking,

2

deterrence-oriented relief." *Id*. at 14.  As this Court held, Section 5239 remedies include[2] three

specific remedies:

> As set forth by the New York Court of Appeals, under section 5239, the plaintiffs may recover from the garnishee-bank a ***release of moneys*** unlawfully restrained, an ***injunction barring transfer*** of the funds, and a ***refund of any fees*** improperly charged by the bank.

*Id*. at 15.

The remedies available under Section 5240 are post-transfer remedies "after the assets

have been transferred to the judgment creditor."  *Id*.  If a judgment creditor is a defendant to a

Section 5240 proceeding, then a court "could reverse the transfer" for improperly restrained

exempt funds.  *Id*.  But, against a bank, the only remedy available to a plaintiff in a Section 5240

proceeding is to recover any "administrative ***fees*** for the garnishment, ***fees*** for checks returned

for insufficient funds, or ***fees*** for a low account balance."  *Id*.

> These remedies expeditiously put judgment debtors whose accounts were wrongfully restrained back into the position in which they would have been had the restraint never been imposed.  They avoid the creation of "another opportunity for litigation on the back end after an improper restraint was imposed," which the New York Court of Appeals has concluded was not the purpose of the legislation enacted.

*Id*. at 16 (quoting the New York Court of Appeals at 22 N.Y.3d at 76-77.)

This Court's June 3, 2014 opinion reaffirmed the limited relief available in a special

proceeding, but noted that named plaintiff Cruz may seek to recover any bank fees based on an

alleged violation of EIPA's procedural notice protections.  ECF No. 53 at 5.

---

[2]     This Court noted in its June 3, 2014 opinion that it did not hold "that the list was exclusive" but again rejected Plaintiffs' argument that Section 5239 "embraces all the remedies they seek."  ECF No. 53 at 3.

**C.      Plaintiffs Inexcusably Delayed This Action Four Months While Actively
Litigating Other Actions on the Identical Issues.**

Following the June 3, 2014 opinion, Plaintiffs did nothing until this Court closed this

civil action.  Despite the Court's invitation to assert a revised second amended complaint that

was narrowly tailored to the available remedies under Sections 5239 and 5240, the Plaintiffs

never sought to file an amended complaint in this action.

Rather, Plaintiffs' counsel instead chose to pursue other related EIPA actions on identical

issues.  For instance, Plaintiffs' counsel sought leave to file a revised amended complaint four

months ago in the related action of *Acevado v. CitiBank, N.A.*, 10-cv-08030.  *See* Acevado ECF

No. 74 dated August 1, 2014.  Plaintiffs' counsel also sought leave to file a revised amended

complaint nearly three months ago in the related action of *Martinez v. Capital One Bank, N.A.*,

10-cv-08028.  *See* Martinez ECF No. 50 dated September 15, 2014.  In both of those proposed

amended complaints, Plaintiffs' counsel made the nearly identical changes that it would later

make to the proposed Second Amended Complaint ("***SAC***") in this civil action.  *See* redline

comparisons of SAC to complaints in *Acevado* and *Martinez* attached to Declaration of Ryan E.

Borneman ("***Borneman Decl.***") as Exhibits A and B.  Given the nearly identical changes in the

other proposed, revised complaints, the changes made in the November 19, 2014 proposed SAC

from the February 3, 2014 proposed SAC, at best, only would require modest work.  *See* redline

comparison of two proposed Cruz SAC attached to Borneman Decl. as Exhibit C.  Indeed,

Plaintiffs only made substantive changes to six paragraphs and the relief section of the SAC.

Because more than 150 days had passed since the Court's ruling on Plaintiffs' motion for

reconsideration, on November 7, 2014, this Court ordered that "the Judgment for the defendant

of March 5, 2012 (Doc 27) stands as entered and the Clerk is directed to close the case."  ECF

No. 54.

4

In response to the Court's order, Plaintiffs submitted a letter request to file a second amended complaint.  Plaintiffs' counsel admitted that it choose to pursue the related EIPA actions over this civil action.  ECF No. 55.

In this Court's November 13, 2014 order, the Court directed Plaintiffs' counsel to file "a motion to vacate the Judgment and simultaneously move to file an amended complaint."  ECF No. 58.  The Court further ordered Plaintiffs' counsel to address "whether he, on behalf of his client, made the strategic decision to proceed in a timely fashion with the 'three other similar EIPA putative class actions,' but have this action lag behind in order to avoid having this Court rule on any presented issues in advance of the other judges, as apparently occurred in the past." *Id*.

### D.      Factual Background

Plaintiffs are judgment debtors.  Before this lawsuit, they failed to pay outstanding debts, had judgments entered against them by creditors, and then failed to satisfy the judgments.  This forced their judgment creditors to seek restraints on their bank accounts pursuant to Article 52 of the C.P.L.R. SAC, ECF No 61-2 at ¶¶ 11, 15.

