UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GARY CRUZ and CLAUDE PAIN, Individually and
on behalf of all others similarly situated,

                        Plaintiffs,

                                                   Case No. 10-cv-08026 (PKC)

       -against-

TD BANK, N.A.,

                        Defendant.
-------------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE THE JUDGMENT AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**


                                                   Law Offices of G. Oliver Koppell & Associates
                                                 Attorneys for Plaintiffs
                                                 99 Park Ave., Suite 330
                                                 New York, New York 10016
                                                 212-867-3838

# **TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| Table of Contents | | ii |
| Table of Authorities | | iii |
| Preliminary Statement | | 1 |
| Argument | | 1 |
| I. | Plaintiffs' Motion Pursuant to Rule 60(b)(1) Should be Granted | 1 |
| II. | Plaintiffs' Motion Under Rule 60(b)(6) Should be Granted | 5 |
| III. | Plaintiffs' Proposed Second Amended Complaint is Proper | 7 |
| | A.  Plaintiffs' Have Properly Pled a CPLR §5239 Claim | 7 |
| | B.  CPLR §5240 Permits this Action | 9 |
| Conclusion | | 10 |

# **TABLE OF AUTHORITIES**

| Federal Cases | Page |
|---|---|
| Acevado v. Citibank, N.A., 2012 WL 996902 (S.D.N.Y. March 23, 2012) | 4 |
| Bais Yaakov of Spring Valley v. Houghton Mifflin Harcourt Publishers, Inc., --- F.Supp.2d ----, 2014 WL 3907995 (S.D.N.Y. August 07, 2014) | 8 |
| Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248 (2d Cir. 1997) | 2 |
| Cruz v. T.D. Bank, N.A., 2014 WL 1569491 (S.D.N.Y. April 17, 2014, PKC) | 1, 4, 9 |
| Cruz v. T.D. Bank, N.A., 2014 WL 2506292 (S.D.N.Y. June 3, 2014, PKC) | 1 |
| First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda—Permanent Mission, 877 F.2d 189 (2d Cir. 1989) | 5 |
| GMA Accessories, Inc. v. BOP, LLC, 2009 WL 2634771 (S.D.N.Y. August 25, 2009, PKC) | 2 |
| Johnson v. Bryson, 851 F.Supp.2d 688 (S.D.N.Y. 2012) | 7 |
| Martinez v. Capitol One, N.A., 2014 WL 4179866 (S.D.N.Y. August 20, 2014) | 4 |
| NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co., 693 F.3d 145 (2d Cir. 2012) | 8 |
| Padilla v. Maersk Line, Ltd., 721 F.3d 77 (2d Cir. 2013) | 2, 3 |
| Pioneer Investment Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993) | 1, 2, 3 |
| Teoba v. Trugreen Landcare LLC, 2013 WL 1560208 (W.D.N.Y. April 10, 2013) | 7, 8 |
| State Case | |
| Jackson v. Bank of America, N.A., 40 Misc.3d 949, 971 N.Y.S.2d 800 (N.Y.Sup. 2013) | 4 |
| Federal Rules | |
| Fed.R.Civ.P. 12(g)(2) | 7 |
| Fed.R.Civ.P. 15(a)(2) | 1, 7, 10 |
| Fed.R.Civ.P. 60(b)(1) | 1, 5, 6, 10 |

| | |
|---|---|
| Fed.R.Civ.P. 60(b)(6) | 1, 5, 6, 10 |

State Rules

| | |
|---|---|
| CPLR §5239 | 7, 9 |
| CPLR §5240 | 9 |

Treatise

| | |
|---|---|
| 5C Charles Alan Wright, Federal Practice & Procedure § 1388 (4th ed. 2009) | 7 |

