UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GARY CRUZ and CLAUDE PAIN, Individually and
on behalf of all others similarly situated,

                                   Plaintiffs,

           -against-

TD BANK, N.A.,

                                 Defendant.
------------------------------------------------------------------X

**SECOND**
**AMENDED COMPLAINT**

Case No. 10-cv-08026 (PKC)

     Plaintiffs Gary Cruz and Claude Pain ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys the Law Offices of G. Oliver Koppell & Associates, complains of defendant TD Bank, N.A. ("Defendant"), and allege as follows:

<u>**NATURE OF THE CASE**</u>

     1.     This action is brought by Plaintiffs, individually and on behalf of the members of two classes of similarly situated account holders of Defendant, a bank institution (the class members are referred to herein as the "Classes"). Plaintiffs bring this action pursuant to CPLR §5239 and CPLR §5240. Plaintiffs seek damages and/or injunctive relief based on the unlawful conduct of Defendant in violating the New York State Exempt Income Protection Act ("EIPA"). Contrary to the mandate of EIPA, Defendant denied such account holders the ability to obtain funds in their accounts, in some instances releasing Plaintiffs' and the Classes' statutorily protected personal property to third party creditors, failing to provide mandatory disclosures, as well as charging unlawful fees to the Classes.

1

2.      Defendant has taken Plaintiffs' and the Classes' personal property, breached its duties to Plaintiffs and the Class, and also engaged in contumacious conduct by failing to adhere to EIPA's provisions.

3.      EIPA prohibits judgment creditors from restraining the first $2500 of funds deposited into Plaintiffs' accounts from federally protected sources.  To effectuate these policies, EIPA imposes various obligations on banks and creditors to provide notice of when creditors attempt to restrain accounts, and to remove the restraint when account holders claim that the funds are exempt from restraint.  Additionally the statute prevents creditors from restraining the first $1920 in any account, regardless of the source of the funds.  Any notice served on a bank to restrain an account containing $1920 or less "shall be deemed void."

4.      Despite the requirements of EIPA and federal law, Defendant has unlawfully regularly restrained Plaintiffs' and the Classes' accounts, and in numerous instances subsequently transferred the funds to creditors.  Defendant has done so in clear violation of the law's terms, which has prevented Plaintiffs and the Classes from accessing their statutorily protected assets to purchase items as basic as food and clothing.  Defendant has also unlawfully imposed fees and penalties on Plaintiffs and the Classes, and failed to provide mandatory disclosures.  Upon information and belief, Defendant also fails to insure that restraining notices it receives conform to the requirements of EIPA.

5.      Plaintiffs and the Classes seek the return of unlawfully restrained funds and unlawfully charged fees as damages.  Plaintiffs also seek an injunction enjoining the Defendant from unlawfully turning over to creditors the Class Members' monies when

under EIPA no restraints can lawfully be imposed on the Class Members' accounts, and returning those funds to Class Members.

## JURISDICTION AND VENUE

6.      The jurisdiction of this Court is based upon diversity of citizenship, 28 U.S.C. §1332(a), and the Class Action Fairness Act, 28 U.S.C. §1332(d).   Upon information and belief, the damages of the Classes exceed $5,000,000 in the aggregate.

7.      This Court possesses personal jurisdiction over Defendant based on Defendant's presence, transaction of business and contacts within the United States, New York and this District.

8.      Venue is proper within this District under 28 U.S.C. § 1391(a) and (c) because Defendant transacts business in this District and because a substantial part of the events or omissions giving rise to the claims and injuries alleged herein occurred in this District.

9.      Defendant states that it is a major national bank, which "is one of the 15 largest banks in the United States, and provides Customers with a full range of financial products and services at more than 1,100 retail stores throughout the Northeast, Mid-Atlantic, Metro D.C. and Florida.  TD Bank offers a broad array of retail, small business and commercial banking products and services to more than 6.5 million Customers in Connecticut, Delaware, the District of Columbia, Florida, Maine, Maryland, Massachusetts, New Hampshire, New Jersey, New York, Pennsylvania, Vermont and Virginia."  Upon information and belief, Defendant is a Delaware corporation with executive offices at 1701 Route 70 East, Cherry Hill, New Jersey 08034 and Two

Portland Square, P.O. Box 9540, Portland, Maine 04112-9540.  Defendant maintains numerous branches and conducts significant business in New York State.

