```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GARY CRUZ, and CLAUDE PAIN,                :
Individually and on behalf of all others   :
similarly situated,                        :   Case No.: 10-CV-8026 (PKC)
                                           :
              Plaintiffs,                  :
                                           :
     - against -                           :
                                           :
TD BANK, N.A.,                             :
                                           :
              Defendant.                   :
-------------------------------------------------------X
```

**DEFENDANT TD BANK N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant TD Bank, N.A. ("***TD Bank***"), for its answer and affirmative defenses to the Second Amended Complaint of Plaintiffs, Gary Cruz ("***Cruz***") and Claude Pain ("***Pain***") (collectively, "***Plaintiffs***") states:

## ANSWER

1. Denied as legal conclusions.

2. Denied as legal conclusions, and otherwise denied.

3. Denied as legal conclusions.

4. Denied as legal conclusion, and otherwise denied.

5. Denied as legal conclusions.

6. Denied as legal conclusions, but admitted only that Plaintiffs invoke jurisdiction as alleged.

7. Denied as legal conclusions, but admitted only that Plaintiffs invoke jurisdiction as alleged.

8. Denied as legal conclusions, but admitted only that Plaintiffs invokes venue as alleged.

9. Denied, except TD Bank admits only it (a) is a national banking association, organized and existing under the laws of the United States of America; (b) has designated Wilmington, DE in its articles of association; (c) has its main office located at 1701 Route 70 East, Cherry Hill, New Jersey 08034; and (d) maintains branch stores in New York offering a variety of financial products.

10. Denied because TD Bank lacks information and knowledge sufficient to admit or deny the allegations in this paragraph, except TD Bank admits only that Cruz maintained an account with TD Bank.

11. Denied. TD Bank lacks information and knowledge sufficient to admit or deny the allegations in this paragraph.

12. Denied because TD Bank lacks information and knowledge sufficient to admit or deny the allegations in this paragraph, except TD Bank admits only that (a) Cruz had approximately $2,829.34 in his checking account and another $8.32 in his savings account with TD Bank on August 7, 2009 at the time of the levy; (b) Cruz was charged a fee of $125 to process the levy and fees of $140 for non-sufficient funds; (c) Cruz's accounts were restrained at a balance of $3,053.15 until March 23, 2010 at which time the levy in the amount of $554.45 was credited to Cruz's checking account and $8.32 was credited to Cruz's savings account. TD Bank specifically denies that the available funds were identifiable as exempt wages but instead where from a cash deposit of $2,700 on August 6, 2009.

13. Denied because TD Bank lacks information and knowledge sufficient to admit or deny the allegations concerning Cruz's knowledge and the remaining allegations are denied.

14. Denied because TD Bank lacks information and knowledge sufficient to admit or deny where Pain resides, except TD Bank admits only that Pain maintained an account with TD Bank. TD Bank specifically denies that Pain's account was maintained in New York.

15. Denied because TD Bank lacks information and knowledge sufficient to admit or deny the allegations in this paragraph, except TD Bank admits only that (a) Pain had approximately $347.11 in his checking account with TD Bank on December 31, 2010 at the time of a New Jersey levy; and (b) Pain was charged a fee of $125 to process the levy. TD Bank specifically denies that Pain was charged a fee of $35 for non-sufficient funds. Rather, a visa debit purchase in the amount of $94.99 was processed on December 31, 2010 and TD Bank closed the account on March 2, 2011, at a loss to TD Bank, with a negative balance of $100.99.

16. Denied because TD Bank lacks information and knowledge sufficient to admit or deny the allegations concerning Pain's knowledge and the remaining allegations are denied.

17. Denied. TD Bank lacks information and knowledge sufficient to admit or deny the allegations in this paragraph.

18. Denied as legal conclusions.

19. Denied. TD Bank lacks information and knowledge sufficient to admit or deny the allegations in this paragraph.

20. Denied as legal conclusions.

21. Denied as a legal conclusion.

22. Denied as legal conclusions.

23. Denied as a legal conclusion, and otherwise denied.

24. Denied as legal conclusions, and otherwise denied.

25. Denied.

26. Denied as legal conclusions, and otherwise denied.

27. Denied as legal conclusions but admitted only that Plaintiffs invoke the rules cited.

28. Denied as legal conclusions, and otherwise denied.

29. Denied as legal conclusions, and otherwise denied.

30. Denied as legal conclusions, and otherwise denied.

31. Denied as legal conclusions, and otherwise denied.

32. Denied as legal conclusions, and otherwise denied.

33. Denied as legal conclusions, and otherwise denied.

34. Denied as legal conclusions.

35. Denied as legal conclusions and because TD Bank lacks information and knowledge sufficient to admit or deny the allegations about Plaintiffs' knowledge.

