UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
GARY CRUZ, individually and on behalf of all
others similarly situated,

                            Plaintiff,                              10 Civ. 8026 (PKC)

            -against-                                               MEMORANDUM
                                                                    AND ORDER

T.D. BANK, N.A.,

                            Defendant.
----------------------------------------------------------x

CASTEL, U.S.D.J.

            Plaintiffs seek to further amend the complaint in this action to add a new party

and a new theory.  For reasons that will be explained, the Court comfortably concludes that the

interests of justice neither "require[]" nor counsel in favor of a further amendment and,

accordingly, the motion is denied.  Rule 15(a)(2), Fed. R. Civ. P.  To understand why an

amendment to the pleadings is not warranted, an abbreviated recitation of the long procedural

history of the case is required.

            Nearly five and half years ago, this putative class action was brought by Gary

Cruz under New York's Exempt Income Protection Act ("EIPA"), N.Y. CPLR 5222-a. (Doc 1.)

At the first conference, this Court issued a scheduling order limiting the time to join parties and

amend the pleadings.  Rule 16(b)(3)(A), Fed. R. Civ. P.  The February 14, 2011 Order granted

plaintiff leave to amend "to add additional plaintiffs and to revise the EIPA allegations."  (Order

of Feb. 14, 2011; Doc 15.)   The Court set March 14, 2011 as the deadline for the Court

authorized amendment.

An amended complaint was filed on March 14, 2011, asserting claims on behalf of a new plaintiff, Claude Pain. (Doc. 17.)  Thereafter, the Court granted defendant's motion to dismiss the amended complaint, concluding that there was no private right of action under the EIPA.  Cruz v. TD Bank, N.A., 855 F. Supp. 2d 157 (S.D.N.Y. 2012) ("Cruz I").

On appeal, following the certification of two questions to the New York Court of Appeals, Cruz v. TD Bank, N.A., 711 F.3d 261 (2d Cir. 2013) ("Cruz II"), and the New York Court's response, Cruz v. TD Bank, N.A., 22 N.Y.3d 61 (2013) ("Cruz III"), the Second Circuit affirmed the dismissal, but remanded to permit the plaintiffs to plead new claims under CPLR 5239 and 5240.  Cruz v. TD Bank, N.A., 742 F.3d 520, 522–23 (2d Cir. 2013) ("Cruz IV").

The plaintiffs moved for leave to amend, and, in an 18-page Memorandum and Order, this Court denied the motion without prejudice to filing an amended complaint that asserted more narrowly tailored claims consistent with the New York Court of Appeals's reading of CPLR 5239 and 5240.  Cruz v. T.D. Bank, N.A., 2014 WL 1569491 (S.D.N.Y. Apr. 17, 2014) ("Cruz V").  The plaintiffs next moved for reconsideration, and on June 3, 2014, the Court granted reconsideration in part, enlarging the scope of relief that the plaintiffs could seek in their SAC.  Cruz v. T.D. Bank, N.A., 2014 WL 2506292 (S.D.N.Y. June 3, 2014) ("Cruz VI").

A five-month interval ensued during which the plaintiffs made no attempt to file an amended pleading.  Their counsel did, however, seek leave to file amended pleadings in two related actions that were similarly affected by the Cruz III decision.[1]  On November 6, the Court,

---

[1] See Motion for Leave to File a Second Amended Complaint, Acevado v. Citibank, N.A., 10 cv 8030 (PGG) (S.D.N.Y. Aug. 1, 2014), Doc. 73; Motion for Leave to File a Second Amended Complaint, Martinez v. Capital One Bank, N.A., 10 cv 8028 (RJS) (S.D.N.Y. Sept. 15, 2014), Doc. 50.

noting that 150 days had elapsed since <u>Cruz VI</u>, ordered that "the Judgment for the defendant . . . stands as entered and the Clerk is directed to close the case."  (Doc. 54.)

Plaintiffs' moved under Rule 60(b), Fed. R. Civ. P., to vacate the judgment and reopen the case.  They asserted that their failure to act following <u>Cruz VI</u> was "an honest oversight" (Schreck Decl. ¶ 17) (Doc. 61), due instead to "the press of other business including other cases involving the EIPA statute." (Koppell Decl. ¶ 6) (Doc. 60.)  On February 3, 2015, (Doc. 68), the Court granted plaintiff leave to file a further amended pleading, which it did on February 4, 2015. (Doc. 69.)  The Court held a Rule 16 conference on June 4, 2015.  Because the time for adding parties and amending pleadings had long passed, the Court struck a provision from the proposed scheduling order providing for further amendments to the pleadings or joinder of parties. (Doc 75.)

Upon learning of the death of Claude Plain, the individual who was added as an additional plaintiff on March 4, 2011, the Court entered an order pursuant to Rule 25(a), Fed. R. Civ. P., that required the substitution of the proper party under pain of dismissal of the claim. Leaving open the possibility that plaintiff could either seek to join Mr. Pain's representative, despite reported obstacles, or a new individual with the same claim, the Court granted plaintiff the opportunity to move to add an additional party plaintiff.

