UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GARY CRUZ, individually and on behalf of all
others similarly situated,

                      Plaintiff,                      10-cv-8026 (PKC)

        -against-                    MEMORANDUM
                                              AND ORDER

T.D. BANK, N.A.,

                      Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Gary Cruz moves for reconsideration of the Court's March 10, 2016 Memorandum and Order denying his motion to amend the Second Amended Complaint. (Dkt. 92). His motion to reconsider, however, fails to raise any new legal or factual matter that would alter the Court's prior decision. Accordingly, the Court denies plaintiff's motion for reconsideration.

        A motion for reconsideration "is generally not favored and is properly granted only upon a showing of exceptional circumstances." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (quoting United States v. International Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)) (internal quotation marks omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The Court should not grant a motion to reconsider "where

the moving party seeks solely to relitigate an issue already decided." Id.  The party seeking relief from judgment bears the burden of proof.  Pichardo, 374 F.3d at 55.

While plaintiff fails to raise anything new in his motion for reconsideration, it is important to reemphasize the prejudice that would result from his proposed amendment of the pleadings.  See AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725-26 (2d Cir. 2010) ("Amendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute.") (internal quotation marks omitted).  With his proposed amendment, plaintiff seeks to add Arthemio Perez as a new named plaintiff and to allege two new theories of the case: (1) that the exemption under CPLR § 5222(j) applies to the amount on deposit in each account at the bank owned by the same depositor and not to the total amount a single depositor has on deposit with the bank; and, (2) that it was unlawful for defendant to require Perez to appear in person at a local branch of TD Bank to access his exempted funds.  That proposed amendment would substantially prejudice not only defendant, but the purported class members as well.

First, the two new legal theories proposed by plaintiff have never been tested in motion practice.  Defendant has made clear that it would challenge those novel theories on a motion to dismiss.  This additional motion practice would cause significant delay and require defendant to expend significant additional resources.  While plaintiff argues that these new theories could be addressed in the motions already contemplated in this case, namely a motion for class certification and a yet-to-be requested motion for summary judgment, plaintiff fails to appreciate that the cost and duration of motion practice increases with the complexity and novelty of the issues presented.  The fact that motions will be made in this case no-matter-what

proves nothing about the cost and delay that would be occasioned by injecting two new theories into this litigation.

Second, some additional discovery, at a minimum, will be necessary to move this newly amended action forward. While plaintiff claims that any new discovery would be limited, even he concedes that additional discovery is required. Defendant, meanwhile, contends that significant discovery will be necessary to defend against plaintiff's new theories, including expert discovery. Plaintiff believes that the need for expert discovery is "highly speculative" because no expert discovery has been necessary so far. However, the fact that there has been no expert discovery yet in this action does not obviate defendant's right to seek expert discovery.

If the six-year history of this case serves even as partial prologue to the length and complexity of the litigation that would ensue from injecting two new legal theories into this action, resolution of any plaintiffs' claims will be substantially delayed. The legal issues already presented by plaintiff have caused an appeal to the Second Circuit and the certification of two questions to the New York Court of Appeals as well as motions to reconsider, amend, and vacate judgment, and plaintiff has yet to file his motion for class certification. Plaintiff's further amendment of the pleadings at this point would significantly prejudice defendant and, perhaps even more so, the purported class members whose sought after relief would be, at best, distant and remote.

CONCLUSION.

Plaintiff's motion for reconsideration, (Dkt. 95), is DENIED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
June 3, 2016