UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GARY CRUZ,                                  :   Case No.: 10-CV-8026 (PKC)
                                            :
            Plaintiff,                    :
                                            :
      - against -                            :
                                            :
TD BANK, N.A.,                              :
                                            :
            Defendant.                    :

ARTHEMIO PEREZ and WILFRED,                 :
BUCKNOR,                                    :   Case No.: 16-cv-05375 (PKC)
                                            :
            Plaintiffs,                   :
                                            :
      - against -                            :
                                            :
TD BANK, N.A.,                              :
                                            :
            Defendant.                    :
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/15/17

## ORDER AND JUDGMENT

On consideration of (1) Plaintiffs' Motion For Final Approval of the Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, (2) the Stipulation and Agreement of Settlement and Release ("*Settlement Agreement*"), (3) the Settlement Hearing held on June 15, 2017, at which time all interested persons and entities were afforded the opportunity to be heard, (4) Class Counsel's application for an award of Class Counsel Fees, (5) Class Counsel's application for Class Representatives' requests for a Service Award, (6) any objections to the Settlement, and (7) any response, the Court finds that the provisions of the Preliminary Approval Order dated January 26, 2017 have been satisfied:

NOW, THEREFORE, IT IS **ORDERED**, this 15th day of June, 2017 that:

1. **Incorporation of Settlement Agreement and Defined Terms.** The Settlement Agreement is incorporated by reference in this Order and Judgment. All capitalized or defined terms shall have the meanings stated in the Settlement Agreement. Any inconsistencies in terminology between the Settlement Agreement and this Order and Judgment will be controlled by the language of the Settlement Agreement.

2. **Court's Jurisdiction.** This Court's jurisdiction extends over the subject matter of the Actions and over all parties to the Actions, including all Class Members and the Settlement Administrator.

3. **Final Certified Class.** Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for settlement purposes only, the following class ("*Class*") is finally certified:

> from EIPA's effective date to the date of the Preliminary Approval Order, all TD Bank Account Holders who are or were judgment debtors under New York law and whose accounts containing EIPA Exempt Funds were restrained, including those asserting claims that were or could have been asserted in the Actions for violations of EIPA, for example but unexclusively for: failure to receive, maintain or mail timely EIPA notices and forms, or improper charges or fees, or improper aggregation of account balances to determine the amount of EIPA Exempt Funds, or providing improper, incomplete, inadequate types or methods of less than completely unfettered access to EIPA Exempt Funds, or improper internal controls, policies or procedure for EIPA compliance.

4. **Rule 23 Prerequisites Satisfied.** For settlement purposes only, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure are satisfied for the defined Class in that:

(a) the number of Class Members is so numerous that joinder of all Class Members is impracticable;

(b) there are questions of law and fact common to the Class;

(c) Class Representatives' claims are typical of the Class's claims;

(d) Class Representatives and Class Counsel have and will fairly and adequately represent and protect the interests of the Class;

(e) the questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the Class; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. **Adequacy of Class Representatives and Class Counsel.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for settlement purposes only, Plaintiffs Gary Cruz, Arthemio Perez and Wilfred Bucknor are certified as the Class Representatives and the law firm Law Offices of G. Oliver Koppell & Associates, by G. Oliver Koppell, Esquire and Daniel F. Schreck, Esquire, are certified and appointed as Class Counsel.

6. **Notice to Class Satisfied.** Notice of the Actions as class actions and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The notice duly and adequately advised Class members of the Settlement and of their right to exclude themselves from the Class, to submit a Proof of Claim for a Claim Payment and to object to the Settlement, and a full and fair opportunity to be heard was accorded to all persons and entities who are Class Members. The form and method of notifying the Class of the Actions as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities.

7. **Claim Bar.** All Class Members who did not timely and properly exclude themselves on or before the date stated in the Preliminary Approval Order and the Settlement Notices are bound by this Order and Judgment.

8. **Identification of Excluded Persons.** The persons and entities identified on Exhibit 2 timely filed a properly completed written request to exclude themselves from the Class, pursuant to the procedures stated in the Preliminary Approval Order. All such persons and entities are excluded from the Class, shall not be bound by the terms of this Order and Judgment and shall not be entitled to the receipt of any Claim Payment.