## III.    ARGUMENT

### A.      Plaintiffs' Motion to Vacate the Judgment Should be Denied.

#### 1.      Plaintiffs' Motion Fails Under the Governing Standard of Review.

Plaintiffs seek to vacate the judgment under both Fed. R. Civ. P. 60(b)(1) and 60(b)(6). Neither provides a basis to vacate the judgment.

First, as a matter of law, delay based on a lack of diligence is not excusable neglect under Fed. R. Civ. P. 60(b)(1).  Relief from a judgment under Rule 60(b)(1) may occur only if the movant shows "mistake, inadvertence, surprise, or excusable neglect."

DM1\5201660.4

The Supreme Court articulated the analytical framework for Rule 60(b)(1) motions in the so-called *Pioneer* test.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  "When assessing claims of 'excusable neglect' [Courts] look to the following so-called *Pioneer* factors: '(1) the danger of prejudice to the [non-movant], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.'"  *Padilla v. Maersk Line, Ltd*., 721 F.3d 77, 83 (2d Cir. 2013) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.  The most important factor is "the third *Pioneer* factor: the ***reason for the delay***, including whether it was within the reasonable control of the movant."  *Id*.

The reason for delay must be beyond a lack of diligence to be excusable neglect.  "[A] delay attributable solely to a defendant's ***failure to act with diligence cannot 'be characterized as "excusable neglect."'***  *Padilla*, 721 F.3d 77 at 84 (finding no abuse of discretion in district court's order denying motion to vacate judgment where explanation for delay was that counsel "overlooked" certain defendants)

Second, as a matter of law, delay based on excusable neglect precludes "other" relief under Fed. R. Civ. P. 60(b)(6).  Relief from a judgment under Rule 60(b)(6) may occur for "any other reason that justifies relief."  But, this broad equitable relief cannot be used to supplant the specific relief of Fed. R. Civ. P. 60(b)(1) when the motion, as here, is based on "excusable neglect."

> Rule 60(b)(1) and Rule 60(b)(6) are "mutually exclusive," such "that any conduct which generally falls under the former cannot stand as a ground for relief under the latter." Where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed.

*Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal citations omitted).

When Rule 60(b)(6) is available, the movant must "demonstrate that 'extraordinary circumstances' warrant relief."  *Stevens*, 676 F.3d at 67.

>    2.    **Plaintiffs Failed to Show Excusable Neglect When Their Counsel Transparently Pursued Identical Proposed Amendments in Other EIPA Related Class Actions To Avoid This Court.**

Here, there is no excusable neglect for Plaintiffs' five months delay.  Plaintiffs remarkably admit that the "filing of the Second Amended Complaint was delayed based on other court imposed deadlines."  Motion at 2.  Plaintiffs' explanation lacks credibility for several reasons.

First, Plaintiffs' counsel had twice previously filed nearly identical, proposed amended EIPA complaints many months before.  *See* Exs. A and B.  Given Plaintiffs' counsel work several months before and the striking similarities with the proposed SAC in this action, the additional work to revise the SAC could not have required significant time.

Second, Plaintiffs' revisions to six paragraphs and the relief section of the SAC are not significant that it would require Plaintiffs' counsel to carve out significant time over the past five months.  *See* Ex. C.   Telling, Plaintiffs' counsel did not submit their billing records for this civil action regarding when revisions were made and how long they took.

Rather, as this Court noted, Plaintiffs' decision to seek leave to file a revised amended complaint in this civil action last after all other related EIPA actions – under all of the circumstances, including that this Court has first issued opinions on EIPA issues that have been adopted in the other EIPA actions and plaintiffs waited until after this action was dismissed – creates the fair inference that Plaintiffs' counsel made the strategic decision to delay filing the SAC in this civil action to avoid this Court's leadership on EIPA.   Plaintiffs' counsel was in complete control over the timing of when to file the SAC and instead decided to pursue other EIPA related matters before other courts.

Plaintiffs' strategic decision for delay satisfies the most important factor in deciding against vacating the judgment – the reason for the delay.  *Padilla v. Maersk Line, Ltd*., 721 F.3d 77, 83 (2d Cir. 2013) (holding that the most important factor is "the third *Pioneer* factor: the ***reason for the delay***, including whether it was within the reasonable control of the movant.")

Moreover, the diligent pursuit of other matters instead of this civil action – irrespective of any strategic decision – does not provide "excusable" neglect to vacate a judgment.  *Padilla*, 721 F.3d 77 at 84.  ("[A] delay attributable solely to a defendant's ***failure to act with diligence cannot 'be characterized as "excusable neglect."'*** )

Further, the remaining three *Pioneer* factors are satisfied.  First, for the same reasons noted about the reasons for the delay, Plaintiffs' actions to strategically delay this proceeding shows Plaintiffs' lack of good faith in seeking the equitable relief to vacate the judgment.