Preliminary Statement

Plaintiffs Gary Cruz and Claude Pain, individually and on behalf of all others similarly situated ("Plaintiffs"), respectfully submit this Reply Memorandum of Law in support of their motion pursuant to Fed.R.Civ.P. 60(b)(1) and 60(b)(6) to vacate the November 7, 2014 decision of this Court.  Plaintiffs further submit this reply is support of their motion pursuant to Fed.R.Civ.P. 15(a)(2) for leave to file a Second Amended Complaint consistent with this Court's Memorandum and Order dated April 17, 2014 which denied, without prejudice, Plaintiffs' motion for leave to amend their complaint against defendant T.D. Bank, N.A. (the "Bank"), *Cruz v. T.D. Bank, N.A.*, 2014 WL 1569491 (S.D.N.Y. April 17, 2014, PKC), and the subsequent decision on Plaintiffs' Motion for Reconsideration.  *Cruz v. T.D. Bank, N.A.*, 2014 WL 2506292 (S.D.N.Y. June 3, 2014, PKC).

Argument

I.      Plaintiffs' Motion Pursuant to Rule 60(b)(1) Should be Granted

Contrary to the Bank's arguments, Plaintiffs' motion pursuant to Rule 60(b)(1) satisfies all of the factors set forth by the Second Circuit in *Pioneer Investment Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 395 (1993), for the granting of such motion.

With respect to the first factor, the danger of prejudice to the non-movant, the Bank has abandoned the claim that it made in its letter of November 11, 2014, in which it claimed no prejudice other than the fact that it may have continued to violate the law.  Instead, the Bank makes a generic statement that they have been prejudiced because Plaintiffs delayed filing in a case that has gone on four years in which the scope of Plaintiffs' claim has been narrowed.  Def. Br. at 8.  However, this does not satisfy the necessary showing for prejudice, which requires allegations that the delay will result in the loss of evidence, create increased difficulties of

1

discovery, or provide greater opportunity for fraud or collusion.  *GMA Accessories, Inc. v. BOP, LLC*, 2009 WL 2634771, at *3 (S.D.N.Y. August 25, 2009, PKC) (citations and quotations omitted).  The Bank makes no arguments with respect to any of these factors.

Plaintiffs' motion also satisfies the second factor of the *Pioneer* test, the length of the delay and its potential impact on judicial proceedings. There is no prejudice to Plaintiffs as this case has been going on for four years.  Any delay of a few months is negligible in that time frame.[1]  Plaintiffs have already been deprived of expeditious relief by the lengthy appeals process.  As such, contrary to the Bank's argument, Def. Br. at 8, the delay did not frustrate the purposes of EIPA.

Turning to the third *Pioneer* factor, the reason given for the delay and whether it was in the reasonable control of the movant, the Bank does not dispute the fact that no deadline existed, either court imposed or under the federal rules, for Plaintiffs to have filed a proposed Second Amended Complaint.  While Defendants' argue that the changes to the proposed Second Amended Complaint did not require substantial time by Plaintiffs' counsel, Def. Br. at 4, 7, as averred by Plaintiffs' counsel the time necessary for making such revisions was always trumped by other matters with deadlines.  The Bank also does not dispute the fact that Courts will find excusable neglect where a party's failure to comply with filing deadlines even when it is attributable to negligence. *Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248, 250 (2d Cir. 1997) citing *Pioneer Investment Servs. Co.,* 507 U.S. at 388.

The Bank's reliance on *Padilla v. Maersk Line, Ltd.*, 721 F.3d 77 (2d Cir. 2013), in support of its' opposition is misplaced.  In *Padilla*, the court found that there was not a reasonable excuse for the delay because "… Maersk stated only that its argument pertaining to

---

[1] The Bank's claim that the delay is of over 150 days is erroneous.  After this Court's ruling on the Motion for Partial Reconsideration/Reargument some period of time, be it 30, 60, or 90 days was reasonable to file a proposed Second Amended Complaint.  Any delay should only be calculated from the expiration of that period.

the officers had been 'overlooked' during the two-year period following class certification. Maersk offered no explanation as to why it did not raise the point that the officers were not entitled to overtime two months earlier when it made its first motion to amend the judgment to remove other plaintiffs." *Id*. at 84.  In this case, Plaintiffs' counsel has specifically averred that this matter was not overlooked in any way, but rather was delayed due to the press of other matters with imposed deadlines.  Plaintiffs' counsel was diligent in monitoring the action but, as no time limit was imposed for filing the Second Amended Complaint, the action was delayed. Moreover, unlike *Padilla,* there were no deadlines or prior proceedings in which Plaintiffs should have brought forth their proposed Second Amended Complaint, yet failed to do so.