10.     Plaintiff Gary Cruz resides at 1850 Lafayette Ave., #5E, Bronx, NY 10473.  During the relevant period, he maintained a savings and checking account at one of Defendant's New York City branches.

11.     On or about the second week of August, 2009 Plaintiff Cruz received notice from Defendant that all of his accounts were frozen due to the service of a restraint notice and/or levy by third-party creditors, FIA Card Services by their attorneys, Forster & Garbus.

12.     At the time of the restraint, Plaintiff Cruz had approximately $3020.00 in his accounts, received from his wages.  Defendant charged Plaintiff Cruz administrative fees associated with placing the restraint on his accounts ($125.00), and also imposed overdraft fees in the amount of $140.00 associated with Plaintiff Cruz's checks that bounced after his accounts were restrained.  Plaintiff Cruz's accounts were restrained until on or about April, 2010.

13.     Plaintiff Cruz also did not receive from Defendant, and upon information and belief Defendant did not receive from the creditor, any disclosures concerning any property that may be exempt from restraint.  Defendant did not provide Cruz with a copy of the restraining notice, exemption notice or exemption claim form.

14.     Plaintiff Claude Pain resides at 119-29 201st Place, St. Albans, New York 11412.   During the relevant period, he maintained a checking account at one of Defendant's New York State branches.

15.     On or about December 31, 2010 Plaintiff Pain received notice from Defendant that his account was frozen due to the service of a restraint notice and/or levy by a third-party creditor, Portfolio Recovery.  Plaintiff Pain attempted to use his debit card to access funds from his account, but was refused.  At the time of the restraint, Plaintiff Pain had approximately $340.00 in his accounts, received from his wages. Defendant charged Plaintiff Pain administrative fees associated with placing the restraint on his account ($125.00), and also imposed overdraft fees in the amount of $35.00 associated with Plaintiff Pain's checks that bounced after his account was restrained.

16.     Plaintiff Pain did not receive from Defendant, and upon information and belief Defendant did not receive from the creditor, any disclosures concerning any property that may be exempt from restraint.  Defendant did not provide Plaintiff Pain with a copy of the restraining notice, exemption notice or exemption claim form.

## ALLEGATIONS COMMON TO ALL CLAIMS

17.     Before the passage of EIPA, New York law was silent as to the protection of federally exempted funds (existing statutory provisions that exempt certain personal property from garnishment).  At the same time, there was a dramatic increase in debt collection in New York.  In 2006, there were approximately 320,000 consumer debt cases filed in New York City alone; the cases involved a total of $1 billion in claims, of which approximately $800 million was collected by creditors.[1]  One study concluded that 80% of these cases resulted in default judgments.

18.     Under New York law, judgment creditors can electronically search bank records to locate the accounts of debtors.  Once the accounts have been identified, New

---

[1]     http://www.urbanjustice.org/pdf/publications/CDP_Debt_Weight.pdf; http://www.nyc.gov/html/ofe/downloads/pdf/Letter_to_OCC.pdf

York law permits creditors to put a restraint on the accounts.  Such a restraint has the effect of prohibiting account holders from withdrawing their funds.  Any additional deposits into the accounts, including federal benefits payments, are immediately restrained and therefore unavailable to account holders.  Financial institutions often place the restraints on accounts in order to allow courts time to determine to whom the funds should be released.[2]  As a result, creditors enjoy greater leverage to settle the debts with the account holders.

19.    Creditors often serve notices to restrain thousands of accounts at a time with the assistance of the electronic restraint tool.  According to the New York City Department of Consumer Affairs, "[t]he ease and efficiency of this process encourages the use of electronic service and causes undue hardship for many, not only here in New York, but nationwide."[3]

20.    In 2008, the New York State Legislature passed EIPA.  It prohibited judgment creditors from restraining the first $1716 of any debtors' electronic bank account, regardless of the source of the funds.[4]  C.P.L.R. §5222(i).  This amount has since been raised to $1740, and subsequently to $1920, based on the rise in the New York State minimum wage.  Banks are instructed by the statute that any notices attempting to restrain these accounts "shall be deemed void."  *Id.*  EIPA also mandates that no fees be charged to the account holder in connection with creditors' attempt to freeze the funds where the restraint is unlawfully effectuated or no funds can be lawfully restrained.  *Id.* at

---

[2]      72 Fed. Reg. 55,275 (Sept. 27, 2007).
[3]      http://www.nyc.gov/html/ofe/downloads/pdf/Letter_to_OCC.pdf
[4]      The statutory limit increases over time.  Currently, the first $1920 in any account is exempted from garnishment.  N.Y. C.P.L.R. § 5222(i).