36. Denied as legal conclusions, and otherwise denied.

37. Denied as legal conclusions, and otherwise denied.

### First Cause of Action – CPLR § 5239 for Violation of EIPA

38. TD Bank incorporates its answer to the above paragraphs.

39. Denied as legal conclusions, but admitted only that Plaintiffs claim to have a dispute with TD Bank concerning their accounts.

40. Denied as legal conclusions.

41. Denied as legal conclusions.

42. Denied as legal conclusions.

43. Denied as legal conclusions.

44. Denied as legal conclusions.

45. Denied as legal conclusions, and otherwise denied.

46. Denied as legal conclusions, and otherwise denied.

47. Denied.

48. Denied as legal conclusions, and otherwise denied.

49. Denied as a legal conclusion, and otherwise denied.

**SECOND Cause of Action – CPLR § 5240 for Violation of EIPA**

50. TD Bank incorporates its answer to the above paragraphs.

51. Denied as a legal conclusion.

52. Denied as a legal conclusion.

53. Denied as a legal conclusion.

54. Denied as legal conclusions.

55. Denied as legal conclusions.

56. Denied as a legal conclusion.

57. Denied as a legal conclusion.

58. Denied as legal conclusions, and otherwise denied.

59. Denied as legal conclusions, and otherwise denied.

60. Denied.

61. Denied as a legal conclusion.

62. Denied as a legal conclusion.

WHEREFORE, Defendant TD Bank demands judgment in its favor and dismissal of Plaintiffs' Second Amended Complaint with an award of costs, attorney's fees and such other relief as this Honorable Court may deem appropriate.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs and/or putative class members fail to state a claim upon which relief may be granted.

2. Plaintiffs' and/or putative class members' claims are barred by the applicable statutes of limitation.

3. Plaintiffs' and/or putative class members' claims are barred by the doctrines of estoppel, laches, waiver and/or unclean hands.

4. Plaintiffs' and/or putative class members' claims are barred, in whole or in part, because Plaintiffs and/or putative class members have not suffered any damages or legally cognizable harm.

5. Plaintiffs and/or putative class members failed to mitigate their damages, if any, and therefore any recovery awarded to Plaintiffs and/or putative class members should be barred or reduced by such amount.

6. TD Bank denies any violation, and if one occurred, it was not willful or intentional and resulted from bona fide error, notwithstanding the maintenance of procedures reasonable adopted to avoid any such error.

7. Any injury sustained by Plaintiffs and/or putative class members was caused by their failure to pay judgments executed against them or to respond to notices sent by TD Bank.

8. TD Bank followed reasonable commercial banking procedures and standards.

9. Named Plaintiffs' putative class cannot be certified as a matter of law.

10. The putative class is not certifiable under Rule 23 of the Federal Rules of Civil Procedure.

11. Named Plaintiffs do not represent the putative class "5239 Class" because a Section 5239 claim must be asserted before funds are transferred to a judgment creditor.

12.     Named Plaintiffs failed to assert a putative "5240 Class" "within a reasonable time after the injury" allegedly occurred.

WHEREFORE, Defendant TD Bank demands judgment in its favor and dismissal of Plaintiffs' Second Amended Complaint with an award of costs, attorney's fees and such other relief as this Honorable Court may deem appropriate.

| | |
|---|---|
| Dated:   New York, New York<br>          March 13, 2015 | **DUANE MORRIS LLP**<br><br>*/s/ Justin Joseph D'Elia*<br>Justin Joseph D'Elia<br>1540 Broadway<br>New York, New York 10036<br>(212) 692-1000 (tel)<br>(212) 692-1020 (fax)<br><br>Alexander D. Bono<br>Ryan E. Borneman<br>30 South 17th Street<br>Philadelphia, PA 19103-4196<br>(215) 979-1000 (tel)<br>(215) 979-1020 (fax)<br><br>*Counsel for TD Bank, N.A.* |

- 8 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer to Plaintiffs' Second Amended Complaint has been served upon all counsel of record by virtue of notice delivered by the Court's ECF system on this 13th day of March, 2015.

    /s/ Justin Joseph D'Elia
Justin Joseph D'Elia