Plaintiff now moves to add Arthemio Perez as an additional plaintiff and to file a new amended pleading with new never-before-asserted theories of the case.  The new pleading would allege for the first time that the exemption under CPLR §5222(i) applies, not to the total amount on deposit with the bank, but to the amount on deposit in each account at the bank owned by the same depositor; in other words, bank balances are not aggregated, according to plaintiff, for determining the amount in excess of the exemption.  The pleading also asserts a

claim that the defendant improperly required Perez to appear in person at a local branch of TD Bank to access his exempted funds and that this was unlawful.

In reply, plaintiff's assert that the aggregation theory may be read into prior pleadings but makes no such claim as to the requirement that a judgment debtor appear at a local branch to withdraw non-exempt funds. The proposed pleading does not merely assert the claim as to Perez but asserts it as to all class members, including Cruz who has been in this action for over 5 years. (Proposed Third Amended Complaint at ¶¶15, 19, 23, 28, 49, 62.) The new theory permeates the common questions (Id. ¶38(d)) and the relief sought (Id. ¶38(i); p. 17, para. e.).

DISCUSSION

Rule 15 "provides that leave to amend the pleadings should be 'freely give[n] … when justice so requires.'" AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010) (quoting Fed. R. Civ. P. 15(a)(2)). In this Circuit, the rule is "to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Id. (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)) (internal quotation marks omitted); see also State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) ("Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party."). "Amendment may be prejudicial when, among other things, it would 'require the opponent to expend significant additional resources to conduct discovery and prepare [] for trial' or 'significantly delay the resolution of the dispute.'" AEP Energy, 626 F.3d at 725-26 (quoting Block, 988 F.2d at 350); see also Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990) (stating that a district court has discretion "to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant).

The interests of justice do not require leave to file a Third Amended Complaint. First, despite the death of Claude Pain, the original plaintiff, Gary Cruz, who brought this action over five years ago remains a named plaintiff.  No reason has been put forth why Gary Cruz will not fairly and adequately represent the interests of the class.  Parties similarly situated to him stand to benefit from any class-wide relief he obtains.  Individuals do not need to be joined as named plaintiffs to enjoy the benefits of the class.   The Court is not prejudging whether this action may be maintained as class action nor could it because counsel has yet to move for class certification.[2]   The Court simply notes that the addition, or not, of Mr. Perez as a class representative has not been shown to have an impact on the prospects of certification.

Second, there has been unreasonable delay in this case.   One need look no further than the 150-day delay in moving to amend following this Court's June 4, 2014 Memorandum and Order.   The delay, as noted, was justified as "an honest oversight" (Schreck Decl. ¶ 17), due to "the press of other business including other cases involving the EIPA statute." (Koppell Decl. ¶ 6).  Again, as noted, no motion to certify the class has been filed.

Granting leave to file the Third Amended Complaint would likely result in extensive motion practice with the attendant delay.   The issues asserted in the First Amended Complaint were sufficiently novel as to result in a certification to the New York Court of Appeals.  While the Court declines to dispose of the new claims on futility grounds, the briefing on that issue demonstrates the novelty and difficulty of resolving whether the new claims are actionable.   Granting leave to file the Third Amended Complaint would also require the reopening of discovery, which closed on February 5, 2015, once the issue was ultimately joined, which very likely would be months from now after the motion to dismiss is resolved.  (Doc. 78.)

---

[2] The Court has left open the possibility that class counsel is not adequate under Rule 23(g), Fed. R. Civ. P., because of the inordinate delay seeking to file an earlier amendment.

Granting leave to file the Third Amended Complaint would, therefore, prejudice the defendant. See, e.g., U.S. ex rel. Kester v. Novartis Pharm. Corp., 11 cv 8196 (CM), 2015 WL 1650767, at *7 (S.D.N.Y. Apr. 10, 2015) (denying motion to amend where amendment would "prolong the disposition of this case and require additional time for discovery"); US Airways, Inc. v. Sabre Holdings Corp., 11 cv 2725 (MGC), 2013 WL 1387023, at *1 (S.D.N.Y. Apr. 5, 2013) (denying defendant's motion to amend to add a counterclaim because "allowing [defendant] leave to add a counterclaim this late in the process would prejudice [plaintiff] by necessitating new discovery at a very late stage and greatly complicate any trial").

CONCLUSION

The proposed Third Amended Complaint is not in the interests of justice and its assertion would delay and hence deny justice to the parties. Rule 1 provides that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Embarking on new vistas at this juncture is inconsistent with Rule 1. Motion DENIED.

The time has come to bring this action to its "determination." Fact discovery is closed. Expert discovery closes on April 30, 2016. The Court will not extend that date. The caption is amended to delete the reference to Claude Pain.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
March 9, 2016