9. **Other Settlement Findings.** The Settlement stated in the Settlement Agreement is the result of arm's length negotiations between experienced counsel representing the interests of the Parties, and Class Counsel has concluded that the proposed Settlement is **FAIR, REASONABLE AND ADEQUATE AND IN THE BEST INTERESTS OF THE CLASS MEMBERS**, including the Class Representatives.

10. **Approval of Settlement.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement as stated in the Settlement Agreement is **APPROVED**, and the Settlement, including the terms of the Settlement Agreement governing the Claim Payments to be paid to Authorized Claimants and the procedures for submission of Proof of Claims, the review and determination of the validity of such Proof of Claims and the distribution of Claim Payments to Authorized Claimants, is **FAIR, REASONABLE, ADEQUATE, AND IN THE BEST INTERESTS OF THE CLASS MEMBERS,** including the Class Representatives.

11. **Dismissal with Prejudice.** The Actions and all claims asserted in the Actions are **DISMISSED WITH PREJUDICE** and without costs of any kind, including those identified in Federal Rule of Civil Procedure § 54(d)(1).

12. **Bar of Class Member Claims.** On the Effective Date, each Class Representative and Settlement Class Member, on behalf of themselves, and each of their heirs, executors, trustees, administrators, beneficiaries, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, (a) have, and shall be deemed by operation of law to have, released, waived, discharged and dismissed each and every of the Settled Claims against the Released Parties; (b) shall forever be enjoined from commencing, instituting or prosecuting any or all of the Settled Claims against any of the Released Parties; and (c) shall not institute, continue, maintain or assert, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any Released Parties concerning any Settled Claim.

13. **Bar of Plaintiffs' Claims** On the Effective Date, each of the Plaintiffs, individually and on behalf of their respective heirs, executors, trustees, administrators, beneficiaries, and assigns, and any other person claiming by, through or on behalf of them, (a) have, and shall be deemed by operation of law to have, released, waived, discharged and dismissed each and every of the Plaintiffs' Settled Claims against TD Bank; (b) shall forever be enjoined from commencing, instituting or prosecuting any or all of the Plaintiffs' Settled Claims against Released Parties; and (c) shall not institute, continue, maintain or assert, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any Released Parties concerning any Plaintiffs' Settled Claim.

14. **Class Counsel Fee Award.** Class Counsel is awarded Class Counsel Fees ~~and Expenses~~ of $ 425,000, which sum is fair and reasonable. The following findings support this award:

(a) The Class Notice advised that Class Counsel would move for an award of Class Counsel Fees;

(b) The Actions involve complex factual and legal issues, were actively prosecuted and, in the absence of the Settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(c) Class Counsel skillfully and zealously pursued the Actions on behalf of the Class Representatives and the Class;

(d) The hourly rates charged by Class Counsel are reasonable;

(e) Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class Representatives and the Class would recover less or nothing from TD Bank; and

(f) The amount of the Class Counsel Fees are consistent with awards in similar cases.

15. **Payment of Class Counsel Fees.** The Class Counsel Fees shall be paid consistent with the terms of Section 11 of the Settlement Agreement.

16. ~~**Service Award.** An award to the Class Representatives for their time and effort in representing the Class in the prosecution of the Actions is fair and reasonable; and thus, each of the Class Representatives is awarded a Service Award: (1) $_____ for Cruz; (2) $_____ for Perez; and (3) $_____ for Bucknor.~~

17. ~~**Payment of Service Award.** The Service Award shall be paid consistent with the terms of Section 11 of the Settlement Agreement.~~

6

18.  **Payment of Settlement Administration Costs.** All Settlement Administration Costs are approved as fair and reasonable, and shall be paid to the Settlement Administrator from the Settlement Fund Account.

19.  **Additional Access to EIPA Exempt Funds.** TD Bank shall provide enhanced access to EIPA exempt funds according to Section 12 of the Settlement Agreement but may replace or supplement the manual process if TD Bank develops and implements an automatic method to provide equivalent account access to EIPA Exempt Funds.