Second, Plaintiffs' delay of over 150 days impacts whether Plaintiffs and putative class member may get any meaningful, immediate relief as contemplated by EIPA's narrow special proceedings.  As Plaintiffs have argued, EIPA is designed to provide immediate protection to low income judgment debtors so that they may have access to a minimum of exempt funds.  As time passes because of Plaintiffs' delay, the purposes of EIPA are frustrated.

Third, Plaintiffs' delay of over 150 days – in a civil action that has already been pending for four years because of Plaintiffs' previous broad and legally deficient claims – prejudices TD Bank.  Plaintiffs' claims under the EIPA have been rejected repeatedly by this Court, the United States Court of Appeals for the Second Circuit, the New York Court of Appeals and, again, this Court.  Plaintiffs had an ample opportunity to seek leave to file an Amended Complaint that conforms with the limited relief available.

8

### 3.    No Prejudice to the Putative Class Members Exists To Warrant Vacating the Judgment

Equally,  no "other" reason justifies relief from the judgment.  First, Plaintiffs cannot seek general equitable relief when the primary basis to vacate the judgment is neglect.  *Stevens*, 676 F.3d at 67.

Further, there is no merit to Plaintiffs' argument that dismissal of the civil action would be an "extreme harm" on the putative class and "the excessive time before filing the Second Amended Complaint should not defeat the class members' right…."  Motion at 3.

No class action has been certified.  Thus the judgment entered in this civil action applies only to the named plaintiffs, Pain and Cruz.  *Turkmen v. Ashcroft*, 2010 U.S. Dist. LEXIS 97415 (E.D.N.Y. June 30, 2010) (holding that while a putative class action is pending, plaintiffs' action did not bind the putative class).  Further, as this Court correctly held, the remedies under Section 5240 may be awarded at any reasonable time before the expiration of New York's general six year statute of limitation.  ECF No. 46 at 9 (citing six year limit under CPLR § 213(1) and the New York Court of Appeals that Section 5240 "relief should be pursued within a reasonable time after the injury is incurred.")  EIPA went into effect on January 1, 2009, less than six years ago. Accordingly, no putative class members would be barred by the statute of limitations[3] because of Plaintiffs' inexcusable delay and the rights of the putative class have not suffered any harm, let alone "extreme harm."

Moreover, putative class members rights were tolled from the filing of the putative class action until the entry of judgment (from October 21, 2010 to March 5, 2012).[4]  *Am. Pipe &*

---

[3]    What is a "reasonable time after the injury is incurred" will need to be decided on an individual basis as part of any motion for class certification.

[4]    This time does not include appellate review.  *Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 119 (2d Cir. 2013) (adopting the bright line rule adopted by all other sister circuits

*Constr. Co. v. Utah*, 414 U.S. 538, 554 (U.S. 1974) ("[T]he rule most consistent with federal

class action procedure must be that the commencement of a class action suspends the applicable

statute of limitations as to all asserted members of the class who would have been parties had the

suit been permitted to continue as a class action.")

Plaintiffs' counsel may seek leave to amend to include another class representative of a

putative class action that complies with this Courts' orders.

### B.   Plaintiffs' Motion for Leave to Amend Should Be Denied as Futile

#### 1.   Plaintiffs' Motion Fails Under the Governing Standard of Review.

Federal Rule of Civil Procedure 15(a)(2) allows amendments to pleadings "when justice

so requires."  Fed. R. Civ. P. 15(a)(2).  "***However, a district court may properly deny leave

when amendment would be futile.***"  *Jones v. New York State Div. of Military & Naval Affairs*,

166 F.3d 45, 50 (2d Cir. 1998); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

An amendment is considered futile if it cannot withstand a motion to dismiss.  *Dougherty

v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).  As shown below,

Plaintiffs' proposed SAC would not withstand a motion to dismiss pursuant to Federal Rules of

Civil Procedure 12(b)(6),[5] and the instant motion must therefore be denied.

#### 2.   Leave to Amend is Futile Because Plaintiffs Fail to Allege All Essential Elements of a Claim Under Section 5239.

Under Rule 12(b)(6), a complaint may be dismissed "for failure to state a claim upon

which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a federal

court complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief

---

that the statute of limitations is tolled until dismissal but is not tolled during appellate review.)

[5]   For reasons previously briefed, Plaintiffs also cannot meet their burden of establishing the $5,000,000 amount-in-controversy under the Class Action Fairness Act.  *See* ECF No. 42 at 10-12.