Finally, with respect to the fourth *Pioneer* factor requiring a showing of good faith by the movant, the evidence demonstrates that Plaintiffs' have acted in good faith.  Plaintiffs' counsel has filed sworn declarations explaining the reason for the delay: the absence of any deadlines for the filing of a proposed Second Amended Complaint and the press of other matters.  Plaintiffs have always complied with statutory or court ordered scheduling deadlines in all other instances and there is no basis to conclude that Plaintiffs' counsel would deviate from that pattern.

Moreover, the Bank ignores the sworn declarations of Plaintiffs' counsel averring that there was no tactical or strategic reason for the delay in filing the proposed Second Amended Complaint.  Instead, the Bank instead ascribes Machiavellian machinations to Plaintiffs' counsel. They claim Plaintiffs' counsel delayed filing the proposed Second Amended Complaint "to avoid this Court's leadership on EIPA." Def. Br. at 7.  Tellingly, the Bank offers no specificity as to what adverse consequences this Court's "leadership" would entail.

The Bank offers no rebuttal to the arguments made by Plaintiffs that there is no strategic advantage to delay by this Court.  As stated by Plaintiffs' counsel, prior to the instant motion, the

only remaining issue to be ruled on by this Court with respect to the proposed Second Amended Complaint is whether Plaintiffs' have sufficiently pled Class Action Fairness Act ("CAFA") monetary jurisdiction.  However, the CAFA monetary jurisdiction issue has already been resolved in one case, *Acevado v. Citibank, N.A.,* 2012 WL 996902, at *2-3 (S.D.N.Y. March 23, 2012), has not been raised in another, *Martinez v. Capitol One, N.A.,* 2014 WL 4179866 (S.D.N.Y. August 20, 2014)[2], and is not applicable in the final case that is pending in state court. See generally *Jackson v. Bank of America, N.A.,* 40 Misc.3d 949, 971 N.Y.S.2d 800 (N.Y.Sup. 2013).  The absence of any theory by the Bank as to what strategic advantage could be gained from intentional delay demonstrates that no such advantage could be obtained.[3]

---

[2] The *Capital One* decision adopted this Court's April 17, 2014 decision on Plaintiffs' initial motion for leave to file a Second Amended Complaint. *Martinez,* 2014 WL 4179866, at *2.  It was in that decision that the issue of CAFA monetary jurisdiction was raised by this Court. *Cruz,* 2014 WL 1569491, at *10.  Given that the *Capital One* court knew of this Court's decision at the time of its' own decision, it too could have raised the CAFA monetary jurisdiction issue had it believed the issue to be relevant.

[3] It should be noted that other courts hearing EIPA cases have not strictly abided by this Court's "leadership" as the Bank implies.  The state court hearing the Bank of America action entirely rejected this court's findings as to the viability of an EIPA action.  *Jackson,* 40 Misc.3d 949.  The court hearing the Citibank matter has found that pleading for CAFA monetary jurisdictional amounts have been satisfied.  *Acevado,* 2012 WL 996902, at *2-3.

II.     Plaintiffs' Motion Under Rule 60(b)(6) Should be Granted

In opposition to Plaintiffs' Rule 60(b)(6) motion, the Bank's principle argument is that because other class members claims have been tolled, the Class can bring an action despite this Court's dismissal of this action. Def. Br. at 9-10. This argument fails for two key reasons.