§5222(j).  Nothing in the statute allows banks to aggregate funds in multiple accounts –
each account must be evaluated individually.

21.    In addition, EIPA places the first $2500 of "reasonably identifiable"
federally exempt benefit payments under the protection of state law.  *Id.* at §5205(l).

22.    In the event that the bank is served with a restraint request for an account,
for the restraint to be valid the bank must receive from the creditor, and send to the
debtor, a restraining notice, an exemption notice and exemption claim form within two
days.  Upon receipt of the executed exemption form, the bank must release all exempt
funds in the account within eight days.   *Id.* § 5222-a(b)-(c). The failure by the bank to
receive the exemption forms from the creditor or from the creditor's representative
renders the restraint void.

23.    Defendant has openly violated the EIPA despite the clear wording of the
statute.

24.    Defendant is readily able to identify the source of protected funds.  Many
of these funds derive from electronic payments made directly through the Defendant.
Furthermore, Defendant is aware of the fact that pursuant to EIPA regardless of the
source of the funds, the first $1920 in any account is protected.   Nonetheless, upon
information and belief, thousands of account holders have had their entire accounts
frozen by non-compliant financial institutions, such as Defendant.

25.    Moreover, upon information and belief, Defendant does not require receipt
from creditors of the notices called for in EIPA to be sent to purported debtors informing
them of their exemption rights.   Defendant itself fails to itself provide such statutorily
required notices to Plaintiffs and members of the Classes.

26.     The effect of these illegal actions is that Plaintiffs and members of the Classes have been prevented from accessing certain monies held in their accounts for sustained periods of time.   In some instances, the funds were ultimately unlawfully transferred to judgment creditors.  In addition, Defendant has unlawfully assessed fees for the restraint.

## CLASS ACTION ALLEGATIONS

27.     Plaintiffs seek to bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, sub-sections 23(a) and 23(b)(2) and/or (b)(3) on behalf of themselves and the following Classes:

> a) All individual account holders of Defendant who, during the period between January 1, 2009 and the present, had their accounts restrained pursuant to the provisions of the New York Civil Practice Law and Rules in violation, in whole or in part, of the Exempt Income Protection Act and whose accounts have been not been applied by a sheriff or receiver to the satisfaction of a judgment. (the "5239 Class")

> b) All individual account holders of Defendant who, during the period between January 1, 2009 and the present, had their accounts restrained and/or levied upon pursuant to the provisions of the New York Civil Practice Law and Rules in violation, in whole or in part, of the Exempt Income Protection Act. (the "5240 Class")

The 5239 Class and the 5240 Class satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of the Federal Rules of Civil Procedure.

28.     The members of the 5239 Class and the 5240 Class and are so numerous that joinder of all Class members is impracticable.  While the exact number of the 5239 Class and the 5240 Class members can be determined only by appropriate discovery,

Plaintiffs believe that members of both the 5239 Class and 5240 Class number in the thousands.

29.     Defendant's misconduct has affected all members of the 5239 Class and the 5240 Class in a similar manner.

30.     Plaintiffs' claims are typical of the claims of the members of the 5239 Class and 5240 Class because Plaintiffs and all of the 5239 Class and 5240 Class members were injured and continue to be injured in the same manner by Defendant's unlawful and inequitable acts and practices, as well as Defendant's wrongful conduct.

31.     Plaintiffs have no interests that are adverse or antagonistic to those of the 5239 Class or the 5240 Class.  Plaintiffs' interest is to obtain relief for themselves and the 5239 Class and the 5240 Class for the harm arising out of the violations of law set forth herein.

32.     Plaintiffs will fairly and adequately protect the interests of the members of the 5239 Class and the 5240 Class, and has retained counsel competent and experienced in complex class action litigation.