20.  **No Admission and Non-Use.** This Order and Judgment, the Settlement Agreement, any of its terms and provisions, any of the negotiations or proceedings concerning it, and any of the documents or statements referenced in the Settlement Agreement:

(a) shall not be offered or received against TD Bank or any other Released Party as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by TD Bank or Released Parties concerning the truth of any fact alleged by the Class Representatives or the validity of any claim that was or could have been asserted against TD Bank or Released Parties in these Actions or in any litigation, or of any liability, fault, misconduct or wrongdoing of any kind of TD Bank or Released Parties;

(b) shall not be offered or received against TD Bank or Released Parties as evidence of a presumption, concession or admission of any liability, fault, misconduct or wrongdoing by TD Bank or the Released Parties or against the Class Representatives or any Settlement Class Members as evidence of any infirmity in the claims of the Class Representatives or the other Settlement Class Members;

(c) shall not be offered or received against TD Bank or Released Parties, or against the Class Representatives or any other Settlement Class Members, as evidence of a

presumption, concession or admission concerning any liability, fault, misconduct or wrongdoing of any kind, or in any way referenced for any other reason as against TD Bank or Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement and this Order and Judgment; provided, however, that TD Bank or any of the other Released Parties may refer to this Order and Judgment and the Settlement Agreement to effectuate the protection from liability granted to them under it;

(d) shall not be construed against TD Bank or Released Parties, or against the Class Representatives or any other Settlement Class Members as an admission, concession, or presumption that the consideration to be given in the Settlement represents the amount which could be or would have been recovered after trial; and

(e) shall not be construed against the Class Representatives or any other Settlement Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Complaints or Amended Complaints in these Actions would not have exceeded the aggregate of the Claim Payments to which Settlement Class Members are entitled under the terms of this Agreement.

21. **No Claim Concerning Payment Amount**. No Settlement Class Member shall have any claim against the Class Representatives, Class Counsel, TD Bank, the Released Parties, TD Bank's Counsel or the Settlement Administrator based on, arising out of, or related to the amount of the Claim Payment to be paid to Authorized Claimants, the procedures for submission of Proof of Claims, the review and determination of the validity of such Proof of Claims and the distribution of Claim Payments to Authorized Claimants that are stated, made or effected

substantially in accordance with the Settlement Agreement, this Order or further Order of the Court.

22.     **Reservation of Jurisdiction.**  The Court reserves jurisdiction, without affecting in any way the finality of this Order and Judgment, over (a) the implementation and enforcement of this Settlement; (b) the allowance, disallowance or adjustment of any Approved Claimant's claim challenged in a TD Bank Objection Application; (c) enforcing and administering this Order and Judgment; (d) enforcing and administering the Settlement Agreement, including any releases; and (e) other matters related or ancillary to the foregoing.

23.     **Failure of Effective Date.**  If this Order and Judgment does not become Final or if the Settlement is terminated pursuant to the terms of the Settlement Agreement, then this Order and Judgment is and shall be, as a matter of law (a) rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and (b) vacated to the extent provided by the Settlement Agreement and, in such event:  (i) all Orders entered and releases delivered concerning this Order and Judgment shall be null and void to the extent provided by and in accordance with the Settlement Agreement; (ii) the fact of the Settlement Agreement and the Settlement shall not be admissible in any trial of the Actions; and (iii) the Parties shall have and be deemed to have reverted to their respective status in the Actions immediately prior to July 12, 2016.

24.     **Further Extensions.**  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

25.     **Entry of Judgment.**  There is no just reason for delay in the entry of this Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: June 15, 2017

_____
HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

*All motions are terminated. The case is closed.*

Cruz v. TD Bank, N.A.
Requests for Exclusion as of 05/24/2017

| FIRSTNAME | MIDDLE | LASTNAME | PostmarkDate | DateRecd |
|---|---|---|---|---|
| PILAR | S | ZENON | 03/11/2017 | 03/13/2017 |
| ZAFAR |  | IQBAL | 03/20/2017 | 03/22/2017 |
| STEFANIA |  | SCHOPPMEYER | 03/27/2017 | 03/29/2017 |
| RAYMONDE | W | LAMARRE | 03/29/2017 | 03/31/2017 |
| STACEY | A | CUMBERBATCH | 04/07/2017 | 04/10/2017 |
| SONIA |  | ECHEVARRIA-GOMEZ | 04/27/2017 | 05/01/2017 |
| JANICE |  | HAMILTON | 05/02/2017 | 05/02/2017 |