DM1\5201660.4

that is **plausible on its face**." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (U.S. 2007); *See also*, *Wetzel v. Town Boward of Orangetown*, 2010 U.S. Dist. LEXIS 36495, at *3 (S.D.N.Y. Apr. 12, 2010), *Ranno v. Hartford Life & Accident Ins. Co.*, 2010 U.S. Dist. LEXIS 65463, at *8 (S.D.N.Y. May 14, 2010) (granting motion to dismiss because Plaintiff failed to state a claim for relief).

Here, the proposed SAC fails to allege an essential element of a Section 5239 claim. A Section 5239 claim must be asserted before funds are transferred to a judgment creditor. N.Y. CPLR § 5239 ("**Prior to** application of property or debt by a sheriff or receiver to the satisfaction of a judgment, any interested party may commence a special proceeding."); ECF No. 46 at 13-14 (holding that Section 5239 provides "pre-transfer" remedies). But, the proposed SAC fails to allege an essential element – that TD Bank has not transferred the retrained funds to judgment creditors.

Accordingly, leave to amend to include a Section 5239 claim should be denied as futile.

> **3.    Section 5240 Provides Remedies in An Existing Proceeding But Does Not Permit A New Independent Action.**

Section 5240 is an enforcement mechanism for an existing case. Section 5240 reads, in its entirety:

> § 5240. Modification or protective order; supervision of enforcement
>
> The **court** may at any time, **on its own initiative** or the **motion** of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying **the use of any enforcement procedure**. Section 3104 is applicable to procedures under this article.

N.Y. CPLR § 5240

By contrast, Section 5239 specifically allows a party to "**commence a special proceeding** . . .**" to be initiated by filing a "petition" to be served "in the same manner" as a "motion." N.Y. CPLR § 5239. There is no corresponding language in Section 5240. The use of "motion" in

Section 5240 can only mean that there must be an already existing case in which a motion can be filed by an interested person.

Further, the title of Section 5240 presupposes the existence of a prior order.  The title relates to the "modification" of an order, to a "protective order" or to "supervision of enforcement."  In each instance this terminology presupposes and requires the existence of a case and a prior order that may need to be amended, changed or supplemented to address or correct any problems resulting from that earlier order.  Nowhere does the title suggest that this section creates a new, freestanding proceeding.

The clear text of Section 5240, including its title, points to one conclusion: Section 5240 is an ancillary enforcement procedure and not an independent action.  This is consistent with the concept that there be swift and summary enforcement proceedings, without procedural complexity.

## IV.   CONCLUSION

For all the reasons shown above, TD Bank, N.A. respectfully requests that the Court deny Plaintiffs' Motion to Vacate the Judgment and for Leave to File a Second Amended Complaint because:

- Plaintiffs' failure to diligently pursue this civil action is not "excusable neglect" where Plaintiffs' delay was designed to avoid the leadership of this Court over EIPA.
- No prejudice to the putative class members exists by a judgment against Pain and Cruz because the putative class members may still pursue their claims individually or with a new class representative.
- Leave to amend is futile because plaintiffs have failed to assert an essential element of a claim under Section 5239 that restrained funds have not been transferred to judgment creditors.
- Section 5240 provides remedies in an existing proceeding but does not permit a new independent action.

Dated:   New York, New York          **DUANE MORRIS** LLP
         December 8, 2014

                                      /s/ Justin Joseph D'Elia
                                      Justin Joseph D'Elia
                                      1540 Broadway
                                      New York, New York 10036
                                      (212) 692-1000 (tel)
                                      (212) 692-1020 (fax)

                                      Alexander D. Bono
                                      Ryan E. Borneman
                                      30 South 17th Street
                                      Philadelphia, PA 19103-4196
                                      (215) 979-1000 (tel)
                                      (215) 979-1020 (fax)

                                      *Counsel for TD Bank, N.A.*

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

GARY CRUZ, and CLAUDE PAIN,　　　　　:
Individually and on behalf of all others　　　:
similarly situated,　　　　　　　　　　　:　　　Case No.: 10-CV-8026 (PKC)
　　　　　　　　　　　　　　　　　　:
　　　　　　　Plaintiffs,　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　- against -　　　　　　　 :
　　　　　　　　　　　　　　　　　　:
TD BANK, N.A.,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　Defendant.　　　　　　 :
-----------------------------------------------------X

## [PROPOSED] ORDER

　　　　Upon consideration of Plaintiffs' Motion to Vacate the Judgment and for Leave to File a

Second Amended Complaint, Defendant's Memorandum of Law in opposition thereto, and

Plaintiffs' reply, Plaintiffs' Motion is DENIED.


Dated: _____　　　　　　 _____
　　　　　　　　　　　　　　　　　　Hon. P. Kevin Castel
　　　　　　　　　　　　　　　　　　United States District Judge