First, the Bank's position ignores the harm that would befall the Named Plaintiffs' if the action were dismissed. Named Plaintiffs would not have the right to pursue their claims against the Bank for EIPA violations despite having litigated this matter for more than four years. Rule 60(b)(6) grants courts discretion to "preserve the delicate balance between the sanctity of final judgments ... and the incessant command of the court's conscience that justice be done in light of *all* the facts." *First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda—Permanent Mission,* 877 F.2d 189, 196 (2d Cir. 1989) (emphasis in original). To deprive Named Plaintiffs of their right to bring an action would prevent justice from being done.

Second, requiring a new action to be brought in the name of another class member is an inefficient waste of judicial resources. This Court is familiar with all the legal issues involved in an EIPA action, having presided over this proceeding for more than four years, through various motions and appeals. With respect to the proposed Second Amended Complaint, at this juncture there is only one legal issue left to determine, that of whether the CAFA monetary jurisdictional threshold is satisfied. To dismiss this action so that a new action can be commenced raising the same set of operative facts and same legal arguments would simply protract the matter further, further frustrating the purposes of EIPA.

The Bank's further argument that a Rule 60(b)(6) motion cannot be advanced when there are grounds for vacatur under rule 60(b)(1), Def. Br. at 9, ignores the fact that Plaintiffs specifically stated in their opening brief that: "if the Court believes that Rule 60(b)(1) is

5

inapplicable, Plaintiffs' respectfully request vacatur of the judgment pursuant to Rule 60(b)(6)." Pltf. Br. at 3.  Plaintiffs' only seek relief pursuant to this provision if the Court finds Rule 60(b)(1) to be inapplicable.

III.     Plaintiffs' Proposed Second Amended Complaint is Proper

    A.     Plaintiffs' Have Properly Pled a CPLR §5239 Claim

The Bank's argument that Plaintiffs have not pled a cause of action under CPLR §5239 because Plaintiffs have not specifically pled "that TD Bank has not transferred the restrained funds to judgment creditors," Def. Br. at 1, is wholly without merit. This argument is both untimely and contradicted by the express text of the proposed Second Amended Complaint.

With respect to timeliness, the fact that Plaintiffs have filed a motion pursuant to Fed.R.Civ.P. 15(a)(2) does not give the Bank the right to revisit any issues it could have raised in its' prior arguments seeking dismissal. As the Bank argues, the proposed Second Amended Complaint has not changed substantially from prior versions, save for conforming to this Court's limitations on damages. Def. Br. at 7. As such, the Bank could have previously raised its claim that the proposed Second Amended Complaint is defective because Plaintiffs have not pled that the restrained funds have not been transferred to judgment creditors. The Bank chose not to do so. It cannot get a further bite at the apple at this late juncture. *Johnson v. Bryson*, 851 F.Supp.2d 688, 704 (S.D.N.Y. 2012) *quoting* 5C Charles Alan Wright, *Federal Practice & Procedure* § 1388, at 491 (4th ed. 2009) ("[t]he filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading,"). *See also* Fed.R.Civ.P. 12(g)(2).

The case of *Teoba v. Trugreen Landcare LLC*, 2013 WL 1560208 (W.D.N.Y. April 10, 2013), further illustrates this point. In *Teoba*, the plaintiffs moved to amend their complaint to add a cause of action on behalf of a putative class, which motion was granted over the futility based objections of the defendant. *Id*. at *2-3. The court then denied the defendant's subsequent motion to dismiss, finding that arguments that had either been made previously and rejected, or

7

had not been made at all in response to plaintiffs' motion for leave to amend must be denied, as successive motions are not allowed. *Id*. at *4. Similarly here, the Bank could have raised this pleading argument in response to Plaintiffs' prior motion for leave to replead that was previously filed. Their failure to do so precludes this argument at this late juncture.