33.     The class action is superior to all other available methods for fair and efficient adjudication of this controversy.  Since the damages suffered by the members of the 5239 Class and the 5240 Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for Plaintiffs and members of the 5239 Class and the 5240 Class individually to seek redress for the wrongful conduct alleged.

34.     Common questions of law and fact exist as to all members of the 5239 Class and the 5240 Class and predominate over any questions affecting solely individual

members of the 5239 Class and the 5240 Class.  Among the questions of law and fact

common to the 5239 Class and the 5240 Class are:

a.  Whether Defendant attempted to identify funds that were statutorily exempted from restraint;

b.  Whether Defendant provided the 5239 Class and the 5240 Class with the statutorily required notice and disclosures under EIPA when creditors attempt to restrain accounts containing exempted funds;

c.  Whether Defendant knowingly or negligently restrained accounts containing less than the protected statutory minimum under EIPA;

d.  Whether the 5240 Classes' protected assets were transferred to third-party creditors or their agents in violation of EIPA;

e.  Whether Defendant charged or imposed fees in connection with or as a result of the restraints on the accounts of the 5239 Class and the 5240 Class, in violation of EIPA;

f.  Whether Defendant honored restraints that failed to comply with the requirements of EIPA;

g.  Whether the members of the 5239 Class and the 5240 Class have sustained damages and, if so, the proper measure of such damages; and

h.  Whether Plaintiffs, the 5239 Class and the 5240 Class are entitled to injunctive relief enjoining the Defendant from unlawfully turning over to creditors the 5239 Classes monies when under

EIPA no restraints can lawfully be imposed on 5239 Class Members' accounts.

35.    The Classes are readily definable, and prosecution of this action as a class action will reduce the possibility of repetitious litigation.  Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

36.    Defendant has acted and refused to act, as alleged herein, on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and/or corresponding declaratory relief with respect to precluding Defendants from unlawfully turning over to creditors the Classes monies when under EIPA no restraints can lawfully be imposed the Classes' accounts.

37.    The 5239 Class and the 5240 Class members have no adequate remedy at law for Defendant's past and ongoing violations of EIPA.  Defendant's continued unlawful restraint of 5239 Class and 5240 Class members' accounts will preclude them from utilizing funds to which they are entitled in a manner which they see fit, which may subject the 5239 Class and the 5240 Class members to interest penalties, penalty payments, eviction, repossession or other such harms for which they have no recourse against the Defendant.

### AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO CPLR §5239 FOR VIOLATION OF EIPA

38.    Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39.     Defendant is a banking institution as defined in CPLR §5205(n).  Plaintiffs and the 5239 Class have a dispute with the Defendant regarding the rights to property contained in the accounts maintained by Plaintiffs and the 5239 Class with Defendant.

40.     Pursuant to CPLR §5205(l), if statutorily exempt payments were deposited in an individual's account electronically or through direct deposit within the 45 day period prior to receipt of a restraining notice or execution, Defendant is prohibited from restraining $2500 belonging to that individual.

41.     Pursuant to CPLR §5222(i), as of January 1, 2009 a restraining notice cannot be applied by a banking institution to the first $1716 of an individual's account regardless of the source, an amount that rose to $1740 on July 24, 2009, and to $1920 on December 31, 2013.  Where an account contains 90% or less of the $1716 or $1740 or $1920 discussed above, the restraint is deemed void.

42.     Pursuant to CPLR §5222-a(b), a person issuing a restraining notice on a banking institution must provide the banking institution with, in addition to the restraining notice, a copy of the restraining notice an "exemption notice" and two "exemption claim forms."  The failure to serve the exemption notice and exemption claim forms together with the restraining notice renders the restraining notice void.

43.     Within two business days after receipt of the restraining notice, exemption notice and exemption claim form, the banking institution is required to mail the exemption notice, the exemption claim form and a copy of the restraining notice to the last known address of the debtor.

44.     Pursuant to CPLR §5222(j) if a banking institution cannot lawfully restrain an account, or the restraint placed on the account violates EIPA, the banking institution may not charge a fee to the debtor.

45.     Defendant has and continues to fail to abide by the terms of EIPA set forth above.  Defendant has unlawfully restrained funds from Plaintiffs and the 5239 Class members that are exempt from restraint and imposes a restraint where none can be imposed.