Moreover, the Bank's claim that Plaintiffs have not alleged that the Bank has not transferred the funds to judgment creditors ignores the fact that this is a class action in which individual class member circumstances may differ. Some class members may have had their funds turned over to judgment creditors, while others may not have. The Named Plaintiffs' claims need not be identical of that of every other class members claims in order for them to prosecute this action. "[A] plaintiff has class standing if he plausibly alleges (1) that he personally has suffered some actual ... injury as a result of the putatively illegal conduct of the defendant, and (2) that such conduct implicates the same set of concerns as the conduct alleged to have caused injury to other members of the putative class by the same defendants." *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012) (internal citations and quotations omitted). Once such standing is satisfied, then the question as to whether there is class standing to sue on behalf of others with different circumstances than those of the named plaintiffs is resolved on a Rule 23 motion for class certification. *Bais Yaakov of Spring Valley v. Houghton Mifflin Harcourt Publishers, Inc.*, --- F.Supp.2d ----, 2014 WL 3907995, at *3-4 (S.D.N.Y. August 07, 2014) (citations omitted).

The proposed Second Amended Complaint correctly addresses this fact, recognizing that some class members funds were turned over to creditors, while others not. Paragraph 1 of the proposed Second Amended Complaint alleges the different facts applicable to different class members, stating:

> Contrary to the mandate of EIPA, Defendant denied such account holders the ability to obtain funds in their accounts, in some instances releasing Plaintiffs' and the Classes' statutorily protected personal property to third party creditors, failing to provide mandatory disclosures, as well as charging unlawful fees to the Classes.

See also Paragraph 4 ("Despite the requirements of the EIPA and federal law, Defendant has unlawfully regularly restrained Plaintiffs' and the Classes' accounts, and in numerous instances subsequently transferred the funds to creditors. "); Paragraph 26 ("The effect of these illegal actions is that Plaintiffs and members of the Classes have been prevented from accessing certain monies held in their accounts for sustained periods of time.  In some instances, the funds were ultimately unlawfully transferred to judgment creditors.  In addition, Defendant has unlawfully assessed fees for the restraint.")  Paragraph 27 of the proposed Second Amended Complaint goes even further and proposes two separate classes, those whose funds have been transferred to creditors, and those whose funds have not.  These allegations are sufficient to allege that the funds of members of the 5239 Class have not been transferred to judgment creditors, while those of the 5240 Class have been transferred.

      B.      CPLR §5240 Permits this Action

The Bank's argument that an independent action under CPLR §5240 cannot be brought in this Court, Def. Br. at 11-12, is identical to one they previously made by the Bank in opposition to Plaintiffs' prior proposed Second Amended Complaint.  See Dckt #42 at pgs. 7-11 (challenging both CPLR §5239 and CPLR §5240 proceedings).  This Court specifically rejected that argument, at length, in its prior ruling.  *Cruz*, 2014 WL 1569491, at *3-5.  It is palpably improper for the Bank to once again raise these same arguments that have already been rejected by this Court.  This is particularly true in the absence of any new rationale to revisit the prior ruling of this Court and without the Bank's calling this Court's attention to the fact that it has already ruled against the Bank on this issue.

9

Conclusion

Wherefore, Plaintiffs respectfully request that their motion pursuant to Fed.R.Civ.P. 60(b)(1) or 60(b)(6) be granted in all respects, and that Plaintiffs' further motion pursuant to Fed.R.Civ.P. 15(a)(2) be granted and the proposed Second Amended Complaint be deemed filed.

Dated: New York, New York
December 18, 2014

                                            Law Offices of G. Oliver Koppell & Associates

                                            By:_____/s/_____
                                            G. Oliver Koppell (GOK-4851)
                                            Daniel F. Schreck (DS-7680)
                                            *Attorneys for Plaintiffs*
                                            99 Park Ave., Suite 330
                                            New York, New York 10016
                                            (212) 867-3838

                                            Charles Juntikka (CJ-4689)
                                            Charles Juntikka & Associates, LLP
                                            350 Fifth Avenue, Suite 2212
                                            New York, New York 10118
                                            (212) 315-3755