46.     Upon information and belief, Defendant further fails to ensure that it receives the exemption notice and exemption claim forms at the time it receives the restraining notice from creditors.  Notwithstanding this failure to receive the exemption notice and exemption claim forms, Defendant unlawfully imposes a restraint on the 5239 Class members.

47.     Upon information and belief, Defendant further fails to mail the exemption notice, the exemption claim forms and a copy of the restraining notice to the last known address of the 5239 Class members.

48.     Upon information and belief, Defendant also imposes fees on 5239 Class members despite the fact that it cannot lawfully restrain 5239 Class members' accounts, or the restraint placed on the 5239 Class members' account violates EIPA.

49.     As a result of the foregoing, Plaintiffs and the other members of the 5239 Class were caused to incur damages.

## AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO CPLR §5240 FOR VIOLATION OF EIPA

50.     Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51.     CPLR §5240 provides that the court may "make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure."

52.     Defendant is a banking institution as defined in CPLR §5205(n).

53.     Pursuant to CPLR §5205(l), if statutorily exempt payments were deposited in an individual's account electronically or through direct deposit within the 45 day period prior to receipt of a restraining notice or execution, Defendant is prohibited from restraining $2500 belonging to that individual.

54.     Pursuant to CPLR §5222(i), as of January 1, 2009 a restraining notice cannot be applied by a banking institution to the first $1716 of an individual's account regardless of the source, an amount that rose to $1740 on July 24, 2009, and to $1920 on December 31, 2013.  Where an account contains 90% or less of the $1716 or $1740 or $1920 discussed above, the restraint is deemed void.

55.     Pursuant to CPLR §5222-a(b), a person issuing a restraining notice on a banking institution must provide the banking institution with, in addition to the restraining notice, a copy of the restraining notice an "exemption notice" and two "exemption claim forms."  The failure to serve the exemption notice and exemption claim forms together with the restraining notice renders the restraining notice void.

56.     Within two business days after receipt of the restraining notice, exemption notice and exemption claim form, the banking institution is required to mail the exemption notice, the exemption claim form and a copy of the restraining notice to the last known address of the debtor.

57.     Pursuant to CPLR §5222(j) if a banking institution cannot lawfully restrain an account, or the restraint placed on the account violates EIPA, the banking institution may not charge a fee to the debtor.

58.     Defendant has and continues to fail to abide by the terms of EIPA set forth above.  Defendant has unlawfully restrained funds from Plaintiffs and the 5240 Class members that are exempt from restraint and imposes a restraint where none can be imposed.

59.     Upon information and belief, Defendant further fails to ensure that it receives the exemption notice and exemption claim forms at the time it receives the restraining notice from creditors.  Notwithstanding this failure to receive the exemption notice and exemption claim forms, Defendant unlawfully imposes a restraint on the 5240 Class members.

60.     Upon information and belief, Defendant further fails to mail the exemption notice, the exemption claim forms and a copy of the restraining notice to the last known address of the 5240 Class members.

61.     Upon information and belief, Defendant also imposes fees on 5240 Class members despite the fact that it cannot lawfully restrain 5240 Class members' accounts, or the restraint placed on the 5240 Class members' account violates EIPA.

62.     As a result of the foregoing, Plaintiffs and the other members of the 5240 Class were caused to incur damages.

WHEREFORE, Plaintiff demands judgment:

a)      Certifying the 5239 Class and the 5240 Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b)      Awarding all 5239 Class members a release of any moneys unlawfully restrained in violation of EIPA, and a refund of any fees improperly charged by the Defendant in violation of EIPA;

c)      Enjoining the Defendant from transferring any of the 5239 Classes' moneys that have been unlawfully restrained by the Defendant in violation of EIPA;

d)      Awarding all 5240 Class members a refund of any fees improperly charged by the Defendant in violation of EIPA;

e)      Such other and further relief and/or damages as this court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues to be determined by a jury.

Dated: New York, New York
        February 4, 2014

Law Offices of G. Oliver Koppell &
Associates

By:___/s/ Daniel F. Schreck_____
        G. Oliver Koppell (GK-4851)
        Daniel F. Schreck (DS-7680)
99 Park Ave., Suite 1100
New York, NY 10016
(212) 867-3838

Charles Juntikka (CJ-4689)
Charles Juntikka & Associates, LLP
350 Fifth Avenue, Suite 2212
New York, New York 10118
(212) 315-3755